IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>         Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>         Defendant. | Case No. 2:22-cv-00322-JRG<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND DEFENSES OF FORTINET, INC. TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Defendant Fortinet, Inc. ("Fortinet"), by and through its undersigned counsel, and hereby submits its Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Lionra Technologies Limited ("Plaintiff").

**Plaintiff Lionra and the Patents-in-Suit**

1.  Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 1 of the Complaint and therefore denies the same.

2.  Fortinet admits that the face of U.S. Patent No. 7,302,708 ("the '708 Patent") states that it is entitled "Enforcing Computer Security Utilizing an Adaptive Lattice Mechanism" and that the '708 Patent issued on November 27, 2007. Fortinet further admits that attached as Exhibit 1 to the Complaint is a document that purports to be a copy of the '708 Patent. Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 2 of the Complaint and therefore denies them.

3.  Fortinet admits that the face of U.S. Patent No. 7,685,436 ("the '436 Patent") states that it is entitled "System and Method for a Secure I/O Interface" and that the '436 Patent issued on March 23, 2010. Fortinet further admits that attached as Exhibit 2 to the Complaint is a

document that purports to be a copy of the '436 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 3 of the Complaint and therefore denies them.

4. Fortinet admits that the face of U.S. Patent No. 7,921,323 ("the '323 Patent") states that it is entitled "Reconfigurable Communications Infrastructure for ASIC Networks" and that the '323 Patent issued on April 5, 2011.  Fortinet further admits that attached as Exhibit 3 to the Complaint is a document that purports to be a copy of the '323 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 4 of the Complaint and therefore denies them.

5. Fortinet admits that the face of U.S. Patent No. 8,566,612 ("the '612 Patent") states that it is entitled "System and Method for a Secure I/O Interface" and that the '612 Patent issued on October 22, 2013.  Fortinet further admits that attached as Exhibit 4 to the Complaint is a document that purports to be a copy of the '612 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 5 of the Complaint and therefore denies them.

6. Fortinet admits that it is a Delaware corporation, that its principal place of business is in Sunnyvale, California, that it has a registered agent as identified in this paragraph, and that it is registered to do business in the state of Texas.

7. Fortinet admits that it sells or offers for sale FortiWeb Cloud products, but denies that it infringes the '708 Patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, and therefore, denies them.

8. Fortinet admits that it sells or offers for sale FortiGate-7060 products, but denies that it infringes the '436 Patent. Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore, denies them.

9. Fortinet admits that it sells or offers for sale FortiGate-7121F products, but denies that it infringes the '323 Patent. Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint, and therefore, denies them.

10. Fortinet admits that it sells or offers for sale FortiGate-7060 products, but denies that it infringes the '612 Patent. Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and therefore, denies them.

## Jurisdiction and Venue

11. Fortinet admits that Plaintiff has brought suit under the patent laws of the United States, Title 35 of the United States Code, but Fortinet denies that it has infringed any of the patents asserted in the Complaint and further denies that Plaintiff is entitled to any relief. Fortinet admits that this Court has subject matter jurisdiction.

12. For purposes of this case only, Fortinet does not deny that it is subject to specific jurisdiction in this District. Fortinet admits that it has an office at 6111 W. Plano Parkway, Plano, Texas 75093, that it is registered to do business in Texas, and that it has a registered agent as identified in this paragraph. Fortinet otherwise denies the allegations in paragraph 12 of the Complaint.

13. For purposes of this case only, Fortinet will not challenge venue in this District, but states that the U.S. District Court for the Northern District of California is a clearly more convenient forum in which to litigate Plaintiff's claims.

## Count 1 – Claim for Infringement of the '708 Patent

14. No response is required to Plaintiff's reference and incorporation of paragraphs 1-13 of the Complaint. To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 13, as set forth above.

15. Fortinet admits that the face of the '708 Patent states that it is entitled, "Enforcing Computer Security Utilizing an Adaptive Lattice Mechanism" and that the '708 Patent issued on November 27, 2007. Fortinet further admits that attached as Exhibit 1 to the Complaint is a document that purports to be a copy of the '708 Patent. Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 15 of the Complaint and therefore denies the same.

16. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore, denies the same.

17. Fortinet denies that the '708 Patent was rightfully issued. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint, and therefore, denies the same.

18. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore, denies the same.

19. Fortinet denies that it infringes the '708 patent and denies the allegations in paragraph 19 of the Complaint.

20. To the extent the allegations of paragraph 20 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 20 of the Complaint.

21. To the extent the allegations of paragraph 21 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 21 of the Complaint.

22. To the extent the allegations of paragraph 22 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 22 of the Complaint.

23. To the extent the allegations of paragraph 23 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 23 of the Complaint.

24. To the extent the allegations of paragraph 24 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 24 of the Complaint.

25. To the extent the allegations of paragraph 25 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 25 of the Complaint.

**Count 2 – Claim for Infringement of the '436 Patent**

26. No response is required to Plaintiff's reference and incorporation of paragraphs 1 - 25 of the Complaint. To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 25, as set forth above.

27. Fortinet admits that the face of the '436 Patent states that it is entitled, "System and Method for a Secure I/O Interface" and that the '436 Patent issued on March 23, 2010. Fortinet further admits that attached as Exhibit 2 to the Complaint is a document that purports to be a copy of the '436 Patent. Fortinet is without knowledge or information sufficient to form a belief

regarding the remaining allegations in paragraph 27 of the Complaint and therefore denies the same.

28. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore, denies the same.

29. Fortinet denies that the '436 Patent was rightfully issued. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore, denies the same.

30. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore, denies the same.

31. Fortinet denies that it infringes the '436 patent and denies the allegations in paragraph 31 of the Complaint.

32. Fortinet denies that it infringes the '436 patent and denies the allegations in paragraph 32 of the Complaint.

33. To the extent the allegations of paragraph 33 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 33 of the Complaint.

34. To the extent the allegations of paragraph 34 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 34 of the Complaint.

35. To the extent the allegations of paragraph 35 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 35 of the Complaint.

DM2\16589187.1

36. To the extent the allegations of paragraph 36 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 36 of the Complaint.

37. To the extent the allegations of paragraph 37 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 37 of the Complaint.

38. To the extent the allegations of paragraph 38 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 38 of the Complaint.

### Count 3 – Claim for Infringement of the '323 Patent

39. No response is required to Plaintiff's reference and incorporation of paragraphs 1 - 38 of the Complaint. To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 38, as set forth above.

40. Fortinet admits that the face of the '323 Patent states that it is entitled "Reconfigurable Communications Infrastructure for ASIC Networks" and that the '323 Patent issued on April 5, 2011. Fortinet further admits that attached as Exhibit 3 to the Complaint is a document that purports to be a copy of the '323 Patent. Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 40 of the Complaint and therefore denies the same.

41. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and therefore, denies the same.

42. Fortinet denies that the '323 Patent was rightfully issued. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore, denies the same.

43. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore, denies the same.

44. Fortinet denies that it infringes the '323 patent and denies the allegations in paragraph 44 of the Complaint.

45. To the extent the allegations of paragraph 45 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 45 of the Complaint.

46. To the extent the allegations of paragraph 46 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 46 of the Complaint.

47. To the extent the allegations of paragraph 47 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 47 of the Complaint.

**Count 4 – Claim for Infringement of the '612 Patent**

48. No response is required to Plaintiff's reference and incorporation of paragraphs 1 - 47 of the Complaint. To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 47, as set forth above.

49. Fortinet admits that the face of the '612 Patent states that it is entitled "System and Method for a Secure I/O Interface" and that the '612 Patent issued on October 22, 2013. Fortinet further admits that attached as Exhibit 4 to the Complaint is a document that purports to be a copy

of the '612 Patent. Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 49 of the Complaint and therefore denies the same.

50.  Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and therefore, denies the same.

51.  Fortinet denies that the '612 Patent was rightfully issued. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore, denies the same.

52.  Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and therefore, denies the same.

53.  Fortinet denies that it infringes the '612 patent and denies the allegations in paragraph 53 of the Complaint.

54.  Fortinet denies that it infringes the '612 patent and denies the allegations in paragraph 54 of the Complaint.

55.  To the extent the allegations of paragraph 55 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 55 of the Complaint.

56.  To the extent the allegations of paragraph 56 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 56 of the Complaint.

57.  To the extent the allegations of paragraph 57 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 57 of the Complaint.

58. To the extent the allegations of paragraph 58 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 58 of the Complaint.

59. To the extent the allegations of paragraph 59 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 59 of the Complaint.

60. To the extent the allegations of paragraph 60 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Fortinet otherwise denies the allegations in paragraph 60 of the Complaint.

## Prayer for Relief

Fortinet denies all other allegations of the Complaint not otherwise specifically admitted herein. Fortinet similarly denies that Plaintiff is entitled to any relief against Fortinet.

## Jury Demand

Fortinet admits that Plaintiff requests a trial by jury. Fortinet similarly requests a trial by jury.

## Affirmative Defenses

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Subject to the responses above, and without conceding that any of the following defenses must necessarily be plead, or that any such defenses are not already at issue by virtue of the foregoing denials, Fortinet asserts the following defenses. Fortinet undertakes the burden of proof only as to those defenses deemed affirmative defenses by law. In addition to the defenses described below, Fortinet reserves the right to amend this Answer and Defenses as additional information is obtained.

### First Defense - Invalidity

All of the claims of the Asserted Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements).

### Second Defense - Equitable Defense

Plaintiff's claims for relief are barred, in whole or in part, by the principles of equity, including without limitation, by acquiescence and/or estoppel.

### Third Defense - Limitation On Damages and Costs

Plaintiff's claims for damages are barred, in whole or in part, by its failure to comply with 35 U.S.C. § 287(a).

### Fourth Defense - Government Contractor

To the extent that the Complaint accuses products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

### Reservation of Rights

Fortinet is presently investigating the facts relating to the procurement of the Asserted Patents and the assertions of infringement against Fortinet and will continue to do so throughout the discovery process. To the extent that this investigation reveals any impropriety in connection with such matters, Fortinet reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Fortinet reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any

other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

WHEREFORE, Fortinet requests that the Court enter judgment in its favor and against Plaintiff as follows:

a) Adjudging and declaring that Fortinet has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any claim of any of the '708 Patent, the '436 Patent, the '323 Patent, and the '612 Patent, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

b) Adjudging and declaring that the claims of the '708 Patent, the '436 Patent, the '323 Patent, and the '612 Patent are invalid;

c) Dismissing Plaintiff's Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Fortinet;

d) Declaring this case exceptional under 35 U.S.C. § 285, and awarding Fortinet its costs and reasonable attorneys' fees in asserting counterclaims and defending this action; and

e) Granting Fortinet such other and further relief as the Court may deem necessary, just, or proper.

Dated:  October 28, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet
mcgaudet@duanemorris.com

>Alice E. Snedeker
>aesnedeker@duanemorris.com
>**DUANE MORRIS LLP**
>1075 Peachtree NE, Suite 1700
>Atlanta, GA 30309
>Telephone: 404.253.6900
>Facsimile: 404.253.6901
>
>*Counsel for Defendant Fortinet, Inc.*

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 28, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

>*/s/ Melissa R. Smith*