## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>FORTINET, INC. | Case No. 2:22-cv-00322-JRG-RSP<br><br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>CISCO SYSTEMS, INC. | Case No. 2:22-cv-00305-JRG-RSP<br><br>(Member Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY, ET AL. | Case No. 2:22-cv-00319-JRG-RSP<br><br>(Member Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>PALO ALTO NETWORKS, INC. | Case No. 2:22-cv-00334-JRG-RSP<br><br>(Member Case) |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST DEFENDANTS HEWLETT PACKARD ENTERPRISE CO. AND ARUBA NETWORKS, LLC

Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra") files this amended complaint against Defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, LLC ("Aruba") (collectively, "Defendants") alleging infringement of U.S. Patent Nos. 7,916,630 and 7,921,323 ("Patents-in-Suit"). The Accused Products include networking switches made, used, offered for sale, sold, imported by Defendants in the United States and supplied by Defendants to their customers and/or integrated into electronic devices sold in the United States.

## PARTIES

1.      Plaintiff Lionra is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Lionra is the is the sole owner by assignment of all right, title, and interest in the Patents-in-Suit including the right to recover damages for past, present, and future infringement.

2.      On information and belief, Hewlett Packard Enterprise Company is a Delaware corporation with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389. Hewlett Packard Enterprise Company may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.  Hewlett Packard Enterprise Company is registered to do business in the State of Texas and has been since at least March 13, 2015.

3.      On information and belief, Aruba Networks, LLC is a Delaware limited liability company with its principal place of business at 6280 America Center Dr., San Jose, CA 95002. Aruba Networks, LLC may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.  Aruba Networks, LLC is registered to do business in the State of Texas and has been since at least April 4, 2007.

4.      On information and belief, Defendant Aruba Networks, LLC is a wholly owned subsidiary of Defendant Hewlett Packard Enterprise Company.  Defendants conduct business operations within the Eastern District of Texas where they sell, develop, and/or market their products, including facilities at 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024.  *See* https://www.hpe.com/us/en/contact-hpe.html.

5.      The Accused Products include at least the Aruba CX 6300 and CX 8400 switch series.  These products are marketed and sold by HPE through its website, HPE.com, among other places.  *See* https://www.hpe.com/psnow/doc/a50002592enw?jumpid=in_hpesitesearch; *see also*

https://buy.hpe.com/us/en/networking/switches/fixed-port-l3-managed-ethernet-switches/6000-switch-products/aruba-cx-6300-switch-series/p/1012138130:



*See also* https://buy.hpe.com/us/en/networking/switches/modular-ethernet-switches/aruba-8400-switch-products/aruba-cx-8400-switch-series/p/1010129959:



Image may differ from actual product

## JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  *See* 35 U.S.C. § 1 *et seq.*  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Eastern District of Texas giving rise to this action and have established minimum contacts with the forum state of Texas.  Defendants maintain a place of business within the State, including at 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024.  Defendants directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit.  Thus, Defendants purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants are registered to do business in the State of Texas, and have appointed as their

registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, for service of process.

8. Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §§ 1391(c). Defendants are registered to do business in Texas, and upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Patents-in-Suit.  Defendants have regular and established places of business in this District, including at 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024.

## COUNT 1 – INFRINGEMENT OF THE '630 PATENT

9. Lionra incorporates by reference each of the allegations in paragraphs 1–8 above as if fully set forth herein.

10. Lionra owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,916,630, titled "Monitoring Condition of Network with Distributed Components."  The '630 Patent was duly and legally issued by the United States Patent and Trademark Office on March 29, 2011.  A true and correct copy of the '630 Patent is attached to this complaint as Exhibit 1.

11. Each claim of the '630 Patent is valid, enforceable, and patent-eligible.

12. Lionra and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '630 Patent, and Lionra is entitled to damages for Defendants' past infringement.  On information and belief, Lionra (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Lionra, its predecessors,

and any licensees did not make, offer for sale, or sell products that practice(d) the '630 Patent during the relevant time period or were not required to mark during the relevant time period.

13.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products, including without limitation CX 6200, 6300, 6400, 8320, 8325, 8360, 8400, 10000 switches and AOS-CX10.08 or later, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1, 2-7, 14, and 15 of the '630 Patent.

14.     The Accused Products satisfy all claim limitations of one or more claims of the '630 Patent.  A claim chart comparing claims 1, 2-7, 14, and 15 of the '630 Patent to representative Accused Products is attached as Exhibit 2.

15.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '630 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of the original complaint, Defendants have knowledge of the '630 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '630 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '630 Patent.  For example, Defendants demonstrate how the use of the exemplary 6300 switch router utilizes "Uni-directional Link Detection (UDLD)" for monitoring other components in the network:

- Uni-directional Link Detection (UDLD) to monitor link connectivity and shut down ports at both ends if uni-directional traffic is detected, preventing loops in STP-based networks

*See* https://www.arubanetworks.com/assets/ds/DS_6300Series.pdf at 5.  Defendants also explain how the exemplary 6300 switch router informs the other components of the system about the current condition of the respective neighboring component:



*See* https://techhub.hpe.com/eginfolib/networking/docs/switches/5950/5200-4008_hi-avail_cg/content/499751773.htm.  Defendants also provide its customers and end users with step-by-step instructions on how to configure the exemplary 6300 switch router in an infringing manner.

*See* https://www.arubanetworks.com/techdocs/hardware/switches/6300/IGSG/igsg_6300.pdf.  Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '630 Patent, thereby specifically intending for and inducing its customers to infringe the '630 Patent through the customers' normal and customary use of the Accused Products.

7

16.     Defendants have also infringed, and continue to infringe, one or more claims of the '630 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '630 Patent, are especially made or adapted to infringe the '630 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use (as demonstrated in Exhibit 2).  As of at least the filing and service of the original complaint, Defendants have knowledge of the '630 Patent and the infringing nature of the Accused Products.  Defendants have been, and currently are, contributorily infringing the '630 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

17.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and are liable for infringement of the '630 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

18.     As a result of Defendants' direct infringement of the '630 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

19.     As a result of Defendants' indirect infringement of the '630 Patent (induced and contributory), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '630 Patent on or before August 19, 2022.

## COUNT 2 – INFRINGEMENT OF THE '323 PATENT

20.     Lionra incorporates by reference each of the allegations in paragraphs 1-19 above and as if fully set forth herein.

21.     Lionra owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,921,323, titled "Reconfigurable Communications Infrastructure for ASIC Networks."  The '323 Patent was duly and legally issued by the United States Patent and Trademark Office on April 5, 2011.  A true and correct copy of the '323 Patent is attached to this complaint as Exhibit 3.

22.     Each claim of the '323 Patent is valid, enforceable, and patent-eligible.

23.     Lionra and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '323 Patent, and Lionra is entitled to damages for Defendants' past infringement.  On information and belief, Lionra (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Lionra, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '323 Patent during the relevant time period or were not required to mark during the relevant time period.

24.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products, including without limitation Aruba 5400R and 2930F CX6200, 6300M, 6300F, 6400, and 8000 (e.g., 83xx and 8400) Switch Series and ArubaOS-CX 10.00 or newer, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 27, 28, 31, and 33 of the '323 Patent.

25.     The Accused Products satisfy all claim limitations of one or more claims of the '323 Patent.  A claim chart comparing claims 27, 28, 31, and 33 of the '323 Patent to representative Accused Products is attached as Exhibit 4.

26.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '323 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of the original complaint, Defendants have knowledge of the '323 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '323 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website cited in Exhibit 4) to use the Accused Products in ways that directly infringe the '323 Patent.  For example, Defendants promote that the exemplary 8400 router switch includes multiple ASIC devices that each itself includes a packet router:

> The 8400 provides carrier class high availability with industry-leading line rate 10GbE/25GbE/40GbE/100GbE connectivity in a compact 8 slot chassis. It provides up to 19.2 Tbps of switching capacity based on a fully resilient design that includes redundant fabric, management, power and fans to create a resilient, highly available network that is ideal for the most demanding campus core and data center networks.

*See* https://www.arubanetworks.com/assets/ds/DS_8400Series.pdf at 1.



*See* https://www.youtube.com/watch?v=UF5b2o5o6RE.   Defendants also provide its customers

and end users with step-by-step instructions on how to configure the exemplary 8400 switch router

in        an        infringing        manner.        *See,*        *e.g.*,

https://www.arubanetworks.com/techdocs/hardware/switches/8400/IGSG/Aruba%208400_IGSG

_en_us.pdf.   Defendants provide these instructions, user manuals, and other materials knowing

and intending (or with willful blindness to the fact) that its customers and end users will commit

these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the

Accused Products, despite its knowledge of the '323 Patent, thereby specifically intending for and

inducing its customers to infringe the '323 Patent through the customers' normal and customary

use of the Accused Products.

27.      Defendants have also infringed, and continue to infringe, one or more claims of the

'323 Patent by selling, offering for sale, or importing into the United States, the Accused Products,

knowing that the Accused Products constitute a material part of the inventions claimed in the '323

Patent, are especially made or adapted to infringe the '323 Patent, and are not staple articles or

commodities of commerce suitable for non-infringing use (as demonstrated in Exhibit 4).  As of

at least the filing and service of the original complaint, Defendants have knowledge of the '323 Patent and the infringing nature of the Accused Products.  Defendants have been, and currently are, contributorily infringing the '323 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

28.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and are liable for infringement of the '323 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

29.     As a result of Defendants' direct infringement of the '323 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

30.     As a result of Defendants' indirect infringement of the '323 Patent (induced and contributory), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '323 Patent on or before August 19, 2022.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lionra requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '630 and '323 Patents;

b.      A judgment and order requiring Defendants to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '630 and '323 Patents;

c.      A judgment and order requiring Defendants to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

Dated:  November 18, 2022                      Respectfully submitted,

By: */s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (NY SBN 5324967)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

Justin Kurt Truelove (TX SBN 24013653)
kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, TX 75670
Tel.: (903) 938-8321
Fax: (903) 215-8510

*Attorneys for Plaintiff Lionra Technologies Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on November 18, 2022.

*/s/ Brett E. Cooper*
Brett E. Cooper