**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § § | Case No. 2:22-cv-00322-JRG-RSP |
| v. | § § | (Lead Case) |
| FORTINET, INC., | § § | |
| *Defendant*. | § § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.   Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f)  any settlement agreements relevant to the subject matter of this action; and

  (g)  any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a)  if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b)  for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a)  provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

- 2 -

4. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

　　i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

　　ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.[3]

produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

    (b)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**5.**    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**6.**    **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    (a)    Interrogatories: Plaintiff may serve up to twenty-five (25) interrogatories on each Defendant.[4] Each Defendant may serve up to twenty-five (25) interrogatories on Plaintiff. The Parties will work together to streamline discovery requests common to all Defendants.

    (b)    Requests for Admission: Plaintiff may serve up to twenty-five (25) requests for admission on each Defendant. Each Defendant may serve up to twenty-five (25) requests for admission on Plaintiff. The Parties will work together to streamline discovery requests common to all Defendants. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for Admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations above. The parties shall work

---

[4] For the purposes of this section, defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC are considered to be a single "Defendant."

together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid the service of large numbers of requests for admission relating to authenticity.

(c) Testifying Expert Witnesses: Plaintiff and each Defendant are entitled to up to six (6) testifying expert witnesses with respect to any particular trial. A party can move the court for additional experts upon a showing of good cause.

(d) Depositions (non-expert):

   a. Plaintiff shall be allowed up to 70 hours of fact discovery deposition time, including Rule 30(b)(6) witnesses, and a total of up to 7 depositions of Rule 30(b)(1) party-witnesses (e.g., party employees), for each Defendant.

   b. Each Defendant shall be allowed up to 70 hours of fact discovery deposition time, including Rule 30(b)(6) witnesses and a total of up to 7 depositions of Rule 30(b)(1) party-witnesses (e.g., party employees).

   c. Any given witness may only be deposed for a maximum of 7 hours, irrespective of whether the witness testifies pursuant to Rule 30(b)(1) and/or Rule 30(b)(6), except as follows. Defendants agree to shared deposition time for Plaintiff's Rule 30(b)(6) witnesses designated on topics common to all Defendants. However, Defendants are each entitled to two hours extra with each of Plaintiff's Rule 30(b)(6) witnesses and will endeavor not to repeat subject matter that was covered during the shared deposition time.

   d. These hour limits shall not include third party witnesses (Para. 5(f)) and shall not include inventor or expert deposition time.

   e. Depositions on written questions do not count toward the above limits.

  f. The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses.

  g. The parties further agree to discuss in good faith reasonable expansions of these limits to the extent a party believes additional fact witness deposition time becomes necessary.

(e) Expert Depositions:

  a. Each expert can be deposed for up to 7 hours for each substantive issue (e.g., infringement, invalidity, or damages) per party on which the expert has offered an opinion. For example, a single expert providing reports regarding both infringement and validity for a party may be deposed for 14 hours by the party for which the reports are offered. After expert reports are served, the Parties will work together to streamline the expert depositions.

  b. Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

(f) Third-Party Discovery:

  a. Document Subpoenas and Depositions on Written Questions on Third-Parties: The parties may serve a reasonable number of document and/or deposition subpoenas on third parties. The parties may also serve depositions upon written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties.

        b. With respect to third-party discovery, the parties agree to produce documents within ten (10) days of receipt of the documents from the third party.

        c. In addition, the parties agree to work with each other in scheduling third-party depositions.

(g)    **Representative Products:** The parties shall discuss in good faith the feasibility of a stipulation as to representative products in order to streamline the case for discovery and trial. No party shall argue that this provision constitutes an agreement or finding that a stipulation regarding representative products is necessarily appropriate or feasible in this particular case.

(h)    **Modifications:** Any party may later move to modify these limitations for good cause.

7.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with

the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

8. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

9. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written

      statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

11. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

12. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

13. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a) Privilege Logs: Notwithstanding the provisions of Paragraph 6, the parties agree that privilege logs need not be exchanged for any protected documents that came into existence on or after the date of the filing of the respective Complaints.

    (b) Production of ESI: The parties shall propose a separate order providing stipulations regarding production of electronically stored data.

    (c) Electronic Service:

        a. The Parties shall serve documents, pleadings, correspondence and other things electronically in lieu of service by U.S. Mail to the following respective addresses: Lionra_Counsel@b-clg.com for Lionra; counsel of record for Defendants.

        b. If the document, pleading, correspondence or other item is too large to be served via email, then a cover letter or other similar notification shall be served electronically, and the document, pleading, correspondence or other item shall be served via FTP, if possible, or next day delivery.

    (d) Expert Discovery:

        a. The parties further agree that testifying expert's drafts reports, notes, and

       outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.

   b. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.

   c. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

   d. Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

   e. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

   f. Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert. In that event, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to and relied upon by the testifying expert and the basis for such information.

(e)    Inadvertent Production:

   a. Nothing in this Order shall require production of documents, information or

    other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

  b. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

  c. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request destruction of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.

  d. The recipient(s) shall destroy all copies of such documents, information or other material to the producing Party. This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver.

(f)  Authenticity:

  a. For purposes of this case only, the parties agree that documents and source code produced by third parties pursuant to a subpoena are presumptively authentic; to the extent that any party has a good faith basis to believe that

a document produced by a third party is not authentic, it will give written notice to the other side and the parties will promptly meet and confer in an attempt to resolve the objection.

b. For purposes of this case only, a document is a true and authentic copy of what it purports to be if (a) the document was produced by a party to this case, and (b) the document was authored or created by that party (or a related entity under common control) in the course of conducting its business.

14. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 12th day of December, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE