# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> FORTINET, INC. | Case No. 2:22-cv-00322-JRG-RSP <br><br> (Lead Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> CISCO SYSTEMS, INC. | Case No. 2:22-cv-00305-JRG-RSP <br><br> (Member Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, et al | Case No. 2:22-cv-00319-JRG-RSP <br><br> (Member Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> PALO ALTO NETWORKS, INC. | Case No. 2:22-cv-00334-JRG-RSP <br><br> (Member Case) |

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS FOR DEFENDANTS HEWLETT PACKARD ENTERPRISE COMPANY AND ARUBA NETWORKS, LLC**

Plaintiff Lionra Technologies Limited ("Lionra") hereby makes the following infringement disclosures under the Patent Local Rules with respect to United States Patent Nos. 7,916,630 ("the '630 Patent") and 7,921,323 ("the '323 Patent") (collectively, the "Asserted Patents").

Lionra's investigation is ongoing and discovery is in its preliminary stages. Accordingly, these disclosures are based on information available to Lionra at this time. Lionra reserves the right to supplement this disclosure after further discovery from Defendants and non-parties, particularly documents and other discovery regarding the Defendants' accused devices. Lionra also reserves the right to assert additional claims of the Lionra Patents, accuse different products, or find alternative literal and/or equivalent infringing elements in Defendants' products.

A.   **ASSERTED CLAIMS**

Defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, LLC ("Aruba") (collectively "Defendants") have infringed and continue to infringe at least the following claims of the Asserted Patents:

- **'630 Patent:**  Claims 1, 2-7, 14, and 15.
- **'323 Patent:**  Claims 27-28, 31 and 33.

Lionra reserves the right to seek leave of court to add, delete, substitute, or otherwise amend this list of asserted claims should further discovery, the Court's claim construction, or other circumstances so merit.

B.   **ACCUSED PRODUCTS**

The accused products include at least the following, as well as instrumentalities with reasonably similar functionality (collectively, the "Accused Products"):

- **'630 Patent:**  CX 6200, 6300, 6400, 8320, 8325, 8360, 8400, 10000 switches and AOS-CX 10.08 or later.
- **'323 Patent:**  Aruba 5400R and 2930F CX 6200, 6300M, 6300F, 6400, and 8000 (e.g., 83xx and 8400) Switch Series and ArubaOS-CX 10.00 or newer.

Defendants are accused of making, using, selling, offering for sale and/or importing the above Accused Products. Defendants are also accused of infringing the asserted claims listed above under at least 35 U.S.C. § 271(a), (b), (c), and/or (f). For example, Defendants have and continue to (i) directly infringe the asserted claims by making, using, selling, offering for sale, and/or importing the Accused Products, (ii) induce users of the Accused Products to directly infringe the asserted claims, and/or (iii) contribute to the direct infringement of the Accused Products by users.

Lionra reserves the right to amend this list of accused instrumentalities, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery, including, but not limited to, the inclusion of newly released products, versions, or any other equivalent devices ascertained through discovery. Further, to the extent any Accused Products have gone through or will go through name changes, but were or will be used or sold with the same accused features, earlier corresponding products under different names also are accused.

### C.   CLAIM CHARTS AND DIRECT INFRINGEMENT

Claim charts identifying a location of every element of every asserted claim of the Asserted Patents within Accused Products are attached hereto as Exhibits A-B. Lionra reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery, including but not limited to information that is not publicly available or readily discernible without discovery. Lionra further reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits attached hereto. In an effort to focus the issues, Lionra identifies exemplary evidence for each claim limitation. The evidence cited for a

particular limitation should be considered in light of the additional evidence cited for the other claim limitations.  Lionra reserves the right to rely on evidence cited for any particular limitation of an asserted claim for any other limitation asserted for that claim.

For the avoidance of any doubt, Lionra's infringement contentions served herein provide sufficient disclosure under the Patent Local Rules.  Lionra is not relying on section 3(a)(i) of the Model Discovery Order in order to satisfy disclosure obligations with respect to infringement contentions.

Defendants make, have made, use, have used, import, have imported, offer to sell, have offered to sell, sell and/or have sold the accused products and have directly infringed and continue to directly infringe each of the asserted claims as specified in Exhibits A-B.  With respect to the asserted method claims, as further specified in Exhibits A-B, the claimed method is performed by Defendants when the functionality is activated as part of Defendants' services related to the Accused Products, as part of design and development activities, testing, and/or are otherwise operated by Defendants including for, or on behalf of, users.  Defendants directly infringe the asserted method claims because they perform each limitation of the claimed method.  When Defendants or their customers and/or users turn on and use the Accused Products in the U.S., or when the Accused Products are tested in the U.S., the claimed methods are performed in the U.S. and thus directly infringed under 35 U.S.C. 271(a).  Defendants design the Accused Products such that users will naturally use them in a way that infringes the asserted claims.  Defendants directly infringe and practice the asserted method claims by controlling the operations of the functionality on the accused products and directs and controls the functionality in a manner that is directly liable for practicing the asserted methods.  Further, with respect to induced infringement, Defendants design the Accused Products such that users will naturally use them in a way that infringes the

asserted claims.  Finally, as to contributory infringement, Defendants design the Accused Products as components that users will utilize as a material part of the inventions claimed by the Asserted Patents.

Defendants also are a direct infringer under 35 U.S.C. §271(a) of the asserted method and apparatus claims because Defendants control and/or direct third parties, including Defendants' customers and authorized retailers and servicers, to use the methods and apparatuses, for example via the pre-installed functionality, Defendants' remote services, and all other of Defendants' applications and software that run on the Accused Products.  Defendants conditions use and receipt of the benefit of the claimed methods and apparatuses on use of the accused products in an infringing manner, and Defendants establishe the manner and/or timing of doing so, by way of the foregoing conduct, thus further establishing Defendants as direct infringers under 35 U.S.C. §271(a).

To the extent it is argued that an entity other than Defendants perform or satisfy one or more limitations of an asserted claim(s), Lionra asserts that Defendants are also liable for direct infringement because they exercise direction and control (*e.g.*, through an agent, contractual relationship, the conditioning of participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishment of the manner or timing of that performance, a joint enterprise, etc.) over the performance of the claimed limitations.

**D.     LITERAL INFRINGEMENT AND DOCTRINE OF EQUIVALENTS**

Lionra asserts that, under the proper construction of the asserted claims and their claim terms, the limitations of the asserted claims of the Asserted Patents are literally present in the Accused Products or acts accused of infringing the claim, as set forth in the claim charts attached hereto as Exhibits A–B.  Lionra also contends that any and all elements found not to be literally

5

infringed are infringed under the doctrine of equivalents because the differences between the claimed inventions and the Accused Products, if any, are insubstantial.

Lionra's contention is that each limitation is literally met, and necessarily also would be met under the doctrine of equivalents because there are no substantial differences at all between the Accused Products and the claims, in function, way, or result. As such, Lionra's current description of the function, way, and result for each limitation would be the same as the claim language itself. If Defendants attempt to argue that there is no infringement literally and also no infringement under doctrine of equivalents and attempt to draw any distinction between the claimed functionality and the functionality in the Accused Products, then Lionra reserves its right to rebut the alleged distinction as a matter of literal infringement and/or as to whether any such distinction is substantial under the doctrine of equivalents.

Lionra also contends that Defendants have directly infringed and continues to directly infringe the asserted claims by making, using, offering for sale, selling, and importing in to the United States the Accused Products as well as has indirectly infringed and continues to indirectly infringe by contributing to and/or inducing others (*e.g.*, Defendants' customers, or Defendants' customers' customers) to directly infringe those claims by making, using, offering for sale or selling the Accused Products.

Lionra reserves the right to amend its Infringement Contentions as to literal infringement or infringement under the doctrine of equivalents in light of new information learned during the course of discovery and the Court's claim construction.

E.   **INDIRECT INFRINGEMENT**

Defendants have induced and/or contributed to infringement, and will continue to induce and/or contribute to infringement, of the asserted claims of the Asserted Patents for at least the

6

following reasons.  Defendants have had knowledge of the Asserted Patents at least as of August 19, 2022, when the complaint in the above-captioned action was filed.  Despite this knowledge of the Asserted Patents, Defendants continue to actively encourage and instruct their customers and end users (for example, through online instruction and other online publications cited in the Complaint) to use the Accused Products in ways that directly infringe the Asserted Patents.  For example, Defendants instruct their customers and end users on how to install and use the Accused Products in an infringing manner.  Defendants also instruct, promote, and encourage features of the Accused Products that infringe the Asserted Patents, such as through the use of the accused features.  Defendants engage in many activities that encourage their customers to infringe the Accused Products, including (i) advertising and promotion efforts for the products; (ii) the publication of demonstrational videos concerning the products; (iii) the publication of data sheets that purport to describe alleged benefits customers will derive from embracing the products; (iv) the publication of promotional papers that purport to describe the alleged virtues of the products; (v) the publication both directly and indirectly through the training site, including through the website of tutorial, demonstration, and best practices instructional videos concerning the products; and (vi) the provision of user forums, blogs, and product documentation.  Through at least these activities, Defendants specifically intend that their customers directly infringe the Asserted Patents.

   Defendants have contributorily infringed, and will continue to contributorily infringe the asserted claims of the patents-in-suit for at least the following reasons.  Defendants sell, offer for sale, and/or imports into the United States relevant hardware and/or software components comprising the Accused Products, constituting materials parts of the inventions of the asserted claims, thus contributing to infringement under 35 U.S.C. § 271(c), (f).  These components are

known by Defendants to be especially made or especially adapted for use in infringement of the asserted claims, and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Defendants have knowledge of the asserted claims at least as of the filing of the complaint. Defendants provide to their customers (direct infringers) these components. Defendants are thus liable for infringement of the asserted claims directly and indirectly including for inducement and contributory infringement. *See* 35 U.S.C. §§271(a)-(c), (f).

Lionra further incorporates by reference its Complaint and any amendments thereto.

### F.  PRIORITY DATES

The Asserted Patents are entitled to at least the following priority dates:

- **'630 Patent:** U.S. Patent No. 7,916,630 was filed as U.S. Patent Application No. 11/662,978 on June 17, 2005. The '630 Patent claims priority to German Application No. 10 2004 044 987 filed on September 16, 2004. Each asserted claim of the '630 Patent is entitled to at least a priority date of September 16, 2004.

- **'323 Patent:** U.S. Patent No. 7,921,323 was filed as U.S. Patent Application No. 11/600,934 on November 16, 2006. The '323 Patent is a continuation-in-part of application No. 10/843,226 filed on May 11, 2004. Each asserted claim of the '323 Patent is entitled to at least a priority date of November 16, 2006.

### G.  PRACTICING PRODUCTS

Lionra does not currently contend that any of its own apparatuses, products, or devices practices any of the asserted claims, but reserves the right to modify or amend its response as discovery progresses.

**H.     LIONRA DOCUMENT PRODUCTION**

Lionra is producing or making available for inspection documents that are in Lionra's possession, custody or control as set forth in Patent Local Rule 3-2. A Production Index identifying these documents is below.

This preliminary identification of documents is for convenience and is not an admission that each document falls within any exemplary categories in the Patent Local Rules, or that any document qualifies as prior art. Lionra reserves its right to add to, delete from, or otherwise modify its disclosures in this section as its investigation proceeds.

### LIONRA PRODUCTION INDEX

**P.R. 3-2(a):**

| Bates Begin | Bates End |
|---|---|
| n/a | n/a |

**P.R. 3-2(b):**

| Bates Begin | Bates End |
|---|---|
| n/a | n/a |

**P.R. 3-2(c):**

| Bates Begin | Bates End |
|---|---|
| LIONRA-EDTX_00000744 | LIONRA-EDTX_00001322 |

9

Dated: November 3, 2022

Respectfully submitted,

By: */s/ Brett Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (NY SBN 5324967)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

*Attorneys for Plaintiff Lionra Technologies Limited*

## **CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record for Defendants on November 3, 2022 via electronic service.

*/s/ Drew B. Hollander*
Drew B. Hollander

# EXHIBIT A

# Exhibit A -- CHART FOR U.S. PATENT NO. 7,916,630 ("'630 Patent")

**Accused Instrumentalities:** HP's products, including at least each of the following routers and router software infringe at least Claims 1, 2-7, 14, and 15: CX 6200, 6300, 6400, 8320, 8325, 8360, 8400, 10000 switches and AOS-CX 10.08 or later. The infringement chart below is based on the HP's 6300 switch ("HP 6300 switch"), which is exemplary of the infringement of the '630 Patent.

| Claims | HP 6300 switch |
|---|---|
| [1pre] A method for monitoring a system condition of a network with distributed components organized in a logical ring structure, comprising: | To the extent the preamble is deemed limiting, HP 6300 switch router monitors the system condition of a ring network.<br><br>An ERPS ring supports multiple ERPS instances. An ERPS instance is a logical ring to process service and protocol packets. Each ERPS instance has its own owner node and maintains its own state and data. An ERPS instance is uniquely identified by the ring ID and VLAN ID of ERPS packets. The ring ID indicates the ring of ERPS packets. It can be represented by the last byte in the destination MAC address of the packets. The VLAN ID indicates the ERPS instance of the packets.<br><br>*See, e.g.,* https://techhub.hpe.com/eginfolib/networking/docs/switches/5950/5200-4008_hi-avail_cg/content/499751769.htm<br><br>ERPS supported on the following switches:<br>• 6300<br>• 6400<br>• 8320<br>• 8325<br>• 8360<br>• 8400<br><br>Ethernet Ring Protection Switching (ERPS) is a protocol defined by the International Telecommunication Union - Telecommunication Standardization Sector (ITU-T) to eliminate loops at Layer 2. Because the standard number is ITU-T G.8032/Y1344, ERPS is also called G.8032. ERPS defines Ring Auto Protection Switching (RAPS) Protocol Data Units (PDUs) and protection switching mechanisms.<br><br>*See, e.g.,* https://www.arubanetworks.com/techdocs/AOS-CX/10.08/HTML/high_availability/Content/Chp_ERPS/erp-tit-onl.htm<br><br>Generally, redundant links are used on an Ethernet switching network such as a ring network to provide link backup and enhance network reliability. The use of redundant links, however, may result in creating network loops, causing broadcast storms, and rendering the MAC address table unstable. As a result, communication quality deteriorates, and communication services may even be interrupted.<br><br>Ethernet networks demand faster protection switching. STP does not meet the requirement for fast convergence.<br><br>ERPS, a standard ITU-T protocol, prevent loops on ring networks. It optimizes detection and performs fast convergence. ERPS allows all ERPS-capable devices on a ring network to communicate. |