UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> FORTINET, INC., | Case No. 2:22-cv-00322-JRG-RSP <br><br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> CISCO SYSTEMS, INC., | Case No. 2:22-cv-00305-JRG-RSP <br><br> (Member Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, et al, | Case No. 2:22-cv-00319-JRG-RSP <br><br> (Member Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> PALO ALTO NETWORKS, INC., | Case No. 2:22-cv-00334-JRG-RSP <br><br> (Member Case) |

**PLAINTIFF LIONRA TECHNOLOGIES LTD.'S RESPONSE TO DEFENDANTS HEWLETT PACKARD ENTERPRISE COMPANY AND ARUBA NETWORKS LLC'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OF U.S. PATENT NO. 7,921,323**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. LEGAL STANDARD .........................................................................................................2

III. ARGUMENT .......................................................................................................................3

    A. HPE's Motion Is A Premature Motion for Summary Judgment Without Claim Construction or Discovery Despite Lionra's Plausible Claims of Infringement. ..........3

        i. HPE's Argument That Fabric Cards Are Intervening Processing Devices Is Premature Because It Requires Claim Construction and Unproven Information About "Fabric Cards." ..................................................................3

        ii. HPE's Argument That Two Switches In a VSX Topology Do Not Meet the Claim Limitations Improperly Ignores a Plausible Configuration Wherein Each Switch Has a Single Line Card. .......................................................7

IV. CONCLUSION ...................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
    882 F.3d 1121 (Fed. Cir. 2018) ...................................................................................9

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
    No. 2:21-CV-00172-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022)....................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................2

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
    No. 6:21-CV-00165-ADA, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022)..................6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018) ..................................................................................4

*Guidry v. Am. Public Life Ins. Co.*,
    512 F.3d 177 (5th Cir. 2007) ......................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ..............................................................................1, 5

*In re Katrina Canal Breaches Litig.*,
    495 F.3d 191 (5th Cir. 2007) ......................................................................................7

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013) ..............................................................................2, 6

*Lyn-Lea Travel Corp. v. American Airlines, Inc.*,
    283 F.3d 282 (5th Cir. 2002) ......................................................................................9

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ..............................................................................1, 2

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) .....................6

*SimpleAir, Inc. v. Microsoft Corp.*,
    No. 2:11-CV-416, 2012 WL 12895337 (E.D. Tex. Aug. 30, 2012)...........................2

*Solocron Educ., LLC v. Healthstream, Inc.*,
    No. 2:16-CV-16-JRG, 2016 WL 9137458 (E.D. Tex. June 7, 2016).........................6

*Tate Access Floors v. Interface Architectural Res.*,
   279 F.3d 1357 (Fed. Cir. 2002) ..........................................................................................9

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
   No. 2:16-CV-989-JRG, 2017 WL 3721064 (E.D. Tex. May 15, 2017).......................................6

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
   No. 2:21-CV-00246-JRG, 2022 WL 739521 (E.D. Tex. Jan. 14, 2022)................................5, 6

**Statutes and Rules**

Fed. R. Civ. P. 15(a) ..................................................................................................................2, 9

I.   **INTRODUCTION**

The Court should deny Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC's (collectively "HPE") motion to dismiss Plaintiff Lionra Technologies Ltd.'s ("Lionra") claims for infringement of U.S. Patent No. 7,921,323 ("the '323 Patent") (Dkt. No. 57, "Mot.").

Lionra's Amended Complaint (Dkt. No. 53, "Am. Compl.") provides detailed notice of its theory of HPE's infringement of claims 27, 28, 31, and 33 of the '323 Patent. Lionra does not have to "prove its case at the pleading stage." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Rather, "[t]he complaint must place the 'potential infringer ... on notice of what activity ... is being accused of infringement.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citation omitted). As such, the "purpose of a motion to dismiss is to *test the sufficiency of the complaint, not to decide the merits*." *Id.* (citation omitted) (emphasis in original). As further explained below, Lionra's detailed allegations, made on an element-by-element basis, more than satisfy Federal Rule of Civil Procedure 8's pleading requirements.

HPE cannot meaningfully contest that it is on notice of Lionra's theory of infringement. Instead, HPE seeks to prematurely raise claim construction issues and dispute the merits of whether the accused products actually infringe the '323 Patent. Specifically, HPE disputes whether there is infringement based on the exemplary publicly-available evidence and based on HPE's apparent construction and interpretation of discrete sub-limitations of the asserted claims—issues that are not appropriate on a motion to dismiss. *See Nalco*, 883 F.3d at 1349 ("Defendants' arguments boil down to objections to [Plaintiff's] proposed claim construction ... a dispute not suitable for resolution on a motion to dismiss."). The issues raised by HPE require discovery into the configurations of data centers, the interconnection of switch components, and design information

regarding switch components such as so-called "fabric cards"—an aspect of the Accused Products for which HPE releases limited public information. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013) ("A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible."). Because Lionra's Amended Complaint plausibly alleges a claim for infringement of the '323 Patent, HPE's motion should be denied in its entirety.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *1 (E.D. Tex. Jan. 24, 2022) (citation omitted). "The plausibility standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the plaintiff's allegations." *Nalco Co.*, 883 F.3d at 1350 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Further, Federal Rule of Civil Procedure 15(a)(2) provides that the court should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). To that end, courts grant patentees leave to amend a complaint alleging direct infringement to add additional factual allegations in the face of a motion to dismiss. *See, e.g.*, *SimpleAir, Inc. v. Microsoft Corp.*, No. 2:11-CV-416, 2012 WL 12895337, at *4 (E.D. Tex. Aug. 30, 2012).

### III. ARGUMENT

#### A. HPE's Motion Is A Premature Motion for Summary Judgment Without Claim Construction or Discovery Despite Lionra's Plausible Claims of Infringement.

HPE's Motion advances two arguments for dismissal of Lionra's claim for infringement of the '323 Patent. First, HPE argues that multiple signal processing circuits (which HPE identifies as line cards) within a single switch, such as the Aruba CX 8400, are coupled through so-called "fabric cards" (which HPE equates to the claimed "processing devices"). Mot. at 7-8, 11-12. Second, HPE maintains that two Aruba CX 8400 switches configured using Aruba Virtual Switching Extension (VSX) and connected by an Inter-Switch Link (ISL) cannot plausibly meet the limitations of the asserted claims. Mot. at 8-9, 12-14.

HPE's first argument is premature and should be rejected by this Court because it (1) requires construction of the claim term "processing devices" and (2) requires unsupported assumptions about what constitutes a "fabric card." Neither is appropriate at the pleadings stage. HPE's second argument is premature because it makes unsupported assumptions about how the accused products may be configured and how they operate. For example, HPE does not address an infringing infrastructure comprising two switches (*e.g.*, CX 8400s) in which each switch has a single line card and the switches are peer switches in a VSX solution topology. Such a configuration more than plainly meets the limitations of the asserted claims, even under HPE's interpretation of the claims.

##### i. HPE's Argument That Fabric Cards Are Intervening Processing Devices Is Premature Because It Requires Claim Construction and Unproven Information About "Fabric Cards."

Independent claims 27 and 31 recite a limitation of "an intervening high speed serial optical link to a respective packet router of each of the ASIC devices of each other of said two or more

3

signal processing circuits *with no other processing device* intervening between the high speed optical link and said ASIC devices…." Dkt. No. 53-3 ('323 Patent) at Claims 27, 31. As evidence that HPE infringes these claim limitations in claim 27, Lionra cites the optical fiber connections (*e.g.*, QSFP+) in the line modules to show that the accused products have optical fiber connections. Dkt. No. 53-4 at 14 (citing ARUBA CX 8400 SWITCH SERIES at p. 6). Lionra also cites to Aruba's use of Aruba Virtual Switching Extension (VSE) and Virtual Switching Framework (VSF) (*Id.* at 15-19 (citing to, *e.g.*, ARUBA CX 8400 SWITCH SERIES and Aruba tutorials)) to show how Aruba uses these optical links to connect separate switches into a single virtual switch. *See, e.g.*, *id.* at 19 (AOX-CX 10.07 Virtual Switching Extension (VSX) Guide at 13 ("VSF lets supported switches connected to each other through Ethernet connections (copper of *fiber*) to behave like a single chassis switch)). Lionra also cites to descriptions of the QSFP+ to show that there is no other intervening processing device between the high speed optical link (optical fiber) and the ASIC devices. *See, e.g.*, *id.* at 19-20.[1] As such, Lionra's allegations are more than "enough to provide VGH Solutions fair notice of infringement of the asserted patents." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

      HPE does not contest that it is on notice of Lionra's infringement theory. Rather, HPE's primary argument—that the accused line cards are only interconnected through so-called "fabric cards"—is predicated on claim construction and fact discovery. Specifically, HPE implicitly asserts that the so-called "fabric card" is a "processing device." Mot. at 11-12. But HPE never explains what a fabric card actually is, how a fabric card connects line cards, or what components are on a fabric card, *id.*—nor is such an analysis appropriate on a motion to dismiss, as it requires

---

[1] As discussed with respect to line/fabric cards, the publicly available evidence does not disclose the architecture or structure of the "fabric cards" or the medium of the connections between the fabric cards and the line cards.

the Court to evaluate and accept facts outside of the pleadings. HPE also fails to propose a construction for a "processing device" even though its argument rests solely on the premise that a "fabric card" is a "processing device."

It is inappropriate to construe claim terms in a ruling on the sufficiency of the pleadings. "[C]laim construction at the pleading stage—with no claim construction processes undertaken—[i]s inappropriate." *In re Bill of Lading*, 681 F.3d at 1343 n.13. Rather, to the extent any claim interpretation is required, courts "afford claims their broadest possible construction at this stage of the proceedings." *Id.*; *see also United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:21-CV-00246-JRG, 2022 WL 739521, at *2 (E.D. Tex. Jan. 14, 2022) ("PNC is asking the court to construe the claims, and the Court is unwilling to engage in, what is effectively, claim construction at this early stage.").

In any event, the specification of the '323 Patent provides some guidance in a possible construction of the term "processing device" in the context of a signal processing circuit. *See* '323 Patent at 19:47-50 ("embedded processing devices (e.g., such as Xilinx Virtex-II Pro PowerPCs, Xilinx Microblaze, Xilinx Picoblaze, Altera Nios, Altera ARM, etc.), …."). Here, there is nothing in the record establishing that a "fabric card" is comprised of a processing device as that term is used in the '323 Patent's description of illustrative embodiments. To the contrary, the evidence suggests direct connections between line cards, which is consistent with the '323 Patent claims and Lionra's infringement theory. In the YouTube video cited in Exhibit 4 to Lionra's complaint titled "Aruba AOS-CX QuickStart Series: Aruba CX 8400 Product Details," the connections appear to be "high-performance Direct Orthogonal Connections." *See* https://www.youtube.com/watch?v=UF5b2o5o6RE at 6:36. In another section of the same video cited in Exhibit 4 (and by HPE), it is asserted that "[s]witching paths are independent and do not

5

interfere with each other," that there is "[n]o complex centralized controller," and there are "[s]trict Non-blocking connections between huge number of inputs and outputs." Mot. at 12 (*id.* at 8:09). Accordingly, under at least one plausible claim construction, a "fabric card" may not be an intervening processing device. *See, e.g.*, *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-CV-00165-ADA, 2022 WL 118955, at *3 (W.D. Tex. Jan. 12, 2022) ("[T]he Court finds that Plaintiff's claim construction is plausible, so Plaintiff need not plead infringement of the claimed duration. The inherent and plausibly pleaded construction entitles Plaintiff to a Markman hearing.").

Notwithstanding the claim construction issues, whether a "fabric card" is or is not an intervening "processing device" is a factual dispute that will be explored during discovery.[2] The Federal Circuit has recognized that a plaintiff should not be barred at the dismissal stage "when the operation of [the accused product] is not ascertainable without discovery." *K-Tech Telecomms.*, 714 F.3d at 1286. Moreover, on a motion to dismiss, "all factual disputes must be resolved in favor of the plaintiff, and the Court must take [Lionra]'s pleaded allegations as true." *United Servs. Auto. Assoc.*, 2022 WL 739521, at *3. "A plaintiff is not required to prove its case at the motion to dismiss stage." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016). To "[r]equir[e] more would improperly and unfairly elevate the plausibility standard to a probability standard." *Solocron Educ., LLC v. Healthstream, Inc.*, No. 2:16-CV-16-JRG, 2016 WL 9137458, at *3 (E.D. Tex. June 7, 2016); *see also Uniloc USA, Inc. v. Motorola Mobility LLC*, No. 2:16-CV-989-JRG, 2017 WL 3721064, at *3 (E.D. Tex. May 15, 2017) ("Requiring Uniloc to identify precisely which of these servers perform which function would place too heavy of a burden on a plaintiff at the pleading stage.

---

[2] In the alternative, if, in fact, a "fabric card" is a signal processing circuit as HPE's motion could perhaps imply, then it is entirely plausible that a line card and a fabric card satisfy the claim limitations of separate signal processing circuits.

6

This would effectively require Uniloc to identify the server(s) that correspond to each element of the asserted patent claims. This type of element-by-element analysis is simply not required at the Rule 12 stage.").

Based on the forgoing, the Motion should be denied in its entirety because Lionra plausibly alleges a claim for infringement where the "fabric card" is not an intervening "processing device," under at least one plausible claim construction. Claim construction is inappropriate at this stage and Lionra is entitled to a Markman hearing. Moreover, discovery is required to explore the structure, function, and operation of the fabric card to determine whether it will satisfy the Court's construction. At best, HPE raises issues that are premature for a motion to dismiss and that cannot be resolved until the summary judgment stage.

      ii.    **HPE's Argument That Two Switches In a VSX Topology Do Not Meet the Claim Limitations Improperly Ignores a Plausible Configuration Wherein Each Switch Has a Single Line Card.**

As an initial matter, Lionra does not concede that two switches in a VSX solution topology, irrespective of the number of line cards, do not satisfy the asserted claim limitations when the switches are connected by an Inter-Switch Link or ISL. As discussed above, it is entirely plausible that each ASIC device in each line card is interconnected. Accordingly, Lionra's plausible infringement theory should resolve HPE's second argument in Lionra's favor, particularly as, in ruling on HPE's motion, this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

However, even if this Court accepts, for purposes of argument only, HPE's first argument addressed in the preceding section regarding "fabric cards," Lionra still asserts a plausible claim of infringement of the asserted claims of the '323 Patent. The accused Aruba switches can include

two or more separate signal processing circuits (*e.g.*, line modules). For example, the exemplary CX-8400 has eight slots for line modules. *See* Dkt. No 57-3, Mot. Exhibit C, Aruba CX 8400 Switch Series, at 8. ***However***, a CX-8400 (or any of the accused Aruba switches) ***could also have just one signal processing circuit*** (*e.g.*, line module). As HPE states in their motion, "a VSX link connects one line card of one switch to one line card of another switch." Mot. at 13. If each switch has only one line card, and the VSX link is an optical fiber, then the resulting data center configuration comprises an infringing communications infrastructure under even HPE's interpretation.[3]

Accordingly, Lionra's amended complaint establishes a plausible claim of infringement of the '323 Patent by the accused products in a VSX configuration. Although Lionra's preliminary infringement contentions do contend that a CX 8400 switch includes two or more separate signal processing circuits, and that is correct in at least the circumstances where there are two line cards in the modular switch, the accused Aruba switches are modular switches in which the number of line cards can range from one to a maximum number set by the number of slots in each switch. Therefore, in at least this configuration with only one line card, the accused switches satisfy the claims under HPE's interpretation. At a minimum, discovery is required to explore the structure, function, and operation of the accused switches to determine what specific configurations satisfy

---

[3] Lionra's preliminary infringement contentions, attached to the Amended Complaint, demonstrate that each ASIC device includes a packet router. In view of the inherent functionality of the accused Aruba switches, it is entirely plausible that this claim limitation is met in switches that route packets, notwithstanding HPE's assertion to the contrary. Mot. at 8. Aruba's U.S. Patent No. 8,059,650 further shows that Aruba's ASIC devices include a packet router, but it is not necessary to do so.

the claim limitations. Again, HPE raises issues that are premature for a motion to dismiss and that cannot be resolved until the summary judgment stage.[4]

Although it should not be necessary, if HPE argues that the Amended Complaint does not provide sufficient notice of this infringement theory, Lionra should be permitted to amend its complaint to explicitly assert infringement by the above-identified VSX configuration. The Court should freely grant leave to amend, and the district court must have a "substantial reason" to deny a request to amend a pleading. Fed. R. Civ. P. 15(a); *see also Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126 (Fed. Cir. 2018) ("refusal to permit an amended complaint was erroneous because at that stage there certainly were allegations of fact that, if Aatrix's position were accepted, would preclude the dismissal."); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). Under these circumstances, granting leave to amend is warranted.

## IV.  CONCLUSION

For the reasons stated above, HPE's motion should be denied in its entirety. Alternatively, Lionra should be granted leave to amend its allegations concerning infringement of the '323 Patent.

---

[4] HPE's attempts to argue that its accused products do not infringe because "Defendants are practicing the prior art" (Mot. at 15) are improper and should be rejected. *See, e.g.*, *Tate Access Floors v. Interface Architectural Res.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) ("This court made unequivocally clear in *Baxter* that there is no 'practicing the prior art' defense to literal infringement.").

Dated: December 23, 2022

Respectfully submitted,

By: */s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (NY SBN 5324967)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

*Attorneys for Plaintiff Lionra Technologies Limited*

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on December 23, 2022 via electronic service.

*/s/ Drew B. Hollander*
Drew B. Hollander

10