# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>v.<br><br>FORTINET, INC. | CASE NO. 2:22-cv-00322-JRG-RSP<br>(Lead Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>CISCO SYSTEMS, INC. | CASE NO. 2:22-cv-00305-JRG-RSP<br>(Member Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY, et al | CASE NO. 2:22-cv-00319-JRG-RSP<br>(Member Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>PALO ALTO NETWORKS, INC. | CASE NO. 2:22-cv-00334-JRG-RSP<br>(Member Case) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OF U.S. PATENT NO. 7,921,323**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION..................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A. Lionra Has Pleaded itself Out of Court....................................................................1

    B. Claim Construction And Discovery Are Not Necessary .........................................3

    C. Lionra's Contradictory Infringement Theories........................................................4

III. CONCLUSION ...................................................................................................................5

-ii-

## TABLE OF AUTHORITIES

Page(s)

### CASES

*In re Bill of Lading Transmission & Processing System Patent Litigation*,
   681 F.3d 1323 (Fed. Cir. 2012)...........................................................................................5

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................................1, 2

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
   No. 6:21-CV- 00165-ADA, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022) ..............................5

*King v. Dogan*,
   31 F.3d 344 (5th Cir.1994) ................................................................................................3

*Roebuck v. Dothan Sec., Inc.*,
   515 F. App'x 275 (5th Cir. 2013) ....................................................................................3, 5

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
   No. 2:21-CV-00246- JRG, 2022 WL 739521 (E.D. Tex. Jan. 14, 2022) .................................5

*Vervain, LLC v. Micron Technology, Inc.*,
   No. 6:21-cv-487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .....................................................1

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '323 Patent | U.S. Patent No. 7,921,323 |
| HPE | Defendants Hewlett Packard Enterprise Co. and Aruba Networks, LLC |
| Lionra | Lionra Technologies Limited |

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---|---|
| A | '323 Patent |
| B | Excerpt of the File History for the '323 Patent |
| C | Aruba CX 8400 Switch Series |
| D | Aruba Campus Switches |

I.  **INTRODUCTION**

Lionra opposes a motion Defendants did not file. Repeatedly, Lionra argues that it "provides detailed notice of its theory HPE's infringement" and "HPE cannot meaningfully contest that it is on notice of Lionra's theory of infringement." Dkt. 78 at 1. Defendants, however, have not challenged "notice;" rather, Defendants explained that the "details" Lionra now touts show that infringement is not plausible. Lionra pleaded itself out of Court by citing documents that contradict the plain language of the claims. This was the focus of Defendants' motion, to which Lionra remains silent. Lionra fails entirely to address the cases Defendants cite—*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) and *Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-487, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022)—and Lionra fails entirely to address the materials included with its Amended Complaint that contradict the asserted claims.

In its effort to avoid the law and facts, Lionra does what many plaintiffs do in response to motion to dismiss: argue claim construction and discovery must occur. But *Bot M8* and *Vervain* were both decided without claim construction and discovery, and neither are required in this case. The information Lionra deemed sufficiently clear to support its claims, and thereby include with its Complaint, requires neither claim construction nor discovery; on their face, they render Lionra's claim implausible, warranting dismissal, with prejudice, of count 2 of the Amended Complaint.

II.  **ARGUMENT**

    A.  **Lionra Has Pleaded Itself Out of Court**

Because Lionra's "factual allegations are actually *inconsistent* with and contradict infringement," this case is indistinguishable from *Bot M8* and *Vervain*. *Bot M8*, 4 F.4th at 1354 (emphasis in original). Lionra does not—and cannot—dispute the details from Defendants' motion. Indeed, the plain language of the claims, the stated purpose of the patent, and the prosecution history stand undisputed. Dkt. 57 at 3-6.

Lionra does not challenge that the documents cited in the Amended Complaint show that fabric cards "intervene" between the line cards. *Id*. at 7-8. Neither does Lionra challenge that the fabric cards "provide and allow traffic to move from one line card to another . . . and ensure high performance communications between line cards." Dkt. 58 at 12. The fabric cards thus process traffic. Nowhere in its infringement contentions (Exhibit 4 to the Amended Complaint) does Lionra apply any special meaning to the term "processing device," because none is needed.

Instead of confronting the statements from the documents it cites, Lionra feigns ignorance as to the operation of the fabric cards, arguing that it needs discovery and claim construction. Dkt. 78 at 6-7. But it is Lionra who relies on these documents and Lionra who includes "fabric" in its contentions (and hence the Complaint) multiple times. Dkt. 53-4 at 5-6 ("redundant fabric"); *id*. at 13 ("fabric connectivity"). Ultimately, Lionra fails to explain how the claims can plausibly be met given the intervening fabric cards; to the contrary, in the Amended Complaint Lionra merely parrots the claim language (Dkt. 53-4 at 14-20), and that is not enough. *Bot M8*, 4 F.4th at 1355 ("[M]ere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard.").

In *Bot M8*, like Lionra here, the plaintiff pointed to different components in the alleged infringing device but never said which component satisfied the challenged limitation. *Id*. The court noted that "[a]though the FAC alleges that the [accused product] contains multiple storage media and multiple authentication programs, … Bot M8's allegations are conclusory, merely track the claim language, and do not plausibly allege [infringement]." *Id*. So too here. Lionra merely tracks the claim language, while pointing to a variety of different components (Dkt. 53-4 at 14-20), all without providing any factual support—particularly given the presence of the intervening fabric cards—that no "intervening processing device" is present.

2

Lionra's opposition reveals yet another deficiency in its Amended Complaint. The Asserted Claims all require each of the "multiple ASIC devices" include a "packet router." '323 patent, cl. 27. Here again, Lionra fails to provide factual support. *See* Dkt. 53, ¶¶ 20-30; Dkt. 53-4 at 5-11. In its opposition, Lionra relies on an Aruba patent for support (Dkt. 78 at 8, n.3), but Lionra removed all references to that patent from its Amended Complaint. It is therefore outside the pleadings. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (amended complaint supersedes original and renders original complaint of no legal effect unless the amended complaint specifically refers to and adopts or incorporates original complaint).

Furthermore, the asserted claims require that the high speed optical link connect *each* of the ASIC devices to *each* of the signal processing circuits. Lionra did not—and cannot—dispute this requirement. In fact, Lionra concedes that the Amended Complaint does not show this when multiple line cards are present in the accused CX 8400. As a result, in its opposition, Lionra admittedly injects a new infringement theory, one in which the CX 8400 switch includes only one line card. Dkt. 78 at 8-9. But "the complaint may not be amended by the briefs in opposition to the motion to dismiss." *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013). Even so, this new allegation conflicts with the claim language, which requires that each of the separate signal processing circuits (the alleged line cards) have "*multiple* ASIC devices." Under this theory, with only one line card present, there are not "*multiple* ASIC devices."

### B.  Claim Construction And Discovery Are Not Necessary

In lieu of addressing Defendants' arguments, case law, and the documents Lionra itself cites, Lionra resorts to a common strategy used by plaintiffs facing a motion to dismiss: argue claim construction and discovery are needed. Dkt. 78 at 3-9. Not so. The Amended Complaint contains *no* allegations that require claim construction or discovery.

First, Lionra argues that it requires discovery to determine if the intervening fabric cards

3

are intervening processing devices between the line cards. Lionra inconsistently speculates that the fabric cards either are not processing devices or are themselves separate signal processing circuits. *See* Dkt. 78 at 3-7. Rather than demonstrate the need for discovery, Lionra's speculation demonstrates the absence of any basis for Lionra to allege infringement. Lionra apparently cited documents and offered allegations with no understanding of what the documents show. Here Lionra has no excuse; Defendants motion to dismiss the Original Complaint identified the fabric cards and explained their purpose. *See* Dkt. 27. Lionra has no plausible claim.

Next, Lionra argues that it needs discovery to ascertain "the structure, function, and operation of the accused switches to determine what specific configurations satisfy the claim limitations." Dkt. 78 at 8. While tantamount to an admission that it has no plausible infringement theory, by this argument Lionra attempts to avoid what the documents it cites state about the "structure, function and operation" of the accused switches. On the one hand Lionra would have this Court believe a plausible claim of infringement exists based on these documents, and on the other hand Lionra asks the Court to ignore the what the documents say and show about the accused products. Lionra cannot have it both ways.

### C.   Lionra's Contradictory Infringement Theories

Lionra's argument that its Complaint provides Defendants notice is beside the point. As already discussed, this is not a typical *Iqbal/Twombly* motion; this is a case where Lionra cites too much and has therefore pleaded itself out of Court. Unwilling, and unable, to confront this problem, Lionra presents a meandering opposition that confirms the implausibility of its claim and exposes Lionra as a plaintiff in search of an infringement theory.

As Defendants explained in their Motion, Lionra's Complaint sets forth two contradictory theories: (1) the multiple line cards within the accused CX 8400 switch are the alleged "separate signal processing circuits" and (2) the CX 8400 are the alleged "separate signal processing circuits"

and the line cards are the alleged "multiple ASIC devices." Dkt. 57 at 7-8. Lionra does not challenge that it has asserted both theories. But, again, unable to support the plausibility of either theory, Lionra adds yet another theory—beyond its other new theory that the switches may contain only one line card—in which "a line card and a fabric card satisfy the claim limitations of separate signal processing circuits." Dkt. 78 at n.2. But, as with its first new theory, this theory also does not appear in the Amended Complaint, and Lionra cannot amend its complaint through its opposition brief. *See Roebuck*, 515 F. App'x at 280.

Finally, Lionra's cases are readily distinguishable. *In re Bill of Lading Transmission & Processing System Patent Litigation* was a case that addressed the sufficiency of the patentee's indirect infringement allegation, not a case where the complaint directly contradicts the claim language. 681 F.3d 1323, 1339 (Fed. Cir. 2012). The other cases to which Lionra cite were based on a plausible claim construction dispute. *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:21-CV-00246- JRG, 2022 WL 739521, at *2 (E.D. Tex. Jan. 14, 2022) (finding that where the steps needed to be performed was an issue of claim construction); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-CV- 00165-ADA, 2022 WL 118955, at *3 (W.D. Tex. Jan. 12, 2022) (finding that the disputed clause could have applied to two different limitations). Given that Lionra cited and quoted documents that repeatedly refer to the fabric cards, it cannot suddenly assert it needs claim construction to understand the relevance of those documents.

## III.  CONCLUSION

For the foregoing reasons and those set forth in Defendants' motion, Defendants respectfully move that the Court hold that Lionra failed to state a claim as to the '323 patent and dismiss Lionra's Count 2 of the Amended Complaint with prejudice.

| | |
|---|---|
| Date:  January 5, 2023 | **GIBSON, DUNN & CRUTCHER LLP**<br><br>*/s/ Mark N. Reiter*<br>Veronica Smith Moyé (24000092)<br>VMoye@gibsondunn.com<br>Mark N. Reiter (16759900)<br>mreiter@gibsondunn.com<br>Ashbey N. Morgan (24106339)<br>anmorgan@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201-6912<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br><br>**HALTOM & DOAN**<br><br>Jennifer Haltom Doan<br>jdoan@haltomdoan.com<br>Kyle Randall Akin<br>kakin@haltomdoan.com<br>6500 Summerhill Road<br>Crown Executive Center Suite 100<br>Texarkana, Tx 75503<br>Telephone: (903) 255-1000<br>Facsimile: (903) 255-0800<br><br>*Attorney for Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC* |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2023, the foregoing was electronically in compliance with Local Rules and served via the Court's electronic filing system on all counsel who have consented to electronic service.

                                            */s/ Mark N. Reiter*
                                            **Mark N. Reiter**