UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> FORTINET, INC., | Case No.  2:22-cv-00322-JRG-RSP <br><br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> CISCO SYSTEMS, INC., | Case No.  2:22-cv-00305-JRG-RSP <br><br> (Member Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, et al, | Case No.  2:22-cv-00319-JRG-RSP <br><br> (Member Case) |
| LIONRA TECHNOLOGIES LTD., <br><br> v. <br><br> PALO ALTO NETWORKS, INC., | Case No.  2:22-cv-00334-JRG-RSP <br><br> (Member Case) |

**PLAINTIFF LIONRA TECHNOLOGIES LTD.'S SUR-REPLY TO
DEFENDANTS HEWLETT PACKARD ENTERPRISE COMPANY AND
ARUBA NETWORKS LLC'S RULE 12(b)(6) MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM OF U.S. PATENT NO. 7,921,323**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT ...................................................................................................................1

    A. HPE Improperly Asks This Court to Draw Unreasonable Inferences Against the Non-Movant Lionra Regarding the Internal Structure of HPE's Accused Products. ...............................................................................................................1

    B. Claim Construction and Discovery Should Be Permitted Without Requiring Lionra to Prove Its Case at the Pleading Stage. ..................................................4

    C. Lionra Should Be Permitted to File an Amended Complaint if the Court Holds that Lionra Has Failed to State a Claim. ...................................................5

III. CONCLUSION ................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ..................................................................................................1, 5

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013) ........................................................................................................3

*Panasonic Corp. v. Magna Int'l, Inc.*,
   No. 6:21-CV-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan. 19, 2022) ..................................2

*Vervain, LLC v. Micron Technology, Inc.*,
   No. 6:21-cv-487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ......................................................5

I.  **INTRODUCTION**

This Court should deny Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC's (collectively "HPE") motion to dismiss Plaintiff Lionra Technologies Ltd.'s ("Lionra") claims for infringement of U.S. Patent No. 7,921,323 ("the '323 Patent") (Dkt. No. 57, "Mot.") because Lionra's Amended Complaint (Dkt. No. 53, "Am. Compl.") alleges a plausible claim of infringement of claims 27, 28, 31, and 33 of the '323 Patent.  "A plaintiff is not required to plead infringement on an element-by-element basis" and a plaintiff "need not prove its case at the pleading stage."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (internal citation and quotation omitted).  Here, Lionra provides detailed notice of its theory of infringement of the '323 Patent and, in fact, HPE concedes that it does not challenge "notice" of Lionra's claim for infringement of the '323 Patent.  Dkt. No. 79 (Reply") at 1.  This notice of infringement is sufficient to defeat HPE's motion.  *Bot M8*, 4 F.4th at 1352 ("[I]t is enough that a complaint place the alleged infringer on notice of what activity ... is being accused of infringement.") (quotation omitted).

II.  **ARGUMENT**

    A.  **HPE Improperly Asks This Court to Draw Unreasonable Inferences Against the Non-Movant Lionra Regarding the Internal Structure of HPE's Accused Products.**

In its reply, HPE argues that Lionra has not alleged a plausible claim of infringement because (1) the accused products have so-called "fabric cards" (Reply at 2), (2) their ASICs do not include a "packet router" (*id.*, at 3), and, (3) there is only one ASIC on a line card. *Id.*  But whether the accused products have "fabric cards" is not the issue—the issue is whether a "fabric card" is a "processing device" as that term is used in the properly construed claims.  Second, whether each ASIC includes a "packet router" can be definitively determined through discovery into the internal details of the ASICs, but it is eminently reasonable to infer that the ASICs on a switch that routes

1

packets include a "packet router." Finally, as discussed below, it is reasonable to infer that there are multiple ASICs on a line card based on the publicly available information regarding switching capacity. On a motion to dismiss, all allegations are accepted as true and Lionra "is not required to provide evidence of infringement at the pleading stage." *Panasonic Corp. v. Magna Int'l, Inc.*, No. 6:21-CV-00319-ADA, 2022 WL 174513, at *2 (W.D. Tex. Jan. 19, 2022). And, here, accepting all of Lionra's allegations as true, it is clear that Lionra has stated a claim for infringement of the '323 Patent.

Notably, HPE does *not* describe what a "fabric card" is and how it performs its functions. Although HPE did, as they assert in their reply (Reply at 4), identify these so-called "fabric cards" in their original motion, that explanation is limited to asserting that fabric cards "provide and allow traffic to move from one line card to another … [the fabric cards] ensure high performance communication between line cards." Dkt. No. 57 at 12. But a simple copper or optical fiber connection (which is not a "processing device") could provide and allow traffic to move from one line card to another. This is especially true where, as here, "[s]witching paths are independent and do not interfere with each other," that there is "[n]o complex centralized controller." Dkt. No. 78 at 5-6 (citation omitted). Accordingly, it is certainly plausible that the accused products infringe this limitation of the asserted '323 Patent claims.

Next, with respect to whether the accused products' ASICs include a "packet router," it should be recognized that the accused products are switches that support a packet-switched protocol-Gigabit Ethernet (GbE). *See* Am. Compl. at ¶ 26. Moreover, the Aruba ASICs identified in the Amended Complaint support a "Virtual Output Queue," which is used for packet buffering. Dkt. No. 53-4 at 13 (Aruba Gen7 ASIC Architecture). The only switching devices disclosed in the publicly available literature for the accused products are ASICs—the internal structure and

2

operation of the ASICs are not publicly available. Significantly, HPE does not assert that the accused products' ASICs do not include the recited "packet router" and it is reasonable to infer they include it based on the publicly-available evidence cited in Lionra's Amended complaint. To that end, the only reasonable inference is that the ASICs include a "packet router." *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013) ("A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible.").

Lastly, HPE's argument that there are not multiple ASIC devices on a line card, (Reply at 3), is necessarily premised on the notion that there can only be one ASIC on each line card. However, this does not appear to be the case based on the publicly available information. For example, there appear to be *two* Gen 7 Fabric ASICs in at least the Accused 6410 switches. *See* Dkt. No. 53-4 at 14 (quoting Aruba Campus switches: Latest enhancements at p.18). Moreover, the Aruba CX 8400 has a switching capacity of 1.2Tbps/slot (*id.* at 3 (quoting ARUBA CX8400 SWITCH SERIES at p.1)), but one of the Aruba ASICs only has 600Gbps Fabric connectivity—which is exactly half of the line card switching capacity and supports an inference that there are two ASICs required to provide the advertised switching capacity. *See id.* at 13 (quoting Aruba Campus switches: Latest enhancements at p.18). The precise number of ASICs on each line card in the accused devices will be established through discovery; but, as shown above, it is entirely plausible—and more than reasonable—to infer that there are multiple ASICs on a line card based on the Amended Complaint.

Finally, HPE's assertion that Lionra is presenting contradictory infringement theories is also based on this erroneous premise. Lionra has consistently asserted that the intervening high speed optical link may be an optical fiber connection between two switches such as the ISL in the

3

Virtual Switching Extension (VSX) shown on Exhibit 4 to the Amended Complaint. *See, e.g.*, Dkt. No. 53-4 at 16 (quoting High Availability from Campus to Data Center) and discussions of Virtual Switching Framework technology and optical fiber connections at 17-20. This was also set forth in the original complaint. *See* Dkt. No. 1 at 14 ("multiple Aruba CX 8400 switches are connected to the network through a QSFP or QSFP+ module/interface which supports both Ethernet and fiber optics network connection:…"). Lionra's presentation of a plausible configuration in which each switch only has a single line card shows that there is infringement without implicating the fabric card at all, mooting the issue of whether a fabric card is a processing device.

      **B.    Claim Construction and Discovery Should Be Permitted Without Requiring Lionra to Prove Its Case at the Pleading Stage.**

As discussed above and in Lionra's opposition, Lionra's Amended Complaint establishes a plausible claim that the accused HPE products infringe the asserted '323 Patent claims. But there are issues that need to be resolved before definitively <u>proving</u> that HPE infringes the asserted claims and Lionra need not prove its case at the pleading stage. Rather, these issues are best resolved through claim construction and discovery.

As discussed in Lionra's opposition, the specification of the '323 Patent provides specific examples of a "processing device" in the context of a signal processing circuit, and it will require claim construction to resolve HPE's assertions regarding what does and does not fall within the scope of the recited "processing device." *See* '323 Patent at 19:47-50 ("embedded processing devices (e.g., such as Xilinx Virtex-II Pro PowerPCs, Xilinx Microblaze, Xilinx Picoblaze, Altera Nios, Altera ARM, etc.), ….").

The factual issues raised by HPE's motion that require discovery are straightforward. First, what are the components of the so-called "fabric card" and do the "fabric cards" constitute a

4

"processing device" as that term is used in the '323 Patent? As discussed above, it is reasonable to infer that they do not and therefore the accused products satisfy the claim language. Second, do the ASICs in the accused products include a "packet router"? As discussed above, it is eminently reasonable to infer that they do. Third, are there multiple ASICs on line cards in the accused devices? Again, the factual allegations in the Amended Complaint articulate why it is plausible that there are multiple ASICs and the accused products infringe the asserted '323 Patent claims. Lionra has clearly stated a claim for infringement, and HPE concedes that it is on notice of Lionra's infringement theories. That is all that is required at the pleading stage. *Bot M8*, 4 F.4th at 1352.

### C. Lionra Should Be Permitted to File an Amended Complaint if the Court Holds that Lionra Has Failed to State a Claim.

The Docket Control Order in this case sets a date of September 1, 2023 to file amended pleadings. *See* Dkt. No. 59 at 4. Accordingly, Lionra should be permitted to file an Amended Complaint if this Court rules that Lionra has failed to state a claim for infringement of the '323 patent.[1] This is consistent with the Federal Circuit's ruling in *BotM8 LLC* and the district court decision in *Vervain*. *See Bot M8*, 4 F.4th at 1357 ("Were we reviewing that order under Rule 15's standards, we might well find that the district court abused its discretion in denying leave to amend."); *Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) (granting leave to file an amended complaint).

### III. CONCLUSION

For the reasons stated above, HPE's motion should be denied in its entirety. Alternatively, Lionra should be permitted to amend its allegations concerning infringement of the '323 Patent.

---

[1] "It is not necessary to seek leave of Court ot amend pleadings prior to this deadline [September 1, 2023] unless the amendment seeks to assert additional patents." Dkt. No. 59 at 4.

5

| | |
|---|---|
| Dated: January 12, 2023 | Respectfully submitted,<br><br>By: */s/ Brett E. Cooper*<br>Brett E. Cooper (NY SBN 4011011)<br>bcooper@bc-lawgroup.com<br>Seth R. Hasenour (TX SBN 24059910)<br>shasenour@bc-lawgroup.com<br>Jonathan Yim (NY SBN 5324967)<br>jyim@bc-lawgroup.com<br>Drew B. Hollander (NY SBN 5378096)<br>dhollander@bc-lawgroup.com<br>**BC LAW GROUP, P.C.**<br>200 Madison Avenue, 24th Floor<br>New York, NY 10016<br>Tel.: (212) 951-0100<br>Fax: (646) 293-2201<br><br>*Attorneys for Plaintiff Lionra Technologies Limited* |

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on January 12, 2023 via electronic service.

>    */s/ Drew B. Hollander*
>        Drew B. Hollander