**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>  Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>  Defendant. | Case No. 2:22-cv-00322-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FORTINET, INC.'S MOTION TO TRANSFER
TO THE NORTHERN DISTRICT OF CALIFORNIA**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS .............................................................................................. 2
    A. This Action is in the Beginning Stages ............................................................... 2
    B. Fortinet Has Strong Connections to the Northern District of California ............. 2
    C. Plaintiff Has Minimal Connections to E.D. Tex. ................................................. 5
    D. The Non-Party Witnesses Also Support Transfer ................................................ 5
III. LEGAL STANDARD ..................................................................................................... 5
IV. ARGUMENT ................................................................................................................... 6
    A. Plaintiff Could Have Brought This Case in N.D. Cal. ......................................... 6
    B. The "Private Factors" Weigh in Favor of Transfer .............................................. 6
        1. Ease of Access to Sources of Proof: Weighs in Favor of Transfer ......................................................................................................... 6
        2. Cost of Attendance for Willing Witnesses: Weighs in Favor of Transfer ......................................................................................................... 8
        3. The Availability of Compulsory Process to Secure Attendance of Non-Party Witnesses: Neutral .................................................................. 10
        4. The Remaining Private Interest Factors are Neutral .............................. 10
    C. The "Public Factors" Weigh in Favor of Transfer ............................................. 11
        1. Administrative Difficulties Flowing from Court Congestion: Neutral ................................................................................................... 11
        2. Local Interests: Weigh in Favor of Transfer ......................................... 11
        3. Remaining Considerations: Neutral ....................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201
 (W.D. Tex. June 13, 2014) ......................................................................................... 8-9

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2014 WL 6847569
 (E.D. Tex. Nov. 7, 2014) ............................................................................................ 10

*Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761 (E.D. Tex. 2009) ........................................... 6

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ................................................... 6-8, 11

*GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484
 (E.D. Tex. Jan. 14, 2013) ............................................................................................ 10

*In re Google LLC,* No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ..................... 11

*Hammers v. Mayea-Chang*, 2019 WL 6728446 (E.D. Tex. Dec. 11, 2019) ............................... 7

*Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673 (E.D. Tex. 2001) ................................................... 5

*Ho Keung Tse v. Google*, No. 6:12-cv-356, 2012 WL 6497124
 (E.D. Tex. Dec. 13, 2012) ............................................................................................. 9

*In re: HP Inc.,* 826 F. App'x ........................................................................................................ 7

*In re: HP Inc.*, 826 Fed.Appx. 899 (Fed. Cir. 2020) ............................................................... 6-7

*In re Juniper Networks, Inc.,* 14 F.4th 1313 (Fed. Cir. 2021) ................................................... 11

*Kroy IP Holdings, LLC v. Starbucks Corp.*, 2014 WL 5343168
 (E.D. Tex. Sept. 30, 2014) .......................................................................................... 10

*Lionra Technologies Limited v. Cisco Systems, Inc.*, No. 2:22-cv-00305
 (E.D. Tex) .................................................................................................................... 8

*Lionra Technologies Limited v. Hewlett Packard Enterprise Company et al.*,
 No. 2:22-cv-00319 (E.D. Tex) ..................................................................................... 8

*Lionra Technologies Limited v. Palo Alto Networks, Inc.*,
 No. 2:22-cv-00334 (E.D. Tex) ..................................................................................... 8

*MacroSolve, Inc. v. Geico Ins. Agency,* No. 6:12-cv-00074-MHS-KNM,
 2014 WL 12597415 (E.D. Tex. January 30, 2014) ..................................................... 10

*In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011) ............................................................... 8

*Network Protection Sciences, LLC v. Juniper Networks, Inc.*,
   No. 2:10-cv-224-JRG, 2012 WL 194382 (E.D. Tex. Jan. 23, 2012) ...................................... 2

*Sonix Tech. Co., LTD v. VTech Elec. N. Am., LLC*, No. 6:10-CV-68,
   2010 WL 5139502 (E.D. Tex. Dec. 9, 2010) ........................................................................ 8

*In re TS Tech United States Corp.,* 551 F.3d 1315 (Fed. Cir. 2008) ......................................... 11

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ............................................................................... 5

*In re Volkswagen AG,* 371 F.3d 201 (5th Cir. 2004) ............................................................... 8-9

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ............................. 5-6, 11

## Statutes

28 U.S.C. § 1400(b) ..................................................................................................................... 6

28 U.S.C. § 1404(a) .............................................................................................................. 2, 5, 8

**I.      INTRODUCTION**

This case should be transferred to the Northern District of California—where the majority of the relevant witnesses, documents, and electronically stored information are located in the United States. The current venue has no meaningful connection to the Fortinet witnesses and products relevant to this case, and Fortinet's minimal connections do not merit keeping this case here, when the Northern District of California is clearly more convenient.

For example, the Northern District of California is Defendant Fortinet, Inc.'s ("Fortinet") home. Fortinet was founded in northern California in 2000, and its headquarters are in Sunnyvale, California. The accused products in this case, to the extent they were designed and developed in the United States, were designed and developed in the Northern District of California. Any other design and development of the accused products occurred nearby in Vancouver, British Columbia. In addition, the vast majority of Fortinet's documents likely to be used at trial, including documents relating to the development and commercialization of the accused products are in the Northern District of California and Vancouver, and the source code for the accused products likely to be used at trial is in Vancouver. The majority of Fortinet's U.S. employees devoted to engineering, finance, operations, manufacturing, and marketing, including any of the decision-makers related to the accused products, work in the Northern District of California; none are in Texas. By contrast, Fortinet only has a single office in Texas (in Plano); employees in this office have roles related to business development, sales, and customer support. and no product or source code development relating to the accused products likely takes place or is located there.

Plaintiff Lionra Technologies Limited ("Lionra") is at home in Dublin, Ireland. Lionra was founded in 2021, and has its headquarters in Ireland. Lionra has at best a tenuous and patent-litigation-only connection to the Eastern District of Texas.

Given these facts, Fortinet respectfully moves to transfer this case under 28 U.S.C. § 1404(a) to the Northern District of California, as it is clearly the more convenient forum.

## II.      STATEMENT OF FACTS

### A.      This Action is in the Beginning Stages

Plaintiff filed its Complaint against Fortinet on August 19, 2022. *See* Dkt. No. 1. Plaintiff alleges that it is the owner of U.S. Patent Nos. 7,302,708, 7,685,436, 7,921,323, and 8,566,612 (collectively the "Patents-in-Suit"). *Id*. at ¶¶ 2-5. Plaintiff alleges that Fortinet infringes the Patents-in-Suit by "making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit." *Id.* at ¶ 12.

Fortinet has only filed its answer, on October 28, 2022, and trial has been set for May 2024. Thus, as of the filing of this motion, this case is still in its early phases, and no major activities have taken place yet.

### B.      Fortinet Has Strong Connections to the Northern District of California

Witnesses. Founded in 2000, Fortinet's principal place of business and headquarters are in Sunnyvale, California. Ex. 1 (Learn More About Fortinet and the Security Fabric, https://www.fortinet.com/corporate/about-us/about-us (last visited Dec. 9, 2022)); Ex. 2 (Fortinet Form 10-K, at 4 (filed Feb. 25, 2022), https://investor.fortinet.com/static-files/9fcde4ec-a3f0-4e19-bb7a-bbcb346903bc). The majority of Fortinet's U.S. employees devoted to engineering, finance, operations, manufacturing, and marketing work in the Northern District of California. Declaration of William Cooper ("Cooper Decl.") at ¶ 6; *see also Network Protection Sciences, LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224-JRG, 2012 WL 194382, at *6 (E.D. Tex. Jan. 23, 2012) ("[N]early all of . . . Fortinet's . . . management and technical witnesses reside in the Northern District of California, where the compan[y] [is] headquartered."). Similarly, the majority of Fortinet's U.S. employees who research, design,

develop, and market products, including those with knowledge of the accused products mentioned below, typically work in the Northern District of California. (Cooper Decl. at ¶ 7). Further, Fortinet's U.S. manufacturing assembly and operations center is in Union City, in northern California. Ex. 2 at 45.

Across the Patents-in-Suit, Plaintiff listed a vast swath of Fortinet products in its original and purported amended infringement contentions, but attempted to chart in its original infringement contentions only FortiWeb Cloud, the FortiADC appliance (specifically charting FortiADC 7.0.2 running on the FortiADC 5000F appliance), and the FortiGate appliance (specifically charting the FortiGate-7060E running FortiGate/FortiOS 6.0 and the FortiGate 7121F) (hereinafter, "accused products").[1] *See* Ex. 3 at 2-5 (Plaintiff's Disclosure of Asserted Claims & Infringement Contentions for Defendant Fortinet, Inc.). The following key employees have relevant knowledge, and each works in Northern California: Alex Samonte, Fu Liu, and Fulei Deng have knowledge regarding the design, development, and functionality of certain of accused products; Rodney Mock has knowledge regarding competitive analysis of the accused productions; Jenny Ning, who has knowledge regarding source code for certain of the accused products; and Jim Bray has knowledge regarding the financials related to the accused products, and these employees work in Northern California. (Cooper Decl. at ¶ 9). Further, Fortinet's

---

[1] Fortinet has addressed in this motion the accused products that Lionra purported to chart in its original infringement contentions. On December 7, 2022, Fortinet sent a letter to Lionra identifying deficiencies with Lionra's infringement contentions and the impact on the scope of accused products. On January 17, 2023, Lionra served purported amended infringement contentions. In its January 26 response, Fortinet stated that it will oppose a motion by Lionra to amend its contentions, as the purported amended contentions remain deficient and do not comply with the Local Patent Rules with respect to the products and supporting materials added to the claim charts. *See* Decl. of David C. Dotson, in support of the foregoing paragraph.

senior management in the United States, including its founders, CEO, CTO, CMO, and decision-makers related to the accused products, are in the Northern District of California. *Id*. at ¶ 10.

Additional Fortinet employees outside of the United States, who research, design, and develop products, including those with knowledge of the accused products, work in the Vancouver area, British Columbia, Canada. *Id*. at ¶ 11. Bob Zhu has knowledge regarding Fortinet's source code management for certain of the accused products, and Jeff Crawford has knowledge of Fortinet's project management, document management, and product tracking system (known as, "Product Management Database" or "PMDB"), which includes information regarding the accused products, and these employees work in the Vancouver area. *Id*. at ¶ 12.

<u>Documents</u>. Similarly, a large volume of the documents in the United States and relevant to trial, including those regarding the design, development, commercialization, and marketing of the accused products, are located on servers in or near Sunnyvale in the Northern District of California. *Id.* at ¶ 13. Source code and a second main source of documents related to the accused products are stored on servers in or near Vancouver. *Id.* at ¶ 14. To the extent Fortinet employees have physical copies of documents or local copies saved electronically, those documents are in the possession of the employee in their respective locations, e.g., Sunnyvale or the Vancouver area. *Id.* at ¶ 15.

<u>Fortinet's Texas Presence</u>. By contrast, Fortinet has only a single office in Texas (in Plano), and the employees in this office have roles related to business development, sales, and customer support. *Id.* at ¶ 16. Importantly, no product or source code development relating to the accused products likely takes place or is located in this office. *Id.* at ¶ 17. To the extent any employee in the Plano office may have knowledge or documents relevant to the accused products, such knowledge or documents are likely non-unique and cumulative of information and

documents possessed by Fortinet employees in Northern California or the Vancouver area. *Id.* at ¶ 18.

### C.  Plaintiff Has Minimal Connections to E.D. Tex.

Plaintiff Lionra is, by its own admission, a technology licensing company organized under the laws of Ireland. Dkt. No. 1 at ¶ 1. Lionra is headquartered in The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. *Id*. Also, at least one of its directors, Gerald Padian, lists addresses also at The Hyde Building in Dublin, Ireland, as well as in White Plains, New York. *See* Ex. 4.

### D.  The Non-Party Witnesses Also Support Transfer

Although this case is in its early stages, Fortinet is not aware of any non-party witnesses who reside in this District. In addition, at least one third-party witness, Mark Gooch, is located in California and closer to the Northern District of California than this District. *See* Dkt. 66, at 11. Upon information and belief, Mr. Gooch works for Hewlett Packard Enterprise, located at 8000 Foothills Blvd., Roseville, CA 35747, and has knowledge regarding the ProCurve 5300, which could be prior art to the '323 Patent. *Id.*

## III.  LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). This prevents "waste of time, energy and money and . . . protect[s] litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately, "[i]t is within the sound discretion of the court to decide to transfer venue." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). But a court "must exercise its discretion in light of the particular circumstances of the case." *Id.* There is "good cause" to transfer when the transferee venue is clearly more convenient. *In re*

*Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *see also In re: HP Inc.*, 826 Fed.Appx. 899, at 901 (Fed. Cir. 2020). The convenience analysis focuses on a series of private and public factors addressed in detail below.

IV. **ARGUMENT**

    A. **Plaintiff Could Have Brought This Case in N.D. Cal.**

A threshold question is whether the case could have been brought in the transferee forum. Venue is proper in the Northern District of California because Fortinet maintains its headquarters (*i.e.*, "a regular and established place of business") there, and because Plaintiff alleges that Fortinet "has committed and continues to commit acts of infringement" by "making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit" the accused products, which likewise takes place in N.D. Cal. (*i.e.*, alleged "acts of infringement"). Dkt. 1 at ¶ 12. Accordingly, Plaintiff's infringement claims could have been brought in and may be transferred to N.D. Cal. *See* 28 U.S.C. § 1400(b).

    B. **The "Private Factors" Weigh in Favor of Transfer**

Next, the Court considers the so-called private interest factors, which include: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; (3) the availability of compulsory process to secure witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315.

        1. **Ease of Access to Sources of Proof: Weighs in Favor of Transfer**

This factor "turn[s] upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed physical location in relation to the transferee and transferor venues." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 767 (E.D. Tex. 2009). This is true even "in the era of electronic storage and transmission." *In re Genentech, Inc.*, 566 F.3d 1338, 1345-46 (Fed. Cir. 2009). Generally, in "patent infringement cases, the

bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.*  This is particularly so if the documents are relevant to and substantially noncumulative of other evidence presented at trial and where no party is in the Eastern District of Texas.  *See In re: HP Inc.,* 826 Fed.Appx. at 902; *Hammers v. Mayea-Chang*, 2019 WL 6728446, at *7 (E.D. Tex. Dec. 11, 2019).

Here, the bulk of the evidence relevant to the trial in this case is located in the Northern District of California or nearby in Vancouver. A large volume of Fortinet's documents in the United States relating to the design, development, commercialization, and marketing of the accused products are located on servers in or near Sunnyvale, and source code and additional product documents are located on servers in or near Vancouver.  *See* Section II.B.  During trial, these documents will be relevant, at least, to Plaintiff's infringement claims, Plaintiff's damages analysis, and Fortinet's rebuttal thereof.  Further, Fortinet alone (not Plaintiff) has the relevant source code, and Fortinet is also likely to be the sole source of the relevant documents.  Thus, these potential sources of proof are necessary to and noncumulative of other evidence presented at trial, and transfer would make access to these sources of proof more convenient.  *Id.*

Fortinet's single office in Plano, Texas does not change the analysis— likely no product or source code development relating to the accused products takes place or is located there.  *Id.*  Further, this office has employees related to business development, sales, and customer support, and to the extent they might have any information, it will likely be non-unique and cumulative of documents and code located in or near Sunnyvale or Vancouver. *Id.*  Thus, this factor favors transfer.  *See In re: HP Inc.,* 826 F. App'x at 904 (factor favored transfer where documents were in the Northern District of California and no party was in the Eastern District of Texas).

Likewise, because it is headquartered in Ireland, Lionra does not appear to have any documents in this District. Additionally, Lionra does not have any offices, employees, or witnesses within this District, further weighing in favor of transfer. *See Sonix Tech. Co., LTD v. VTech Elec. N. Am., LLC*, No. 6:10-CV-68, 2010 WL 5139502, at *2 (E.D. Tex. Dec. 9, 2010) (finding this factor weighs in favor of transfer because plaintiff does not have any connection to the United States and does not have offices, employees, documents or witnesses in the United States); *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014) (finding this factor weighs in favor of transfer where lawsuit between a foreign plaintiff and a defendant with longstanding and significant ties to the Northern District of California was filed in Texas).

Plaintiff has three other pending lawsuits in the Eastern District of Texas including the Patents-in-Suit,[2] but any documents that might be moved to this District for purposes of those cases should not be given weight. *See, e.g., In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (transfer of documents to company's offices in anticipation of litigation supported finding that venue was manipulated in § 1404(a) analysis).

### 2. Cost of Attendance for Willing Witnesses: Weighs in Favor of Transfer

The convenience and cost of witness attendance is "the single most important factor in [a] transfer analysis." *Genentech*, 566 F.3d at 1343. This factor is analyzed in view of the Fifth Circuit's "100-mile" rule, which provides that when the proposed venue is more than 100 miles from the transferor court, witness inconvenience increases in direct relationship to the additional distance to be traveled. *In re Volkswagen AG,* 371 F.3d 201, 204-05 (5th Cir. 2004). Here,

---

[2] *Lionra Technologies Limited v. Palo Alto Networks, Inc.*, No. 2:22-cv-00334 (E.D. Tex); *Lionra Technologies Limited v. Hewlett Packard Enterprise Company et al.*, No. 2:22-cv-00319 (E.D. Tex); *Lionra Technologies Limited v. Cisco Systems, Inc.*, No. 2:22-cv-00305 (E.D. Tex).

none of the parties or their witnesses is in the Eastern District of Texas; Fortinet and the majority of the relevant willing witnesses are in the Northern District of California. *See* Section II.B – C.

Again, the Fortinet employees with knowledge regarding the accused products - including the employees who designed, developed, commercialized, and marketed these products - work in or near Fortinet's Sunnyvale headquarters or the Vancouver area. *See* Section II.B. There is likely not a single Fortinet employee, even if they have relevant knowledge, with non-cumulative testimony for this case located in Texas. *Id.* Also, the disruption to Fortinet's business activities should its employees appear for trial, hearings, or other proceedings will be significantly increased if they have to travel to the Eastern District of Texas rather than the Northern District of California. (Cooper Decl. at ¶ 19). Thus, unless this matter is transferred, Fortinet's relevant witnesses and corporate representatives will be forced to travel ~1,800 miles from California to Texas or ~2,300 miles from the Vancouver area to Texas.

As for Plaintiff, Fortinet is not aware of *any* fact witnesses in the Eastern District of Texas who have information relevant to the issues in this case. Plaintiff's principal place of business and headquarters are in Ireland. *See* Section II.C, *supra*. Lionra, a foreign corporate entity, has no substantive connection to this District; therefore, this factor must weigh in favor of transfer. *See Ho Keung Tse v. Google*, No. 6:12-cv-356, 2012 WL 6497124, at *2, *3 (E.D. Tex. Dec. 13, 2012) (transferring case was appropriate where plaintiff has no real connection to the Eastern district of Texas, is a resident of Hong Kong, and provided no evidence that plaintiff does any business or has any other ties to Texas); *see also, DataQuill, Ltd.*, 2014 WL 2722201, at *4 (factor supports transfer where foreign plaintiff and a defendant with

longstanding and significant ties to the Northern District of California was filed in Texas). This factor weighs in favor of transfer.

### 3. The Availability of Compulsory Process to Secure Attendance of Non-Party Witnesses: Neutral

For this factor, the Court evaluates the subpoena power over non-party witnesses. Fortinet is not aware of any material non-party witnesses who are located in the Eastern District of Texas or within the Court's subpoena power. Thus, this factor is neutral. *See MacroSolve, Inc. v. Geico Ins. Agency,* No. 6:12-cv-00074-MHS-KNM, 2014 WL 12597415, at *2 (E.D. Tex. January 30, 2014) (finding this factor neutral because neither party identified third-party witnesses in this transferee district or the transferor district).

### 4. The Remaining Private Interest Factors are Neutral

The final private interest factors are the practical problems related to the ease, expense, and expediency of trial. These problems "include those that are rationally based on judicial economy." *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2014 WL 6847569, at *4 (E.D. Tex. Nov. 7, 2014).

The fact that Plaintiff has other cases pending in E.D. Tex. is not sufficient to deny transfer to N.D. Cal. *See Kroy IP Holdings, LLC v. Starbucks Corp.*, 2014 WL 5343168, at *4 (E.D. Tex. Sept. 30, 2014) ("[s]tanding alone, the presence of separately filed cases cannot justify venue in this district, or defeat an otherwise compelling case for transfer."); *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484 at *6 (E.D. Tex. Jan. 14, 2013) ("[t]he Court will not permit the existence of separately filed cases to sway its transfer analysis. Otherwise, a plaintiff could manipulate venue by serially filling cases within a single district.").

Indeed, under the circumstances here, the separate filings are entitled to essentially no weight. Plaintiff filed the other three cases in this district at about the same time as this case.

At this point, the Court has not devoted any time to any of them, nor decided any issues. This factor is neutral.

### C. The "Public Factors" Weigh in Favor of Transfer

The final factors to be considered are those that go to the public interest, including: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen*, 545 F.3d at 315.

#### 1. Administrative Difficulties Flowing from Court Congestion: Neutral

The first factor, the administrative difficulties flowing from court congestion, is neutral. The Federal Circuit has held that this factor is largely speculative and "insufficient to warrant keeping th[e] case in the Texas forum given the striking imbalance favoring transfer based on the other factors." *In re Google LLC,* No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021). Moreover, because Lionra does not make or sell any products that practice the asserted patents, it cannot "suggest it is in need of a quick resolution because its position in the market is being threatened," thereby minimizing any weight that can be attributed to this factor. *See In re Juniper Networks, Inc.,* 14 F.4th 1313, 1322 (Fed. Cir. 2021).

#### 2. Local Interests: Weigh in Favor of Transfer

This factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *Genentech*, 566 F.3d at 1347. Generally, local interests that "could apply virtually to any judicial district or division in the United States," *e.g.*, sale of an accused product that is sold throughout the United States, are disregarded in favor of particularized local interests. *In re TS Tech United States Corp.,* 551 F.3d 1315, 1321 (Fed. Cir. 2008).

Here, the Northern District of California has a particular local interest in adjudicating this dispute because Fortinet is headquartered in that district; relevant design and development activity related to the accused products occurred there; and most of the relevant evidence and many potential witnesses are located in N.D. Cal.  *See* Sections II.B, II.C, II.D.  In contrast, this District does not appear to have any particularized interest in this dispute.  *See* Section II.C. Thus, this factor weighs in favor of transfer.

### 3. Remaining Considerations:  Neutral

The remaining public interest factors are neutral given that federal patent law will apply to this case, any judgment would be equally enforceable in both districts.

Dated: February 7, 2023

Respectfully submitted,

/s/ Alice E. Snedeker
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet
mcgaudet@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 1700
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

*Counsel for Defendant Fortinet, Inc.*

- 13 -

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 7, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ Alice E. Snedeker
Alice E. Snedeker

## CERTIFICATE OF CONFERENCE

The undersigned herby certifies that counsel for Fortinet complied with the meet and confer requirement in Local Rule CV-7(h) on February 6, 2023.  This motion is opposed.

/s/ Alice E. Snedeker
Alice E. Snedeker