IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0322-JRG-RSP |
| | § | (Lead Case) |
| | § | |
| FORTINET, INC., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court, Defendant Cisco Systems, Inc. moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that the patent in suit claims ineligible subject matter under 35 U.S.C. § 101.[1] For the following reasons, the motion should be **DENIED**.

Pursuant to 35 U.S.C. § 101, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." "A claim falls outside § 101 where (1) it is directed to a patent-ineligible concept, *i.e.*, a law of nature, natural phenomenon, or abstract idea, and (2), if so, the particular elements of the claim, considered both individually and as an ordered combination, do not add enough to transform the nature of the claim into a patent-eligible application." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166–67 (Fed. Cir. 2018) (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014)).

To determine whether a claim is directed to an eligible subject matter, courts ask "what the patent asserts to be the 'focus of the claimed advance over the prior art.' " *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1292 (Fed. Cir. 2020) (quoting *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161,

---

[1]**Dkt. No. 21** of member Civil Action No. 2:22-cv-00305. The motion was filed before the consolidation order. A response, reply, and sur-reply briefs were filed in the lead case. Dkt. Nos. 49, 56 & 62.

1168 (Fed. Cir. 2019)). During this inquiry, the focus is on the claim language considered in the light of the specification. *Id.* (quoting *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016)). The analysis must not indulge in "overgeneraliz[ations]" resulting in "abstractions" "untethered" from the claim language. *Enfish*, 822 F.3d at 1337. Instead, the analysis "depends on an accurate characterization of what the claims require and of what the patent asserts to be the claimed advance. The accuracy of those characterizations is crucial" to the analysis. *TecSec*, 978 F.3d at 1294.

In cases involving improvements to computing technology and networks, the Federal Circuit has relied upon two inquires: (1) "whether the focus of the claimed advance is on a solution to a problem specifically arising in the realm of computer networks," and (2) "whether the claim is properly characterized as identifying a specific improvement in computer capabilities or network functionality, rather than only claiming a desirable result or function." *Id.* at 1293 (compiling cases). It is insufficient for a patent to invoke a computer "merely as a tool" to execute an abstract idea. *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303, 1306–07 (Fed. Cir. 2020) ("In cases involving software innovations, this inquiry often turns on whether the claims focus on specific asserted improvements in computer capabilities or instead on a process or system that qualifies an abstract idea for which computers are invoked merely as a tool.") (citing *Customedia Tech., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020), and *Finjan, Inc. v Blue Coat Systems, Inc.*, 879 F.3d 1299, 1303(Fed. Cir. 2018)); *TecSec*, 978 F.3d at 1293 (compiling cases). Because the Court ultimately finds that the claims of the asserted patent are directed to eligible subject matter at step 1, a recitation of the law at step 2 is unwarranted.

The asserted patent, U.S. Patent No. 7,916,630 ("'630 patent"), is directed to

> [A] system having distributed components arranged in a logical ring structure, each component monitors only their respective neighboring component in the structure and the condition of the neighboring component is determined. If a component determines a condition of its neighboring component that corresponds to a predefinable condition, the component informs the other components of the system of the predefined condition of the neighboring component.

'630 Patent, Abstract. The patent describes a prior art method referred to as "Ping-Pong messages" wherein a centralized computer individually "pings" a message to each network computer, which in return "pongs" a response. The specifications claim this method to be inefficient in terms of message volume and requiring significant redundancy. *Id.* at 1:14-2:28. Claim 1 reads

> A method for monitoring a system condition of a network with distributed components organized in a logical ring structure, comprising:
>
> each component in the system monitoring only a single respective neighboring component among said distributed components that is a predecessor or successor of said each component in the logical ring structure to determine a current condition of the respective neighboring component; and
>
> each component in the system informing all other components of the system about the current condition of the respective neighboring component when the current condition corresponds to at least one predefined condition.

*Id.* at 6:25-38. The remaining independent claims of the '630 patent similarly claim a logical ring structure. *Id.* 7:19-8:20 (independent claims 14 and 15).

There is no doubt from this information that claim 1 is directed to patent eligible subject matter. The ability of a network to monitor itself is clearly a problem specifically arising in the realm of computer networks, the specifications clearly describe a prior art method, i.e. "ping-pong" messages, with inherent issues, and claim 1 clearly identifies a specific improvement over the prior art, i.e. a logical ring structure with each component monitoring its neighbor and sharing the results.

The Federal Circuit has repeatedly held that claims directed to an improvement in computer or network functionality are patent eligible. *See, e.g., SRI Int'l, Inc. v. Cisco Sys. Inc.*, 930 F.3d

1295 (Fed. Cir. 2019); *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143 (Fed. Cir. 2019); *Finjan, Inc. v. Blue Coat System, Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343 (Fed. Cir. 2018); *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253 (Fed. Cir. 2017); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016). Here, the '630 Patent claims are directed to a tangible improvement to computer network functionality through the use of a logical ring monitoring system.

For the reasons discussed above, it is the **RECOMMENDATION** of the undersigned that Cisco's motion to dismiss, **Dkt. No. 21**, should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 8th day of April, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE