IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:22-CV-00322-JRG-RSP |
| v. | § § | (LEAD CASE) |
| FORTINET, INC., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion for Leave to Amend Infringement Contentions for Defendant Fortinet, Inc. **Dkt. No. 102**. For the following reasons, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Lionra Technologies Limited filed its Complaint on August 19, 2022, against Fortinet, Inc. asserting, among others, U.S. Patent No. 7,302,708 ("the '708 patent") and U.S. Patent No. 7, 921, 323 ("the '323 patent"). Relevant to this motion is the operative Docket Control Order, Dkt. No. 59, which includes the following deadlines:

- November 3, 2022: Comply with P.R. 3-1 & 3-2 (Infringement Contentions)
- February 10, 2023: Comply with P.R. 3-3 & 3-4 (Invalidity Contentions)
- September 1, 2023: File Amended Pleadings
- November 17, 2023: Claim Construction Hearing
- December 8, 2023: Close of Fact Discovery.

Plaintiff's infringement contentions were served on November 3, 2022 ("the original contentions"). Defendant requested supplementation and clarification of the original contentions on December 7, 2022, and January 26, 2023 (Response at 14-15; Motion at 3,8) prompting Plaintiff's two attempts to provide clarification through amended contentions on January 17, 2023

and February 3, 2023 respectively. Motion at 7, 9; Response at 15. The only remaining dispute for the proposed amended infringement contentions is the inclusion of FortiOS, FortiDDoS, and FortiProxy ("the Products") as accused instrumentalities for the '708 patent.[1]

## II.  LAW

Local Patent Rule 3-1 requires a party claiming infringement to state "separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware." P.R. 3-1(b). The rule then states that the "identification shall be as specific as possible." *Id*. Subsection (c) of Patent Rule 3-1 requires a chart identifying specifically where each element of each asserted claim is found within each accused instrumentality. P.R. 3-1(c).

Under the Local Patent Rules, a party's infringement contentions are final, subject to a few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's infringement contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has approved district courts requiring "a showing of diligence" to establish "good cause" in this context. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (agreeing with the Northern District of California that a showing of "good cause" to amend contentions under N.D. Cal.'s local patent rules requires a showing of diligence).

Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded,

---

[1] Plaintiff's Motion included a dispute regarding infringement contentions for the '323 patent that Defendant chose not to oppose in its Response. Response at 5, FN 1. Therefore, the Court need not further address the '323 patent dispute.

and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### III. ANALYSIS

#### A. Sufficiency of Original and Amended Infringement Contentions

Defendant contends that the original and proposed amended infringement contentions are insufficient to provide notice of infringement claims related to the Products. Response at 11-14. Defendant asserts that the amended charts are deficient because they do not provide a limitation-by-limitation disclosure of the Products. Response at 12. Defendant further asserts that the contentions as amended do not provide sufficient explanation and statements regarding representativeness to connect the Products to the claim charts, in violation of P.R. 3-1. Response at 11, 13-14.

"The purpose of P.R. 3-1 infringement contentions is to provide reasonable notice to an accused infringer of the accused products. This notice allows the accused infringer to conduct its own discovery and prepare its defense." *Revolaze LLC v. J.C. Penney Corp., Inc.*, No. 2:19-CV-00043-JRG, 2020 WL 2220158, at *3 (E.D. Tex. May 6, 2020) (citing *Tivo Inc. v. Samsung Elecs. Co.*, Ltd., 2:15-CV-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016), and *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex 2005)). Plaintiff's original contentions list the Products as accused instrumentalities in the preamble of its claim chart for the '708 patent. *See* Motion Exhibit 1 at 3. The same recitation appears in the amended contention for each claim element present in the charts. *See* Response Exhibits A-C. References to Fortinet documentation for the FortiOS instrumentality, Response Exhibit A, the FortiDDoS instrumentality, Response Exhibit B, and the FortiProxy instrumentality, Response Exhibit C.

The Court finds that Defendant has not shown that the original and amended infringement contentions are so deficient as to render amendment futile. Additionally, the Court finds that for purposes of notice, the original contentions and subsequent attempts to amend provided ample time for Defendant to conduct its own discovery and prepare its defenses related to the Products. The deadline for fact discovery has not passed, allowing further opportunities for the Defendant to conduct discovery and prepare defenses for the Products. Since the Products appeared in the preamble of the original contentions, the Court finds unpersuasive defendants' argument that the amended charts include new accused instrumentalities. Sufficiency of the claim chart as an exemplary chart or as representation for the Products is a separate matter. Therefore, upon a showing of good cause, leave to serve the amendments should be granted.

### B. Plaintiff has established good cause to amend their infringement contentions.

#### i. Diligence and Reason for Delay

Plaintiff asserts as to the first factor that the cause for delay in seeking amendment was ongoing discussions with Defendant to resolve the disputed contentions without seeking redress from the Court. Motion at 11. Additionally, Plaintiff asserts that the attempts to provide amended versions of the original contentions demonstrate diligence. Motion at 10-11. Defendant responds that the ongoing discussions do not excuse the delay in seeking the instant Motion. Response at 14-16.

The Court holds that the first factor weighs in favor of the Plaintiff as diligence has been shown and a sufficient reason for delay has been demonstrated. First, the ongoing discussions and Plaintiff's two attempts to provide clarifying amendments demonstrate diligence. Defendant's argument that gaps in communication undermine diligence is unpersuasive. Intervening email communication notwithstanding, Plaintiff responded to the first request with proposed

amendments within forty-two days and responded to the second request with proposed amendments within nine days. Continuing communication occurred following the second proposal until filing of the instant Motion.

Second, the discussions and efforts to resolve the proposed amendments without the Court's intervention is an adequate explanation for the delay. *See, e.g.*, *Mediostream, Inc. v. Microsoft Corp.*, No. 2:08- CV-369-CE, 2010 WL 4118589, at *2 (E.D. Tex. Oct. 18, 2010) ("This Court will not punish Plaintiff for attempting to avoid opposed motion practice by diligently working . . . to amend its infringement contentions by agreement."). Further, considering that the amendment is only partially disputed, the delay is reasonable since it seemed a joint resolution was possible.

### ii. Importance of the Amendment

Plaintiff contends that denial of the amendment would cut against the principles of judicial economy and prevent Plaintiff from fully litigating the instant patents against the related Products. Motion at 12-13; Reply at 6-7. Defendant responds that, unlike Plaintiff's cited authorities, the amendments are not being sought in response to items uncovered during the discovery process. Response at 16-18.

The Court finds that the second factor weighs in favor of the Plaintiff. First, judicial economy weighs in favor of allowing the amendment to enable full discovery and litigation of the related products presented in the contentions. *See GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00311-JRG-RSP, 2020 WL 7698831, at *3 (E.D. Tex. Dec. 28, 2020). Disallowing inclusion of the Products could result in duplicative litigation that could have been resolved in the instant case.

Second, since the Court has found that the Products appeared facially in the original contentions, it is unnecessary to determine whether the amendment is reacting to instrumentalities

that were produced after the deadline or were uncovered through the discovery process. *See Stragent, LLC v. Freescale Semiconductor, Inc.,* No. 6:10-CV-224, 2011 WL 13227699 at *1-*2 (E.D. Tex. Jul. 14, 2011) (amendment permitted after identification of relevant families during discovery); *Mediostream, Inc. v. Microsoft Corp.,* No. 2:08-CV-369, 2010 WL 4118589, at *2 (E.D. Tex. Oct. 18, 2010) (amendment proper where information was not present to enable contentions for unknown families in the original contentions); *Mass Engineered Design, Inc. v. Ergotron, Inc.,* No. 206-CV-272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008) (amendment adding new products proper when uncovered through discovery efforts); *GREE, Inc. v. Supercell Oy,* No. 2:19-CV-00311-JRG-RSP, 2020 WL 7698831, at *3 (E.D. Tex. Dec. 28, 2020) (amended feature proper since it was publicly launched after filing the original contentions).

### iii. Prejudice to the Defendant

Defendant asserts that the amendment would prejudice it due to a lack of adequate notice of Plaintiff's infringement positions and a hypothetical need to amend the invalidity contentions. Response at 18-19. Plaintiff asserts that identification of the products in the original contentions, the early stage of the case, and diligent cooperation minimizes prejudice suffered due to amendment. Motion at 13-14; Reply at 8-9.

First, the Court finds that any prejudice is minimal due to the early stage of the case. The discovery deadline has not passed, the Markman hearing has not occurred, and amended pleadings are not yet due. Additionally, as discussed above, the original contentions provided sufficient notice such that granting the amendment will not prejudice the Defendant. Therefore, any prejudice from allowing the amendment is minimal and outweighed by the preceding factors.

### iv. Availability of Continuance to Cure Prejudice

Plaintiff contends that prejudice is not presented by the proposed amendment and thus a continuance would not be necessary. Motion at 14. Defendant asserts that a continuance would not cure any prejudice presented, as a continuance would place Fortinet on a different schedule from the other remaining defendants. Response at 19. Accordingly, the Court finds that the fourth factor is neutral.

## IV. CONCLUSION

Since the factors weigh in favor of a good cause, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Infringement Contentions for Defendant Fortinet, Inc.

**SIGNED this 22nd day of August, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE