IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 2:22-CV-00322-JRG-RSP |
| v. | § | (LEAD CASE) |
| | § | |
| FORTINET, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Fortinet, Inc.'s Corrected Motion to Transfer to the Northern District of California. (Dkt. No. 99). After consideration, the Court concludes that Fortinet has not met its burden of showing that the Northern District of California would be a clearly more convenient venue. Accordingly, the Court **DENIES** Fortinet's Motion to Transfer.

## I.      BACKGROUND

Lionra Technologies Limited ("Lionra") filed its Complaint on August 19, 2022. (*See* Dkt. No. 1).  Lionra asserts that certain Fortinet firewall solutions infringe U.S. Patent Nos. 7,302,708, 7,685,436, 7,921,323, and 8,566,612 ("Patents-in-Suit"). *Id.* at 1. Fortinet filed its answer on October 28, 2022 (*See* Dkt. No. 30) and the current Motion to Transfer on March 24, 2023.

## II.      APPLICABLE LAW

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). Once the moving party has established that the instant case could have been brought in the

transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See

2

*Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### III.    ANALYSIS

#### a.   This Action Could Have Been Brought In The Northern District Of California

The parties agree this action could have been brought in the Northern District of California. (*See* Mot. at 6, Dkt. No. 103 at 3 ("Opposition" or "Opp.")). Accordingly, the Court finds this case could have been brought in the Northern District of California.

#### b.   Cooper Declaration

As the burden of proof is on the moving party, Fortinet has provided declarations and documentary evidence to support its motion. However, Lionra argues that many of Fortinet's factual allegations are not sufficiently supported by the record. Primarily, Lionra argues that Mr. Cooper, Fortinet's Senior Vice President of Litigation and Compliance and primary declarant for its Motion, failed to perform an adequate investigation to support his declaration. (Opp. At 3-4). In particular, Lionra points to Fortinet's responses to certain requests for production and an interrogatory to show Mr. Cooper never reviewed "physical evidence that does not also exist in electronic form" or "electronic evidence on individual computers and not on shared locations" nor did he speak with anyone in Texas. (*Id.* at 3-4, 8). As such, Lionra argues when Mr. Cooper testifies "to my knowledge," such statements should hold no weight as Mr. Cooper has no relevant knowledge. (*Id.*)

In response, Fortinet notes Lionra chose not to depose Mr. Cooper or anyone else to fully address the scope of Fortinet's investigation. (Dkt. No. 110 at 3-4 ("Reply").) Fortinet argues that had Lionra asked Mr. Cooper what he did in preparation for his declaration, "he would have testified that Fortinet's human resources department investigated the number, identify, and job roles of Fortinet's employees in Texas."

(*Id.*)[1] Indeed, Fortinet provided Lionra much of the information its human resources department provided Mr. Cooper. (*Id.*).

Considering the parties' showings, the Court finds Lionra has not shown Mr. Cooper's declaration is unreliable. While Lionra rightly identifies certain concerns with Fortinet's declaration, namely that Mr. Cooper is an in-house attorney whose knowledge is second hand, Lionra has not shown any material deficiency with Mr. Cooper's declaration testimony. Instead, Lionra's limited discovery did not uncover any lack of knowledge on Mr. Cooper's part.

### c. The Relative Ease Of Access To Sources Of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). Nonetheless, the Federal Circuit has previously directed courts to "consider[] the location of document custodians and location where documents are created and maintained" even when documents are in electronic format or available via the cloud. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Thus, the Court will weigh physical evidence in favor of the location of such evidence, will weigh identified document custodians, along with the creation and maintenance of records, in favor of their location, and otherwise find electronic documentary evidence fairly neutral.

---

[1] Lionra contends this argument was waived because the particular details of Mr. Cooper's investigation were not presented until Fortinet's Reply, after the close of venue discovery. (Dkt. No. 115 ("Sur-Reply")). However, Mr. Cooper's declaration sets forth that his knowledge is based on review of business records and discussion with other Fortinet personnel. (Dkt. No. 99-1 at ¶4.) Lionra's complaint that Fortinet withheld names of employees on the spreadsheets Mr. Cooper reviewed (Sur-Reply at 3) is unpersuasive when, as Fortinet notes, Lionra withheld this complaint until after the close of discovery (Reply at 4, n.1).

Fortinet argues that because a "large volume of Fortinet's documents in the United States relating to the design, development, commercialization, and marketing of the accused products are located on servers in or near Sunnyvale, and source code and additional product documents are located on servers in or near Vancouver," ND Cal would result in easier access to "the sole source of the relevant documents." (Mot. At 7). Fortinet contends that its Texas offices likely have no relevant product or source code documents as the work done in these offices relates to "business development, sales, and customer support." (*Id.* at 7-8.) Fortinet further notes that Lionra is headquartered in Ireland with no offices in Texas and thus has no evidence that would be more easily accessed in this district. (*Id.*).

Lionra primarily argues that Fortinet's factual support is deficient as discussed above. (Dkt. No. 103 at 3-5 ("Opp.")). Lionra also contends that because all of the evidence identified by Fortinet is in electronic form, it is equally accessible in either forum but does not identify any evidence in this forum. *Id.* at 5.

Considering the facts of this case, the Court finds this factor weighs slightly in favor of transfer. However, since Fortinet exclusively identifies evidence stored on servers, i.e. in electronic form, located in both the Northern District of California and Vancouver, the weight of this factor is minimal. Such electronic storage is readily accessible from any district. *In re Planned Parenthood* ,52 F.4th at 630. This is particularly true of the source code and other documents maintained on servers in Vancouver. Fortinet has not shown there would be any difference between sending electronic files from Vancouver to Texas compared to California.

### d.  The Availability Of Compulsory Process To Secure The Attendance Of Witnesses

In its motion, Fortinet has identified no third-party witnesses for whom it may require compulsory process[2]. (Mot. 10.) Lionra identified a single inventor of a prior art patent identified by Fortinet in this

---

[2] Fortinet identifies corporations that developed prior art systems it alleges are located in ND Cal in its reply. (Reply at 5.) As Fortinet failed to raise this argument in its motion, this argument is not properly before the Court and is waived. *See Cajeli v. United States*, No. 4:13-CR-38(17),

district. *Id.*

Considering the facts of this case, the Court finds this factor weighs slightly against transfer. While prior art documents can be key evidence in patent cases, the Court has observed that prior art witnesses are not regularly called to testify at trial. *See Realtime Data, LLC v. Rackspace US, Inc.,* No. 6:16-CV-00961, 2017 WL 772653, at *8 (E.D. Tex. Feb. 28, 2017).

### e.   The Cost Of Attendance For Willing Witnesses

Fortinet alleges that "the majority of Fortinet's U.S. employees who research, design, develop, and market products, including those with knowledge of the accused products [], typically work in the Northern District of California." (Mot. At 2-3). Fortinet identifies six individuals with relevant, particular knowledge located in the Northern District of California. (*Id.* at 3.) Likewise, Fortinet broadly alleges that its "employees outside of the United States, who research, design, and develop products . . . work in the Vancouver area," and identifies two individuals with that knowledge in Vancouver. (*Id.* at 4). Fortinet further alleges because its Texas operations relate to business development, sales, and customer support and no product or source code development related to the accused products likely takes place in Texas, "[t]here is likely not a single Fortinet employee … with non-cumulative testimony for this case located in Texas." (*Id.* 4-5, 9).

In turn, Lionra identifies some twelve individuals from LinkedIn in Fortinet's Texas offices that Lionra alleges have knowledge of the technical and marketing aspects of the Accused Products. (Opp. At 5-8). Fortinet responds that these individuals work in sales or customer support and one is no longer with Fortinet. (Reply at 2-3.). Lionra responds that individuals working in sales and customer support are likely to have information relevant to several of the *Georgia-Pacific* damages factors. (Sur-Reply at 3-4.)

---

2020 WL 1650823, at *6 (E.D. Tex. Mar. 26, 2020).

Considering the facts of this case, the Court finds this factor is neutral. While Fortinet argues its Texas employees[3] "likely" have no non-cumulative knowledge, this is not the relevant test. Rather, "[a] district court should assess the relevance and materiality of the information the witness may provide." *Genentech*, 566 F.3d 1338, 1333-34 (Fed. Cir. 2009). As such the Court does not discount the potential witnesses identified by Lionra merely because they have knowledge of the same or similar topics as those identified by Fortinet. Rather, it is uncontested that Fortinet's Texas employees have knowledge relevant to damages, Fortinet only contests their level of technical knowledge. (Reply at 2-3.) Indeed, Lionra actually provides a more fulsome description of the potential witnesses it identifies than does Fortinet. (*Compare* Mot. at 3-4 *with* Opp. at 6-7.) As both parties have identified Fortinet employees as potential witnesses with relevant knowledge located in both districts, the factor is neutral.

### f.   All Other Practical Problems That Make Trial Of A Case Easy, Expeditious, And Inexpensive

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011).

Here, the Asserted Patents are asserted by Lionra in two other actions before this Court. *Lionra Techs. Ltd. v. Palo Alto Networks, Inc.*, No. 2:22-cv-00334 (E.D. Tex.); *Lionra Techs. Ltd. v. Cisco Sys.,*

---

[3] Fortinet seems to complain that Lionra's identification of potential Texas witnesses based on LinkedIn profiles is problematic. However, the Federal Circuit has clarified that the identification of witnesses via LinkedIn is not *per se* problematic where, as here, the proffering party offers support as to why that individual would have relevant and material information. *See In re Apple Inc.*, No. 2023-135, 2023 WL 5274629, at *2 (Fed. Cir. Aug. 16, 2023).

*Inc.*, No. 2:22-305 (E.D. Tex.). As such all three suits involve the same or similar issues of claim construction and validity.

Based on these facts, the Court finds this factor weighs against transfer. While the Federal Circuit has explained "judicial economy considerations c[an] not undermine the clear case for transfer in light of the imbalance on the other factors," this factor weighing against transfer is still considered when weighing all factors together. *See In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

### g.  The Administrative Difficulties Flowing From Court Congestion

The median time to trial for cases in the Eastern District of Texas is shorter than for those in the Northern District of California. (Dkt. No. 103-19 at 4.) Fortinet does not contest this fact. (Reply at 5.)

Considering the facts of this case, the Court finds this factor disfavors transfer. As with judicial economy, this factor alone cannot dictate the disposition of Fortinet's motion, but this factor is considered when weighing all factors together. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021).

### h.  The Local Interest In Having Localized Interests Decided At Home

Fortinet argues the Northern District of California has a particularized interest based on Fortinet's headquarters and relevant design and development activity related to the accused products. (Mot. at 12).

Lionra first argues the location of Fortinet's headquarters does not support transfer under this factor as Fortinet has not shown a connection between its headquarters and the events that gave rise to this suit. (Opp. at 10-11.) Lionra further argues that the design and development of the accused product actually occurred in Vancouver. (*Id.*). In particular, Lionra points to Fortinet's admission that relevant source code is in Vancouver and to public statements from Fortinet that

Vancouver is the "center of our FortiGuard threat intelligence research and become a hub of R&D for company." (*Id*. at 11.)

Considering the facts of this case, the Court finds this factor slightly favors transfer. Fortinet is correct that a "District has a local interest in the disposition of any case involving a resident corporate party." *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00441-JRG, 2018 WL 4026760, at *14 (E.D. Tex. Aug. 15, 2018). However, this appears to be the extent of the Northern District of California's local interest. It is clear by Fortinet's own admission Vancouver hosts significant research and development work relevant to the accused products as well as the source code. (Mot. at 4; Opp. at 10-11.) There is no local interest in the Northern District of California based on this research and development work. The amount and relevance of research and development performed in the Northern District of California, by contrast, is contested and unclear.

### i.  Familiarity Of The Forum With Governing Law And Avoidance Of Unnecessary Conflicts Of Law

The parties agree that the last two factors are neutral. (Dkt. No. 99 at 12; Dkt. No. 103 at 12). Therefore, the Court finds that these two remaining factors are neutral.

### j.  Weighing of the Factors

In view of the foregoing factors, the Court must determine whether the Northern District of California is "clearly more convenient" than the Eastern District of Texas. The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors militating against transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual

convenience, if any, and whether such rises to the level of "clearly more convenient." *See id*. Having weighed the foregoing factors, the Court concludes that the Northern District of California has not been shown to be "clearly more convenient."

## IV.     CONCLUSION

The Court therefore **DENIES** Fortinet's Motion for the reasons provided above.

**SIGNED this 12th day of November, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE