# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>                Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>                Defendant. | Case No. 2:22-cv-00322-JRG<br>       (Lead)<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT FORTINET, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................1

III. ARGUMENT .........................................................................................................................2

    A. A Stay is Likely to Simplify the Issues in the Case ................................................ 3

    B. Significant Portions of the Case Remain to be Litigated ........................................ 4

    C. Lionra Will Not Face Undue Prejudice from a Stay ............................................... 6

IV. CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ...................................................................................3

*AR Design Innovations LLC v. Ashley Furniture Inds., Inc.*, No. 4:20-cv-00392-SDJ, 2021 WL 6496714 (E.D. Tex. Jan. 11, 2021) ...................................................7

*Clinton v. Jones*, 520 U.S. 681 (1997) ................................................................................2

*Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) .................................................................2

*CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-cv-00140-WCB, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) .................................................................3

*Emed Techs. Corp. v. Repro-med Sys., Inc.*, No. 2:15-CV-1167-JRG-RSP, 2016 WL 2758112 (E.D. Tex. May 12, 2016) ................................................................5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .................................................................4

*Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-00505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) ................................................... 3-4

*Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014), vacated on other grounds, 780 F.3d 1134 (Fed. Cir. 2015) ................................................................4

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ........................................................................2

*Motion Games, LLC v. Nintendo Co.*, No. 6:12-cv-878-RWS-JDL, 2015 WL 13404313 (E.D. Tex. June 8, 2015) ...............................................................5

*NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................................................................................*Passim*

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-cv-01095-RWS, 2017 WL 11638426 (E.D. Tex. June 16, 2017) ..............................................................5

*Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-00586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ................................................................7

*Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) .......................................................................................6

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) .....................................................................6

iii

*Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Dkt. 47 (Oct. 3, 2017) (Gilstrap, J.) ...................................................................................................................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014) ..................................6

**Other Authorities**

37 C.F.R § 42.100(c).......................................................................................................................2

I.  **INTRODUCTION**

Defendant Fortinet, Inc. ("Fortinet") respectfully moves to stay this case pending the instituted *inter partes* review ("IPR") of both of the Patents-in-Suit asserted against Fortinet, at least until the October 18, 2024 expected deadline for final written decisions in the pending IPRs. A Claim Construction Order issued in this matter on November 27, 2023. Dkt. 162. Immediately thereafter, Plaintiff Lionra Technologies Limited ("Lionra") communicated to Fortinet that it would withdraw two of the four Patents-in-Suit asserted against Fortinet. *See* Ex. 1 (11.28.21 Email from Hollander to Defendants' Counsel). The Court then entered a stipulation between Fortinet and Lionra dismissing those two patents with prejudice in the Fortinet case on December 8, 2023, precipitating this motion the very same day. Dkt. 174. In sum, there are now only two patents remaining in this case against Fortinet, and both of the remaining patents are subject to IPRs that were instituted on October 18, 2023 and to which Fortinet moved to join on November 9, 2023.

As of the date of this filing, the most costly stages of the litigation still remain, including the completion of fact discovery (with at least half of the fact depositions yet to be taken), all of expert discovery, dispositive motions, *Daubert* motions, motions in limine, and pretrial proceedings. Given that this case was just recently narrowed as a result of the Claim Construction Order to include only patents that now have instituted IPRs, the circumstances here warrant a stay. The pending IPRs could result in substantial simplification of the issues, or a complete disposal of this case. This would save the parties and the Court an enormous amount of resources that they otherwise would spend during the upcoming advancements to trial.

II. **FACTUAL BACKGROUND**

Lionra filed its Complaint against Fortinet on August 19, 2022, alleging that Fortinet infringes U.S. Patent Nos. 7,685,436, 8,566,612, 7,302,708 and 7,921,323 (the "Complaint"). Dkt.

1. Around the same time, Lionra filed lawsuits against Cisco Systems, Inc., Palo Alto Networks, Inc., and Hewlett Packard Enterprise Company regarding the same or similar patents. The Court held a claim construction hearing on November 17, 2023, Dkt. 154, and issued the Claim Construction Order on November 27, 2023. Dkt. 162. The following day, on November 28, 2023, Lionra emailed Fortinet that "[i]n light of the Court's Claim Construction Order and the Second Amended Docket Control Order's requirement that Lionra disclose its reduced election of Asserted Claims, Lionra intends to proceed only on" the '436 and '612 Patents against Fortinet. *See* Ex. 1. On December 1, 2023, the parties filed a joint motion to dismiss the '708 and '323 Patents with prejudice. Dkt. 167. The Court entered the stipulation on December 8, 2023. Dkt. 174.

Cisco Systems, Inc. filed IPRs against the '436 and '612 Patents on March 9, 2023. The PTAB instituted those IPRs on October 18, 2023. Fortinet then filed a Motion to Join the IPRs on November 9, 2023. Ex. 2 ('436 Patent Motion for Joinder); Ex. 3 ('612 Patent Motion for Joinder). The final written decisions for both of these IPRs are expected by October 18, 2024. 37 C.F.R § 42.100(c).

### III.    ARGUMENT

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In determining whether to grant a stay, the court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). When deciding whether to stay a case pending IPR proceedings, courts in this District consider: (1) most importantly, whether the stay is likely to result in simplifying the case; (2) whether the proceedings before the Court have reached an advanced stage; and (3) whether the stay will unduly prejudice the nonmoving party. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015

WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* These factors often weigh in favor of a stay when some of the asserted patents/claims are subject to instituted IPRs. *See, e.g., CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-cv-00140-WCB, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019). In this case, considered together, these factors plainly favor granting the requested stay.

### A.   A Stay is Likely to Simplify the Issues in the Case

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (internal quotation marks omitted).

As noted above, all asserted claims of both Patents-in-Suit are currently under PTO review in instituted IPRs. Where, as here, the PTO has instituted IPR proceedings "as to all claims of all asserted patents, this Court has … routinely stayed cases." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021); *see, e.g., CyWee Grp. Ltd. v. Samsung Elecs. Co.,* No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019) ("[T]he case for a stay is stronger when the PTAB institutes IPR proceedings on all of the asserted claims in the litigation."); *see also Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-00505-JRG, 2017 WL 7051628, *1 (E.D. Tex. Oct. 25, 2017).

The practice of staying cases where all asserted claims are subject to instituted IPRs is supported by the data regarding IPR outcomes. In fiscal year 2023, 78.9% of claims that were the

subject of Final Written Decisions in IPRs were found to be unpatentable. *See* Ex. 2 at 12 (PTAB Trial Statistics FY23 End of Year Outcome Roundup).

Even if the PTO invalidates only a portion of the Patents-in-Suit or claims, its proceedings still will have simplified the case while augmenting the record with information that is likely to inform the remaining issues. *See, e.g., Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371–72 (Fed. Cir. 2014), vacated on other grounds, 780 F.3d 1134, 1136 (Fed. Cir. 2015); *NFC Tech.*, 2015 WL 1069111, at *7 ("any disposition by the PTAB is likely to simplify the proceedings before this Court"); *Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Dkt. 47 (Oct. 3, 2017) (Gilstrap, J.) (finding, in granting stay where IPRs were instituted for two out of four patents-in-suit, that there was "a significant likelihood that the outcome of the IPR proceedings will streamline the scope and resolution of these cases").

Staying this case can also simplify litigation in other ways. A stay, for example, can promote judicial economy and avoid potentially wasteful discovery efforts. *See, e.g., NFC Tech.*, 2015 WL 1069111, at *4 ("Many discovery problems relating to prior art can be alleviated by the PTO examination.").

Given the strong likelihood that the IPR decisions will significantly simplify the case, this "most important factor" heavily favors a stay. *NFC Tech.*, 2015 WL 1069111, at *4.

B.   **Significant Portions of the Case Remain to be Litigated**

Significant portions of this case remain to be completed. Jury selection is not set to begin until May 20, 2024. The completion of fact and expert discovery, dispositive and *Daubert* motion hearings, motions in limine, pretrial proceedings, and trial still remain.

Courts in this district have stayed cases pending IPRs at even later points in the case. *See Image Proc. Techs., LLC. v. Samsung Elecs. Co., Ltd*., No. 2:16-cv-00505-JRG, 2017 WL

4

7051628, at *1 (E.D. Tex. Oct. 25, 2017) (Gilstrap, J.) (granting stay three weeks before trial); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016) (granting stay after the close of fact and expert discovery); *Motion Games, LLC v. Nintendo Co.*, No. 6:12-cv-878-RWS-JDL, 2015 WL 13404313, at *1 (E.D. Tex. June 8, 2015) ("While it is true that significant resources have been invested to this point, there is little doubt that a substantial amount of pretrial, trial and post-trial resources have yet to be expended.").

Moreover, Fortinet has shown diligence in pursuing a stay, moving to stay later the same day that the Court entered the parties' stipulation dismissing the '708 and '323 Patents with prejudice, on December 8, 2023 (Dkt. 174). That stipulation narrowed the case against Fortinet to only the two asserted patents that are subject to instituted IPRs (which Fortinet has moved to join). *See Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-cv-01095-RWS, 2017 WL 11638426, at *4 (E.D. Tex. June 16, 2017) ("That [defendant] did not delay in seeking IPR or a stay weighs in favor of granting a stay."); *Emed Techs. Corp. v. Repro-med Sys., Inc.*, No. 2:15-CV-1167-JRG-RSP, 2016 WL 2758112, at *2 (E.D. Tex. May 12, 2016) ("This Court places substantial weight on the parties' diligence when deciding whether to grant a stay."). Additionally, Fortinet is filing this motion within a month of filing its motion to join the IPRs, which was itself just a few weeks after the PTAB instituted the IPRs.

Moreover, Fortinet did not file this motion earlier because, prior to Lionra dropping two of the asserted patents from its case against Fortinet, IPRs had not yet been instituted on all of the Patents-in-Suit asserted against Fortinet. Specifically, the pending IPR on the '323 Patent (one of the two dropped patents against Fortinet) is scheduled for an institution decision by January 31,

2024.[1]  Now that the only remaining patents asserted against Fortinet (as of December 8 2023) are subject to instituted IPRs, Fortinet promptly filed this motion.

Given that Fortinet filed this motion before the close of fact discovery and immediately upon the case entering a posture in which all asserted claims against Fortinet are subject to instituted IPRs, and given the substantial case proceedings still to come, this factor favors a stay.

### C.    Lionra Will Not Face Undue Prejudice from a Stay

"Whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings… focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original).  Lionra and Fortinet are not competitors, and Lionra does not have any business operations apart from maintaining and asserting a patent portfolio.  These facts weigh against any finding of undue prejudice.  *See NFC Tech.*, 2015 WL 1069111, at *3 (finding "generalized claim of injury is entitled to little weight" where plaintiff "does not compete with [defendant] and . . . monetary relief will be sufficient to compensate it for any injury to its patent rights"); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding undue prejudice,' Uniloc and Defendants are not competitors.") (quoting *VirtualAgility,* 759 F.3d at 1318).

Importantly, a "stay will not diminish the monetary damages to which [Lionra] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id.* The "mere delay in collecting those damages does not constitute undue prejudice." *Stragent LLC*

---

[1] The other patent Lionra dismissed from this case is the '708 Patent.  That patent also had instituted IPRs against it, which Fortinet moved to join. However, Fortinet has agreed to withdraw its joinder motion in the '708 Patent IPRs in exchange for Lionra dismissing the '708 Patent with prejudice.  Dkt. 167.

*v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *see also NFC Tech.*, 2015 WL 1069111, at *2 (explaining "delay in the vindication of patent rights" is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion"); *AR Design Innovations LLC v. Ashley Furniture Inds., Inc.*, No. 4:20-cv-00392-SDJ, 2021 WL 6496714, at *2 (E.D. Tex. Jan. 11, 2021) ("When a patentee seeks exclusively monetary damages, mere delay in collecting those damages does not constitute undue prejudice.").

Any potential prejudice is diminished by the minimal delay a stay would have on the current trial schedule. These IPRs were instituted nearly seven months before the currently scheduled trial date, and the IPRs should be resolved within five months of the scheduled trial date. This Court has previously granted a stay in such a case of minimal delay. *See Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-00586-JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (finding no prejudice where "the PTAB will likely issue final decisions within six months of when this case would have been tried, resulting in minimal delay relative to the current trial schedule," and where plaintiff sought only monetary damages).

Notably, both parties would benefit from the requested stay. Without a stay, both parties will have to spend significant resources trying patent claims that may, and likely will, be mooted just months later. At the cost of only a minor delay in trial, the stay that Fortinet seeks is likely to save a significant portion (if not almost all) of those resources. Under the circumstances, implementing a stay is the prudent course of action.

**IV.    CONCLUSION**

For the foregoing reasons, Fortinet respectfully asks the Court to stay this case pending final resolution of the IPR proceedings.

7

Dated:  December 8, 2023							Respectfully submitted,

/s /David C. Dotson
Melissa R. Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet
mcgaudet@duanemorris.com
David C. Dotson
dcdotson@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
Daniel Mitchell
dmitchell@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone:  404.253.6900
Facsimile:  404.253.6901

Alexandra A. Lane
axlane@duanemorris.com
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: 212.471.4772
Facsimile: 212.937.3568

*ATTORNEYS FOR DEFENDANT FORTINET, INC.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff and counsel for Defendant have complied with the meet and confer requirement in Local Rule CV-7(h) regarding this Motion. This motion is opposed.

/s/*Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, the foregoing was electronically filed in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

/s/ *Melissa R. Smith*
Melissa R. Smith