IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:22-cv-0322-JRG-RSP |
| FORTINET, INC., | § § | |
| *Defendant*. | § § | |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion for Leave to Supplement Invalidity Contentions. (**Dkt. No 151**.) Having considered the motion, the Court finds that the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided below.

## I.   BACKGROUND

On February 10, 2023 defendants Fortinet, Inc., Cisco Systems, Inc., and Palo Alto Networks, Inc. ("Defendants") served invalidity contentions identifying Cisco Catalyst 6000 Series as prior art to the '436 and '612 Patents and SRP MAC Layer Protocol as prior art to the '630 Patent. (Mot. at 2.) Defendants' motion seeks to provide further disclosures, found during discovery, regarding these prior art systems. (*Id*. at 1.)

Defendants' motion further seeks to add invalidity contentions based on Cisco Virtual Switching System ("VSS") as prior art to the '323 Patent. (*Id*.) Palo Alto Networks and Fortinet subpoenaed Cisco for prior art systems on September 21, 2023 ultimately resulting in production of documents upon which Defendants seek to base their amendments. (*Id*. at 3.)

## II.   LEGAL STANDARD

"Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l*

1

*Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of showing good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The required diligence includes a party's diligence in discovering the reference. As other courts have recognized, the critical issue is not just what the party did after they discovered the prior art; rather, the critical issue includes whether or not the party seeking to amend exercised diligence in discovering the prior art. *Invensys Sys, Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp.*, 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013).

"In the context of untimely amendments to invalidity contentions, the first factor— explanation— requires the amending party to show it was diligent both in discovering *and* in disclosing the prior art references." *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00550-JRG-RSP, Dkt. No. 133, at *3–4 (E.D. Tex. Jan. 17, 2020) (emphasis in original) (collecting cases). A party must "explain why, with reasonable diligence, [it] could not have discovered" the relevant prior art references "prior to the deadline for filing Invalidity Contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014). "A party's failure to provide *any* adequate justification for its untimely disclosure materially weighs heavily in favor of rejecting the disclosure, and may even be sufficient standing alone to support exclusion." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (emphasis in original) (collecting cases).

### III. ANALYSIS

#### A. CATALYST AND SRP CONTENTIONS

Defendants contend there is good cause to amend their contentions. Defendants contend they have been diligent in seeking out evidence supporting their contentions and their delay is reasonable in light of the need for discovery, the age of the technology, and the size of Cisco and its offerings. (Mot. at 5-6.) Defendants contend these amendments are important because they are now central to their invalidity case in light of the *Sotera* stipulations each defendant filed in this case. (*Id*. at 6-7.) Next, Defendants contend they would be prejudiced if not permitted to amend their contentions in this way.[1] (*Id*. at 7.)

Lionra responds that Defendants have not been diligent as they failed for 9 months to provide these amendments after being allowed a 6-week extension to serve their initial contentions. (Opp. at 4-5.) Lionra complains of defendants' delay between seeking the subpoena and filing the instant motion. (*Id*. at 5.) Lionra also contests Defendants' reliance on their *Sotera* stipulations, arguing these stipulations actually demonstrate a lack of importance as Defendants did not shift to the system art references until other references were not longer available. (*Id*. at 7-8.) Finally, Lionra contends it will be prejudiced by a late amendment as a matter of law since this amendment is requested after claim construction. (*Id*. at 8-9.)

The Court finds that good cause exists to permit Defendants to amend their contentions as to the Catalyst and SRP systems. While defendants have delayed in providing their full contentions as to these systems, such a delay is more reasonable since the amendments are not adding more references, but only adding evidence to support the references already disclosed. The development of fulsome contentions as to system references necessarily requires more fact discovery than those

---

[1] The Court notes that the prejudice element of good cause is focused on prejudice caused by allowing the amendment, not in disallowing amendment. Any concern with not allowing amendment should be argued under importance.

3

based on patents or other printed publications, and thus will take more discovery and time to develop. Further, the Court finds that the importance of these amendments and any prejudice suffered by plaintiff support amendment. These references are now central to Defendants' invalidity case and thus important. Likewise, Plaintiff has not cited any concrete prejudice it suffers by allowing these amendments only noting their late entry. As such the Court **GRANTS** Defendants' motion as to the Catalyst and SRP systems.

### B. VSS CONTENTIONS

Defendants contend good cause also exists to permit the amendments as to the VSS reference. Defendants argue they were diligent here too for the same reasons as to the other systems and further emphasize discovery was particularly difficult with respect to VSS because some of the materials were never publicly disclosed. (Mot. at 9.) Defendants make the same importance and prejudice arguments as with the Catalyst and SRP systems. (*Id*. at 9-10.)

Lionra argues Defendants' delay here is even more concerning. (Opp. at 10-12.) Lionra first notes, according to Defendants' declarant, they uncovered VSS on January 2023 prior to the deadline for initial contentions. (*Id*. at 10.) Lionra contends that a delay of 5 months to begin investigating the VSS system and another 4 months to prepare claim charts demonstrates excessive delay, negating diligence. (*Id*. 10-11.) Lionra further contends that these contentions are not important as Defendants have other invalidity arguments. (*Id*. at 12-13.) Finally, Lionra contends that it is prejudiced by a late amendment and by being required to "expend additional resources investigating and defending against additional prior art when VSS was flagged by Cisco prior to serving the invalidity contention." (*Id*. at 13-14.)

The Court finds that Defendants have not shown good cause here. First, Defendants have not been diligent. VSS is a Cisco product that counsel discovered prior to service of their initial

4

contentions. (Dkt. No. 151-1.) There is no credible reason that with this knowledge Defendants[2] should have waited nearly a year to provide any contentions. The Court expects defendants to provide notice of their invalidity arguments in a timely manner, not delaying proper investigations for months at a time. While an invalidity argument is important, Defendants have preserved other system prior art arguments. Further, Lionra is significantly prejudiced by being required to investigate so late in discovery a prior art system Defendants were aware of nearly a year before.

Defendants' motion to amend as to the VSS reference is **DENIED**.

### IV. CONCLUSION

For the above stated reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants Motion to Amend Invalidity Contentions as provided above.

**SIGNED this 2nd day of February, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] While VSS is not a product of Fortinet or Palo Alto Networks, the defendants provided joint contentions and appeared to have investigated prior art and invalidity as a group, thus this failure of diligence is rightly applicable to each defendant.