

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00322-JRG-RSP |
| | § | (LEAD CASE) |
| FORTINET, INC., | § | |
| *Defendant* | § | |
| | § | |
| LIONRA TECHNOLOGIES LTD., | § | |
| *Plaintiff,* | § | Case No. 2:22-cv-00334-JRG-RSP |
| | § | (Member Case) |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| PALO ALTO NETWORKS, INC.., | § | |
| *Defendant* | § | |
| | § | |

**DEFENDANT PALO ALTO NETWORKS, INC.'S
MOTION FOR SUMMARY JUDGMENT OF LIMITATION ON DAMAGES**

██████████████████████████████████████

## I.      INTRODUCTION

Defendant Palo Alto Networks, Inc. ("PAN") respectfully requests the Court preclude Plaintiff Lionra Technologies Limited ("Lionra") from obtaining damages on certain Accused Products which contain licensed components Lionra identifies as performing material limitations of the Asserted Claims.

Prior to filing this suit, ████████████████████████████ ████████████████████████████████████ ████████████   ████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████. ████████████████████████████ ████████████████████████████████   ██ ████████████████████████████████████ ████████████████████████████ ████████████████████████████████ ████████████████████████████████████ ████████████████████████████, and the Court should preclude Lionra from obtaining damages on those Accused Products.

## II.      STATEMENT OF ISSUES

1.      Whether Lionra is entitled to damages for certain Accused Products ████████ ████████████████████████████████████ ████████████████████████████████████

███████████████████████████████████████████

████████████████████████

### III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████

2.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

3.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████

4.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████

████████████████████████████████████████████

███████████████

5.   ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

6.   ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████

7.   ████████████████████████████████████████

████████████████████████████████████████████
██████████████████████████████████

8.   ████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███ ██ ███ ███ ████ ████ ███ ████ ███ █
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████

9.  ████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████

10.  ████████████████████████████████████████████

█████████████████

11.  ████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████

12.  ████████████████████████████████████████████

██████████████████████████████████████████████

13.    The Court entered the following claim constructions in this case for terms in the

'436/'612 Patents:

- "The Court therefore hereby construes '**packet engine**' to mean '**hardware, or a combination of hardware and software, that is configured to perform packet operations.**'"

- "The Court therefore hereby construes '**cryptographic core**' to mean '**hardware, or a combination of hardware and software, that is configured to perform cryptographic processing**.'"

- "The Court accordingly hereby construes '**intrusion detection system**' to mean '**hardware, or a combination of hardware and software, that is configured for matching parts of a data stream against a stored set of patterns.**'"

- "The preamble language 'security processor' is limiting."

Dkt. 162, at 39, 42, 46, 54 (emphasis in original) (Judge Payne's Claim Construction Order dated November 27, 2023); Dkt. 190 (adopting same).

14.     Each independent claim of the '436/'612 Patents asserted against PAN contains the following claim terms: "packet engine," "cryptographic core," "intrusion detection system," and "security processor." '436 Patent, claims 1 and 13; '612 Patent, claims 1 and 13.

## IV.    LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Where, as here, the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense

███████████████████████████████████

or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Yufa v. TSI, Inc.*, 652 Fed. Appx. 939, 944 (Fed. Cir. 2016) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). A party opposing a motion for summary judgment on a claim for which it carries the burden of proof must present evidence sufficient to prove each element of that claim in order to avoid summary judgment. *Celotex*, 477 U.S. at 322–23.

## V.   ARGUMENT

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████ █████████████ However, Lionra cannot collect damages for any alleged infringement ██████████████████████████ for the following reasons.

   **A.**   ████████████████████████████████████████
            ████████████████████████████████████████
            █████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████ █████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████

**B.**

**1.**

███████████████████████████████████████

**2.** ███████████████████████████████████████
███████████

█████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████

Specifically, as noted above, ██████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████   ██████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████

This is critical given the Court's claim constructions of a "packet engine," "cryptographic core," and "intrusion detection system" each require "hardware, or a combination of hardware and software." Dkt. 162, at 39, 42, and 46.  Thus, in order meet each of these claim elements, Lionra must point to some hardware because without the hardware, the Accused Products cannot infringe.

████████████████████████████████████████████████

The hardware required under the Court's construction, therefore, is a ████████████ of each

Asserted Claim. [3] Accordingly, ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

## VI.    CONCLUSION

For the foregoing reasons, PAN respectfully requests the Court grant the present motion

and preclude Lionra from recovering damages for certain Accused Products.

---

[3] ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████ For example, "Delaware law
adheres to the objective theory of contracts, *i.e.*, a contract's construction should be that which
would be understood by an objective, reasonable third party." *Salamone v. Gorman*, 106 A.3d 354,
367–68 (Del. 2014) (internal citations omitted). ████████████████████████████
████████████████████████████████████████████████

Dated: February 20, 2024

/s/ Mark C. Lang
Eric A. Buresh (KS Bar 19895)
Michelle L. Marriott (KS Bar 21784)
Mark C. Lang (KS Bar 26185)
Lydia C. Raw (admitted pro hac vice)
Nick R. Apel (admitted pro hac vice)
**ERISE IP, P.A.**
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
Eric.Buresh@eriseip.com
Michelle.Marriott@eriseip.com
Mark.Lang@eriseip.com
Lydia.Raw@eriseip.com
Nick.Apel@eriseip.com

Abran J. Kean (CO Bar 44660)
**ERISE IP, P.A.**
717 17th Street, Suite 1400
Denver, CO 80202
abran.kean@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendant Palo Alto Networks Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on February 20, 2024, a true and correct copy of the foregoing was served via email to all attorneys of record.

*/s/ Mark C. Lang*
Mark C. Lang

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Mark C. Lang*
Mark C. Lang