# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., <br> *Plaintiff,* <br><br> v. <br><br> FORTINET, INC., <br> *Defendant* | § § § § § § § § | Case No. 2:22-cv-00322-JRG-RSP <br> (LEAD CASE) |
| LIONRA TECHNOLOGIES LTD., <br> *Plaintiff,* <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br> *Defendant* | § § § § § § § § § § | Case No. 2:22-cv-00334-JRG-RSP <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT PALO ALTO NETWORKS, INC.'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT INDIRECT INFRINGEMENT

I.  INTRODUCTION

Palo Alto Networks, Inc.'s ("PAN") first "notice" or "knowledge" of U.S. Patent Nos. 7,685,436 (the "'436 Patent") and 8,566,612 (the "'612 Patent") (collectively, the "Asserted Patents") or any allegation of infringement was when Lionra Technologies Limited ("Lionra") filed its Complaint in this case on August 29, 2022. ███████████████████████████████████████ Moreover, Lionra has not accused PAN of willful infringement or contributory infringement in this case. These facts are undisputed, and as a result, PAN is entitled to summary judgment of no pre-suit induced infringement under 35 U.S.C. § 271(b).

II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. In its Complaint, Lionra alleges that PAN "induced others to infringe the [asserted] patent[s] … without a license or permission from Lionra."[1]  Dkt. 1, ¶¶ 16. 27.

2. ███████████████████████████████████████████████████████████████████████████████████████

3. ███████████████████████████████████████████████████████████████████████████████████████

4. Lionra did not plead contributory infringement or willful infringement. Complaint, Dkt. 1.

---

[1] Counsel for Lionra confirmed that Lionra is not pursuing a claim for contributory infringement under 35 U.S.C. § 271(c) because it is not pled in its complaint. Dkt. 1. Willful infringement was also not pled in the complaint. *Id.*

1

### III. STATEMENT OF THE ISSUE

1. Whether Lionra is entitled to damages for pre-suit induced infringement where ███████████████████████████████████████████████████████████████████████

### IV. LEGAL STANDARDS

Induced infringement requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement" and "that the defendant possessed specific intent to encourage another's infringement." *Global-Tech.*, 563 U.S. at 766; *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1327 (Fed. Cir. 2021) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).

### V. ARGUMENT

There is no evidence of record that PAN knew of the Asserted Patents or any alleged infringement prior to the filing of this lawsuit. The Complaint contains no such allegations. *See generally* Dkt. 1. ███████████████████████████████████████████████████████████████████████ PAN, therefore, could not induce infringement prior to the filing of the Complaint. Summary judgment is warranted in PAN's favor.

2

## VI. CONCLUSION

Because Lionra failed to provide actual notice of the Asserted Patents or any alleged infringement to PAN prior to the filing of the Complaint, the Court should enter summary judgment barring Lionra's allegations of pre-suit induced infringement.

Dated: February 20, 2024

Respectfully submitted,

*/s/ Mark C. Lang*
Eric A. Buresh (KS Bar 19895)
Michelle L. Marriott (KS Bar 21784)
Mark C. Lang (KS Bar 26185)
Lydia C. Raw (admitted pro hac vice)
Nick R. Apel (admitted pro hac vice)
**ERISE IP, P.A.**
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
Eric.Buresh@eriseip.com
Michelle.Marriott@eriseip.com
Mark.Lang@eriseip.com
Lydia.Raw@eriseip.com
Nick.Apel@eriseip.com

Abran J. Kean (CO Bar 44660)
**ERISE IP, P.A.**
717 17th Street, Suite 1400
Denver, CO 80202
abran.kean@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendant Palo Alto Networks Inc.*

3

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on February 20, 2024, a true and correct copy of the foregoing was served via email to all attorneys of record.

*/s/ Mark C. Lang*
Mark C. Lang

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Mark C. Lang*
Mark C. Lang