**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED, | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-CV-00322-JRG-RSP |
| FORTINET, INC. | (LEAD CASE) |
| Defendant. | |
| LIONRA TECHNOLOGIES LIMITED, | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-CV-00305-JRG-RSP |
| CISCO SYSTEMS, INC. | (MEMBER CASE) |
| Defendant. | |
| LIONRA TECHNOLOGIES LIMITED, | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-CV-00334-JRG-RSP |
| PALO ALTO NETWORKS, INC. | (MEMBER CASE) |
| Defendant. | |

**JOINT MOTION FOR TRIAL ORDER**

Plaintiff Lionra Technologies Limited ("Lionra") and Defendants Cisco Systems, Inc. ("Cisco"), Fortinet, Inc. ("Fortinet"), and Palo Alto Networks, Inc. ("Palo Alto") (collectively "Defendants") respectfully file this Joint Motion for Trial Order and would respectfully show the Court as follows:

1

Pursuant to the Court's Fifth Amended Docket Control Order (Dkt. No. 311), the *Lionra Technologies Limited v. Cisco Systems, Inc.* (Case No. 2:22-CV-00305-JRG-RSP) (the "Cisco Case"); *Lionra Technologies Limited v. Fortinet, Inc.* (Case No. 2:22-CV-00322-JRG-RSP) (the "Fortinet Case"); and *Lionra Technologies Limited v. Palo Alto Networks, Inc.* (Case No. 2:22-CV-00334-JRG-RSP) (the "Palo Alto Case") cases are scheduled to begin trial on May 20, 2024. The parties have met and conferred but disagree regarding which of these cases should be tried first. Lionra contends that the Palo Alto Case should be tried first; Defendants contend the Cisco Case should be tried first. In the interest of streamlining the arguments regarding trial order, the parties have agreed to submit a joint motion setting forth their respective positions.

**<u>Lionra's Position Statement</u>**:

Good cause exists to have the Palo Alto Case first in the order of trials. First, the amount of damages that Lionra seeks in the Palo Alto case is multiples more than what it seeks in the other cases. It makes sense to have the first trial involve the case with the most at stake. As is often the case, where the defendant with the most at stake is tried first, it can facilitate resolution of the remaining cases. Second, the Palo Alto case is simpler and easier to manage because it involves only the two related security patents - U.S. Patent No. 7,685,436 ("the '436 patent"), and U.S. Patent No. 8,566,612 ("the '612 patent") (the "Security Patents"). The Cisco case is more complicated than the others because it also involves U.S. Patent No. 7,921,323 ("the '323 patent"). The '323 patent adds significant complexity, as it relates to different technology than the Security Patents, has a different inventor, involves different Cisco fact witnesses, and is addressed by a different technical expert for Cisco. Lionra has requested an additional two hours for the Cisco trial (the most that could be sought in a five-day trial) as a result of this additional patent asserted

against Cisco. Because the '323 patent is not asserted against Palo Alto or Fortinet, there is no benefit to the other cases to address the '323 patent in the Cisco case first.

Defendants suggest the Cisco case should go first because it has the lowest case number. But all three cases were filed at roughly the same time. It does not make sense to put case order (based on days) ahead of recognizing the development over the past 20 months showing that the Palo Alto case is the largest, simplest case, and should proceed to trial first. Additionally, Cisco cannot claim that it has some desire to try the case expeditiously given that it has filed a motion to stay the case pending IPRs.

With respect to the availability of Palo Alto's damages expert, Palo Alto first raised the issue on April 15, only after the parties took disputed positions about the ideal order of the trials. This case has been set for trial on May 20 since Dec. 2, 2022. (Dkt. No. 59.) When the trial date of the *Zunum* case in Washington was reset two months ago to May 16, it was incumbent on the expert to say that she was not available due to a previously set trial date in Texas. The trial date that has been set for 16 months in this Court should not be reset based on some interim change in dates in another court.

**<u>Defendants' Position Statement</u>**:

Good cause exists to hold the Cisco Case first in the order of trials.  First, Cisco is the first-filed of the consolidated cases.  Second, in the Cisco Case, Lionra alleges infringement of U.S. Patent No. 7,921,323 ("the '323 patent"), U.S. Patent No. 7,685,436 ("the '436 patent"), and U.S. Patent No. 8,566,612 ("the '612 patent").  Lionra only alleges infringement of two of the Asserted Patents in the Fortinet Case and Palo Alto Case.  Conducting the Cisco Case first will create judicial efficiency and will preserve the Court's limited judicial resources by addressing all issues in the Cisco Case prior to conducting the Fortinet Case and Palo Alto Case.  Specifically, the

outcome of the Cisco case has the potential to completely resolve the Palo Alto and Fortinet cases (e.g., through invalidity) as there is a complete overlap in asserted patents and, even if not invalidated, could similarly lead to resolution in the same way as if the Cisco case were to go first. The same cannot be said if the Palo Alto case goes first because the '323 Patent will not have been tried in any respect so it is highly unlikely that it will lead to resolution of the Cisco case, which will need to be tried regardless of the outcome of the Palo Alto case.

In addition, Palo Alto's damages expert is currently scheduled to be in trial starting on May 16, 2024 as a damages expert for plaintiff in the case of *Zunum Aero Inc. v. The Boeing Company, et al*., No. C21-896-JLR (W.D. Wash.).  Palo Alto's expert may not even be called until the week of May 20 and may also be called as a rebuttal expert later that week. Trial in *Zunum* was originally set for September 11, 2023. Dkt. 42. On January 27, 2023, trial in *Zunum* was re-scheduled to begin on May 28, 2024. Dkt. 132. Then, on February 12, 2024, trial was reset to begin on May 16, 2024. Dkt. 284. That trial is scheduled to last 8 days. *Id.*

Lionra's suggestion that the amount at stake being tried first somehow may facilitate resolution of other cases is illogical – the amount at stake does not factor in at all.  The only thing that may facilitate resolution is the outcome on the issue of infringement, which applies equally regardless of which defendant goes first, and even that finding is of limited value given the distinct accused products across the cases.  In addition, Lionra's suggestion that the Palo Alto case is simpler and easier to try is belied by the fact that it has only sought an additional hour for each side to try the Cisco case in its proposed Pretrial Order.


Dated: April 18, 2024                              Respectfully submitted,


                                                   */s/ Brett E. Cooper by permission*

4

*Andrea L. Fair*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
Drew B. Hollander (NY SBN 5378096)
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, New York 10016
Telephone: (212) 951-0100
Facsimile:  (646) 293-2201

Andrea L. Fair (TX Bar No. 24078488)
Garrett Parish (TX Bar No. 24125824)
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Email: andrea@wsfirm.com
Email: gparish@wsfirm.com

Glen E. Summers (CO Bar No. 30635)
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100
Email: glen.summers@bartlitbeck.com

Mark Levine (IL Bar No. 6276086)
Luke Beasley (IL Bar No. 6334359)
**BARTLIT BECK LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Email: mark.levine@bartlitbeck.com
Email: luke.beasley@bartlitbeck.com

Amy J. Wildermuth (IL Bar No. 6256999)
17811 Comstock Road
Wayzata, Minnesota 55391
Telephone: (801) 913-4068
Email: amy.wildermuth@gmail.com

***Attorneys for Plaintiff***
***Lionra Technologies Limited***

*/s/ Melissa R. Smith by permission*
*Andrea L. Fair*
Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

Matthew C. Gaudet
mcgaudet@duanemorris.com
David C. Dotson
dcdotson@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
Daniel Mitchell
dmitchell@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile:  (404) 253-6901

Brianna M. Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 979-1198
Facsimile:  (215) 754-4983

***Counsel for Defendant***
***Fortinet, Inc.***

*/s/ Melissa R. Smith by permission*
*Andrea L. Fair*
Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH LLP**

6

303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

Eric A. Buresh (KS Bar 19895)
Michelle L. Marriott (KS Bar 21784)
Mark C. Lang (KS Bar 26185)
Lydia C. Raw (*Pro Hac Vice*)
Nick R. Apel (*Pro Hac Vice*)
**ERISE IP, P.A.**
7015 College Boulevard, Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile:  (913) 777-5601
Email: eric.buresh@eriseip.com
Email: michelle.marriott@eriseip.com
Email: mark.lang@eriseip.com
Email: lydia.raw@eriseip.com
Email: nick.apel@eriseip.com

Abran J. Kean (CO Bar 44660)
**ERISE IP, P.A.**
717 17th Street, Suite 1400
Denver, Colorado 80202
Email: abran.kean@eriseip.com

*Attorneys for Defendant*
*Palo Alto Networks, Inc.*

*/s/ Melissa R. Smith by permission*
*Andrea L. Fair*
Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

Brian A. Rosenthal (Lead Attorney)
brosenthal@gibsondunn.com
Katherine Dominguez

7

kdominguez@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-6300
Facsimile:  (212) 351-4035

Stuart M. Rosenburg
srosenberg@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile:  (650) 849-5333

Albert Suarez IV
asuarez@gibsondunn.com
Texas Bar No. 24113094
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-6912
Telephone: (214) 698-3360
Facsimile:  (214) 571-2907

***Attorneys for Defendant Cisco Systems, Inc.***

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Cisco met and conferred with counsel for Lionra, counsel for Fortinet, and counsel for Palo Alto to discuss the substantive issues addressed in this Motion pursuant to Local Rule CV-7(h).  The Parties are jointly seeking that the Court set the order of trials, though dispute what order should be set as further described in this Motion.

/s/Andrea L. Fair
Andrea L. Fair

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, the foregoing was electronically filed in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/Andrea L. Fair
Andrea L. Fair