IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:22-cv-0322-JRG-RSP |
| FORTINET, INC., | § § | |
| *Defendant*. | § § | |

**MEMORANDUM ORDER**

Before the Court is Fortinet's Motion for Leave to Amend its Answer. (**Dkt. No 184**.) Fortinet seeks to add a license defense. The license defense is based on certain Accused Products containing processors from Lionra licensees Intel and AMD. The Court finds that the motion should be **GRANTED** as provided below.

I.   BACKGROUND

On October 28, 2022, Fortinet filed its original Answer but did not include the license defense it now seeks to add. (Dkt. No. 30.) The Docket Control Order provides the deadline to amend pleadings as September 1, 2023. (*See* Dkt. No. 138 at 4.) This motion to amend was filed on December 13, 2023.

The License at the heart of Fortinet's license defense was produced March 6, 2023. (Mot. at 4.)

II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a), "leave [to amend] shall be freely given when justice so requires." *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) quoting FED. R. CIV. P. 15(a); *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should generally be granted where "amendment would have done no more than state an alternative theory for recovery." *Foman*, 371 U.S. at 182. "The decision whether justice requires amendment is

1

committed to the discretion of the district judge." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971). While there is a "bias" in favor of granting leave to amend, leave should not be granted automatically and may be denied because of, for example, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.; see also Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998).

Rule 16(b) mandates that the district court enter a scheduling order that limits the time to amend the pleadings, and "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). In deciding whether leave to amend should be granted after the deadline has expired, courts should consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citations omitted).

### III. ANALYSIS
#### A. DILIGENCE

Fortinet contends that it could not have complied with the Docket Control Order by filing its amended answer before September 1, 2023 because Lionra had not then accused Intel or AMD processors of satisfying a claim element, nor could Fortinent have foreseen such. (Mot. at 8.) Fortinet contends that Lionra's infringement contentions focus on other processors and do not mention the Intel processors. (*Id.*) Likewise, Fortinent argues it was not apparent from the RPX Agreement produced in March 2023 that the Intel processors were covered since Intel was listed as an Initial Licensee rather than a separate license governing Intel. (*Id*. at 9.) Fortinet contends it

2

was not until November and December of 2023 that it found out Lionra intended to assert that Intel processors met any limitation of the claims. (*Id*. at 10.)

Lionra argues that while the infringement contentions focus on other processors, Intel processors are also included. (Opp. at 8.) Lionra further argues that Fortinent should have known Intel was licensed from the face of the agreement listing Intel as an Initial Licensee. (*Id*. at 9.) From this, Lionra argues that Fortinet could have amended its answer to include a license defense and that Fortinet's focus on what it foresaw is misplaced. (*Id*.)

The Court finds this factor weighs only slightly against amendment. While it was not apparent from the face of Lionra's infringement contentions that Intel processors were accused, Fortinet had the license in question before the amendment deadline. As such, while Fortinet could have raised a license defense earlier, the need for such an amendment was not readily clear.

### B.  IMPORTANCE

Fortinet contends its amendment is important and necessary for the proper resolution of this case as it will prevent Lionra from "recovering damages for which it has already been compensated." (Mot. at 11 citing (*EMG Tech., LLC v. Vanguard Grp. Inc.,* No. 6:12-cv-543, 2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014)).)

Lionra contends this defense is unimportant as ultimately futile. (Opp. at 10.) Lionra argues that the Intel processor in question cannot satisfy any "material element or step of a claim" as required by the License Agreement. (*Id*.)

The Court finds the defense is important. While Lionra has a defense to Fortinet's assertion, the license is relevant to Defendant's claim that Lionra would be doubly compensated for the use of its patented technology.

### C.  PREJUDICE

Fortinet argues Lionra will not be prejudiced by the proposed amendment because Lionra

3

has undertaken sufficient analysis to contend the license agreement does not apply. (Mot. at 11.) Fortinet contends Lionra has always been aware of the license agreement at issue and has evidence showing Fortinet's use of Intel processors. (*Id*.) Further, Fortinet argues it raised its proposed amendment before the close of discovery, weighing against prejudice. (*Id*. at 12.)

Lionra contends it will be prejudiced by having to divert resources to defending against Fortinet's new license argument though Lionra again contends the license defense is futile. (Opp. at 10-11.)

The Court finds any prejudice suffered by Lionra is minimal. Indeed, Lionra can identify no evidence or testimony it might need. Rather, it only identifies that it will have to address the defense. Without more, the Court can find only minimal prejudice.

## IV.   CONCLUSION

As Fortinet's proposed amendment is important and will only minimally prejudice Lionra, Fortinet's limited diligence will not prevent the Court's "freely given" leave to amend. For the above stated reasons, the Court **GRANTS** Defendants Motion to Amend Answer as provided above.

**SIGNED this 22nd day of April, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE