IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LIONRA TECHNOLOGIES LTD., §
§
*Plaintiff,* §
§
v. § CIVIL ACTION NO. 2:22-cv-0322-JRG-RSP
§ (LEAD CASE)
FORTINET, INC., §
§
*Defendant.* §

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Lionra's Motion for Partial Summary Judgment to Enforce *Sotera* Stipulations (Dkt. No. 258).

### I.   BACKGROUND

Defendant Cisco Systems, Inc. filed IPR Petitions against the '436, '612, and '323 Patents, each of which has been instituted. (Mot. at 2.) Cisco filed *Sotera* stipulations in this case and in the IPR proceedings providing "Defendant stipulates that if the PTAB institutes IPR on the ground presented in the petition, Petitioner will not pursue in the co-pending district court litigation the specific ground asserted in the petition, or any other ground that was raised or could have been reasonably raised in an IPR." (*Id.*)

Defendants Palo Alto Networks, Inc. ("PAN") and Fortinet, Inc. filed IPR petitions against the '436 and '612 Patents after the one-year statutory bar seeking to join Cisco's instituted IPRs. (*Id.* at 2-3.) Both Fortinet and PAN stipulated that "if the present proceeding is instituted and joined with the Cisco IPR, it will not pursue in the co-pending district court litigation the specific ground asserted in the petition, or any other ground that was raised or could have been reasonably raised in an IPR." (*Id.* at 3.) Fortinet also filed a non-contingent stipulation that "Fortinet will not pursue in this district court litigation the specific grounds asserted in the

1

IPR petitions it has moved to join, or any other ground that was raised or could have been reasonably raised in an IPR." (*Id.*)

The Parties anticipate the PTAB to decide Fortinet's and PAN's joinder requests by May 22, 2024. (*Id.*)

## II.    APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.,*

No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### A.  IPR ESTOPPEL

"When IPR proceedings result in a final written decision, 35 U.S.C. §315(e)(2) precludes petitioners from raising invalidity grounds in a civil action that they raised or reasonably could have raised during that *inter partes* review." *California Inst. Of tech. v. Broadcom Ltd.*, 25 F.4th 976, 989 (Fed. Cir. 2022) (cleaned up).

### III.  ANALYSIS

Lionra contends that certain prior art systems the defendants have raised are barred by their stipulations because those invalidity arguments are or could have been based on patents or printed publications that could have been raised in an IPR. (*See* Mot.) Lionra challenges the defendants' use of (i) NetScreen-1000 and NetScreen-IPD; (ii) Cisco Catalyst 6500 System; (iii) Intel IXP Processors; (iv) HP ProCurve 5300 Swish Meshing; and (v) NetScreen 5000 Redundancy Protocol, arguing these grounds are cumulative of printed publications that could have been raised in an IPR. (*See id*.)

The Defendants respond arguing both that the law of estoppel should not be read to include system art that is cumulative of printed publications, and that Lionra has not met its burden of showing that the evidence relied upon qualifies as printed publications and that such invalidity arguments could have been brought in an IPR petition.

The scope and timing of PAN's stipulation are also contested.

### A.  PAN'S STIPULATION

PAN argues that as a time-barred party seeking to join Cisco's IPRs, PAN could not have raised any IPR ground not already present in the Cisco IPRs. (Dkt. No. 295 at 4.) PAN points to *Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1027 (Fed. Cir. 2020) which held

that a joining petitioner "was not statutorily estopped under § 315(e) from challenging the asserted claims ... based on the [patents] which were not raised in the [joined] IPR and which could not have reasonably been raised by [the joining party]." (*Id*. at 4.) PAN argues the same applies here and that PAN is only estopped from raising the exact grounds of the Cisco IPRs it seeks to join since those were the only grounds it could raise under the joinder exception of the 1-year statutory bar. (*Id*.)

PAN also argues that since its stipulation is conditional, the Court should deny Lionra's motion as unripe. (*Id*. at 10-11.)

Lionra responds that PAN's *Sotera* stipulation is broader than was addressed in *Network-1* as it bars PAN from raising any grounds that could have been raised in "***an IPR***" rather than whatever PAN itself could have raised. (Dkt. No. 329 at 12 (emphasis in original).)

PAN argues that a *Sotera* stipulation merely brings the estoppel effects of 35 U.S.C. §315(e)(2) to institution and is no broader than the statute. (Dkt. No. 364 at 1-2.)

The Court agrees with Lionra as to the scope of PAN's stipulation. PAN's *Sotera* stipulation provides:

> "Petitioner here stipulates that if the present proceeding is instituted and joined with the Cisco IPR, it will 'not pursue in the co-pending district court litigation the specific ground asserted in the petition, or any other ground that was raised or could have been reasonably raised in an IPR (i.e., grounds that could have been raised under §§102 or 103 on the basis of prior art patent or printed publications).'"

(Dkt. No. 258-6 at 75-76.) This stipulation is specifically worded to mirror that in *Sotera Wireless, Inc. v. Masimo Corp.,* No. IPR2020-01019, 2020 WL 7049373, at *7 (P.T.A.B. Dec. 1, 2020). The PTAB found such a "stipulation [] mitigates any concerns of duplicative efforts between the district court and the Board, as well as concerns of potentially conflicting decisions." *Id*.

4

PAN's preferred interpretation is inconsistent with both the language of its own stipulation and the purpose of the stipulation. PAN would limit its stipulation to only "the specific ground asserted in the petition" and give no effect to "any other ground that … could have been reasonably raised in an IPR." It is improper to ignore half of PAN's stipulation. Likewise, only stipulating to not raise the exact grounds does not mitigate all concerns of duplicative efforts or conflicting decisions as the *Sotera* stipulation is designed and recognized to do. Indeed, the PTAB has addressed stipulations where the petitioner agreed only to not raise the exact grounds recited in its petition and found such a stipulation wanting. *See Verizon Bus. Network Servs., Inc. v. Huawei Techs. Co., Ltd.*, No. IPR2020-01079, 2021 WL 137907, at *15 (P.T.A.B. Jan. 14, 2021) (finding a stipulation "that petitioner will not pursue in the parallel district court proceeding … the prior art obviousness combination on which trial is instituted" "does not entirely eliminate [the overlapping issues] concern.").

As to the timing issue, PAN is correct that its stipulation will not go into effect until and unless the PTAB grants joinder. However, as that is expected to occur on the third day of the currently set trial, it is necessary to adjudicate the impact of stipulation now, rather than during trial.

### B.  APPLICATION OF "INVALIDITY GROUNDS … REASONABLY COULD HAVE RAISED DURING THAT INTER PARTES REVIEW."

Previously, this court has ruled that if "purported system prior art [that] relies on or is based on patents or publications that [a petitioner] would otherwise be estopped from pursuing at trial, e.g., patents or printed publications that a 'skilled searcher conducting a diligent search reasonably could have been expected to discover,' then [that petitioner] should be estopped from presenting those patents and printed publications at trial." *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-1015-JRG-RSP, 2017 WL 2526231, at *8 (E.D. Tex. May 11, 2017).

Lionra urges that the Court should follow this precedent and exclude the Defendant's system art invalidity arguments that rely on printed publications. (Mot. at 7-9.) Lionra contends this is the majority rule among this Court's sister districts and contends the primary case cited by defendants is not even uniformly applied in its district. (*See* Reply at 2-3 (refereeing to *Prolitec*).)

Defendants largely point to two cases. First is *Intell. Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016) which stated that "defendants have considerable latitude in using prior art systems (for example software) embodying the same patents or printed publications placed before the PTO in IPR proceedings." (*See* Dkt. No. 295 at 9). Second is the ruling *Prolitec Inc. v. ScentAir Techs., LLC*, No. CV 20-984-WCB, 2023 WL 8697973, at *22 (D. Del. Dec. 13, 2023) that "IPR estoppel does not apply to device art, even when that device art is cumulative of patents and printed publications that were or could have been asserted in prior IPR." (*See* Dkt. No. 299 at 4.)

Judge Bryson reasoned in *Prolitec* that the disconnect between the two approaches is based on a disagreement as to the meaning of the term "grounds." *Prolitec*, 2023 WL 8697973, at *22. Understanding "grounds" as the underlying legal arguments incorporating patents, printed publications, and cumulative device art supports the Court's prior ruling. Put differently, this approach understands "grounds" to cover a petitioner's reassembly of a device or system through printed publications and requires more than designating such an argument "system art" to avoid estoppel. In contrast, understanding "grounds" as the patents and printed publications themselves, supports the Defendants' preferred approach. Judge Bryson reasoned the latter is more supported in context, noting "grounds" is used to mean just the particular patent and printed publication evidence elsewhere in the statute and by the Federal Circuit in relation to

6

IPRs. *Id*. at *22-23.

The Court is convinced by *Kemper Corp*. and *Prolitec* and adopts their understanding of "grounds." As such the Court declines to extend estoppel to the system art that Lionra contends is cumulative of what could have been raised in IPRs.

## IV.    CONCLUSION

The Court recommends that PAN's *Sotera* Stipulation be construed as set forth above, and that Lionra's Motion be otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 24th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE