# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD.,<br><br>v.<br><br>FORTINET, INC., | Case No. 2:22-cv-00322-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| LIONRA TECHNOLOGIES LTD.,<br><br>v.<br><br>CISCO SYSTEMS, INC., | Case No. 2:22-cv-00305-JRG-RSP<br><br>(Member Case) |
| LIONRA TECHNOLOGIES LTD.,<br><br>v.<br><br>PALO ALTO NETWORKS, INC., | Case No. 2:22-cv-00334-JRG-RSP<br><br>(Member Case) |

## JOINT PROPOSED PRETRIAL ORDER

This cause came before the Court at a pre-trial management conference held on May 6, 2024, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.[1]

**I.    COUNSEL FOR THE PARTIES**

<u>Plaintiff:</u>

Brett E. Cooper (NY Bar No. 4011011)
LEAD ATTORNEY
Seth Hasenour (TX Bar No. 24059910)
Jonathan Yim (TX Bar No. 24066317)
Drew B. Hollander (NY Bar No. 5370896)

---

[1] The parties reserve the right to revise this pretrial order and all associated pretrial submissions if the Court rejects or modifies the Report and Recommendation (Dkt. 479) granting Cisco's license defense with respect to the '436 and '612 patents.

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Telephone: (212) 951-0100
bcooper@bc-lawgroup.com
shasenour@bc-lawgroup.com
jyim@bc-lawgroup.com
dhollander@bc-lawgroup.com

Andrea L. Fair (TX Bar No. 24078488)
Garrett Parish (TX Bar No. 24125824)
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
andrea@wsfirm.com
gparish@wsfirm.com

Glen E. Summers (CO Bar No. 30635)
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
glen.summers@bartlitbeck.com

Mark Levine (IL Bar No. 6276086)
Luke Beasley (IL Bar No. 6334359)
**BARTLIT BECK LLP**
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
mark.levine@bartlitbeck.com
luke.beasley@bartlitbeck.com

Amy J. Wildermuth (IL Bar No. 6256999)
17811 Comstock Road
Wayzata, MN 55391
Telephone: (801) 913-4068
amy.wildermuth@gmail.com


**Defendant Cisco Sytems, Inc.:**

Brian A. Rosenthal
brosenthal@gibsondunn.com
LEAD ATTORNEY
Karl Kowallis
kkowallis@gibsondunn.com

Vivian Lu
vlu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.6300
Facsimile: 212.351.4035

Christine Ranney
cranney@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1801 California St.
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907

Albert Suarez IV (Texas State Bar No. 24113094)
asuarez@gibsondunn.com
Ashbey Morgan (Texas State Bar No. 24106339)
anmorgan@gibsondunn.com
Audrey Yang (Texas State Bar No. 24118593)
ayang@gibsondunn.com
Julia Tabat (Texas State Bar No. 24139414)
jtabat@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
Telephone: 214.698.3360
Facsimile: 214.571.2907

Jennifer Rho
jrho@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 S Grand Ave
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6103

Melissa R. Smith (Texas State Bar No. 26301351)
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

## II. STATEMENT OF JURISDICTION

This is an action under the patent laws of the United States, 35 U.S.C. § 271, et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b). Cisco does not dispute jurisdiction or venue for the purpose of this action.

## III. NATURE OF ACTION

### A. Plaintiff's Statement

Plaintiff Lionra Technologies Ltd. ("Lionra") contends that Cisco has infringed U.S. Patent No. 7,921,323 ("the '323 Patent"). (The '323 Patent is referred to c as the "Asserted Patent.")

The '323 Patent is directed to the use of optical connections to connect Application Specific Integrated Circuits ("ASICSs").

Lionra seeks damages representing a reasonable royalty for Cisco's alleged infringement of the Asserted Patent, plus pre-judgment and post-judgment interest.

### B. Cisco's Statement

Lionra's infringement allegations, and all related allegations, are meritless. Cisco does not infringe Claim 27 of the Asserted Patent that Lionra has identified in connection with this case (the "Asserted Claim"). Similarly, Cisco does not indirectly infringe, or otherwise induce infringement of the Asserted Claim. In addition, the Asserted Claim of the Asserted Patent is invalid as anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103. Thus, Lionra is not entitled to any relief. Lionra is also not entitled to enhanced damages. This is not an exceptional case under which Lionra would be entitled to attorneys' fees and costs. To the contrary, Cisco is entitled to attorneys' fees under 35 U.S.C. § 285, costs, and any other relief the Court finds appropriate.

## IV. CONTENTIONS OF THE PARTIES

### A. Lionra's Contentions

Lionra provides the following statement of contentions (including its rebuttal contentions further below) without waiver of any response given during discovery or opinion expressed by its experts. By providing these contentions, Lionra does not waive any of its motions *in limine*, motions for summary judgment, *Daubert* motions, motions to strike, or any other relevant motion.

Lionra owns all right, title and interest to the Asserted Patent, including all rights to seek past and future damages for infringement by Cisco.

Lionra contends that Cisco has infringed (directly and/or indirectly through inducement) claim 27 of the '323 patent.

Lionra accuses the following Cisco products of infringing the '323 Patent: Cisco Catalyst 9400 (including supervisor line cards C9400-SUP1, C9400-SUP1XL, C9400-SUP2, C9400-SUP2XL) switches, Catalyst 9500 (C9500-24Q, C9500-12Q, C9500-16X, C9500-24Q, C9500-24Y4C, C9500-40X, C9500-40X-2Q, C9500-48Y4C, C9500-32C, and C9500-32QC) switches, and Catalyst 9600 (including supervisor card C9600-SUP1) switches.

Lionra contends that it is entitled to reasonable royalty damages for Cisco's infringement of the Asserted Patent (plus pre-judgment and post-judgment interest). In support of its claim for damages, Lionra contends that Cisco's infringement of the Asserted Claim contributes significantly to the performance of its accused products.

In addition to any damages awarded by the jury, Lionra contends that it is entitled to post-trial supplemental damages including (1) damages for any pre-verdict infringement not included in the jury's damages award and (2) damages for post-verdict infringement through the entry of final judgment, and (3) a continuing royalty for any infringement after the entry of final judgment through patent expiration.

Lionra seeks its costs and expenses for this action, and a finding that this is an exceptional case under 35 U.S.C. § 285 warranting an award of Lionra's attorneys' fees, plus any further and additional relief that the Court deems just and proper.

**B.     Cisco's Contentions**

Cisco provides the following statement of contentions without waiver of any affirmative defense, response given during discovery, or opinion expressed by its experts. By providing these contentions, Cisco does not waive any of its motions *in limine*, motions for summary judgment, *Daubert* motions, motions to strike, or any other relevant motion.

1. Cisco does not infringe, directly or indirectly, claim 27 of the '323 Patent.[2]

2. Asserted claim 27 of the '323 Patent is invalid as anticipated under 35 U.S.C. § 102.

3. Asserted claim 27 of the '323 Patent is invalid as obvious under 35 U.S.C. § 103.

4. Lionra has not been harmed by Cisco's alleged infringement of the '323 Patent. Lionra is not entitled to damages or other relief under any theory.

5. Cisco is entitled to a declaration that Lionra materially breached the RPX Agreement.

6. Cisco is entitled to damages resulting from Lionra's breach of contract, including pre- and post-judgment interest.

7. Lionra is not entitled to enhanced damages under 35 U.S.C. § 284.

8. Lionra is not entitled to any attorneys' fees or costs under 35 U.S.C. § 285.

---

[2] Lionra includes in its list of Accused Products model numbers C9500-16X, C9500-24Y4C, C9500-48Y4C, C9500-32QC, and C9500-40X-2Q, presumably based on their inclusion in the parties' representative products stipulation.  But as Cisco has explained, those products were included in the representative products stipulation by mistake—C9500-40X-2Q is not a valid model number, and Lionra's own technical expert agrees that C9500-16X, C9500-24Y4C, C9500-48Y4C, and C9500-32QC do not infringe.

9. Cisco is entitled to costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court finds appropriate.

10. Lionra also is not entitled to any pre-judgment or post-judgment interest.

### C. Lionra's Rebuttal Contentions

The Asserted Claim is valid and infringed. All of Cisco's invalidity arguments, including under 35 U.S.C. §§ 102 and 103, are without merit.

Cisco is not entitled to a declaration that Lionra materially breached the RPX Agreement. Cisco has not pleaded a counterclaim alleging a Lionra breach of the RPX Agreement. Cisco sought leave to plead this counterclaim (Dkt. 274) after the close of fact and expert discovery and after the filing of dispositive motions, which Lionra opposed (Dkt. 337). Cisco's motion remains pending.

All of Cisco's damages-related arguments are without merit, and Cisco is not entitled to any costs, expenses, or attorneys' fees under 35 U.S.C. § 285.

## V. STIPULATIONS AND UNCONTESTED FACTS

### A. Uncontested Facts

1. Lionra is a company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.

2. Cisco Systems, Inc. is a Delaware corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

3. The '323 Patent, titled "Reconfigurable Communications Infrastructure for ASIC Networks," was filed on November 16, 2006 and was issued by the PTO on April 5, 2011.

4. The priority date for the '323 Patent is November 16, 2006.

### B. Stipulations on Trial Management Procedures

1. <u>Exhibits</u>: Each party may use an exhibit that is preadmitted, whether it is listed on the joint exhibit list or either party's exhibit list. The parties agree to the following additional provisions regarding exhibits:

   a. A party's inclusion of an exhibit on its exhibit list does not waive any evidentiary or other objections to that exhibit if the opposing party attempts to offer it into evidence.

   b. The parties agree that the demonstratives the parties intend to use at trial do not need to be included on their respective trial exhibit lists, but instead, will be subject to the applicable procedures set forth below.

   c. The parties agree that any date listed on the exhibit list is not evidence or an admission of the exhibit's date. The parties further agree that failing to list a date is not evidence or an admission of whether the document is dated. The parties agree that any description of an exhibit on an exhibit list is provided for convenience only and shall not be used as an admission by the applicable party, or otherwise as evidence regarding that exhibit.

   d. Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements, other possible objections to the admissibility of originals, and the right of the party against which it is offered to inspect an original upon reasonable request before any proposed use of the photocopy.

   e. The parties agree that they may replace exhibits with better quality or color images before trial so long as the replacement exhibit is provided to the other at least 48 hours before the exhibit's intended use at trial.

2. <u>Inspection of Physical Exhibits or Demonstratives</u>: Any preadmitted physical exhibits or physical demonstratives may be inspected by the other party. Any physical exhibits must be made available for inspection at least 24 hours before the beginning of the pre-trial conference, and again (if requested) no later than 7 p.m. the night before their intended use at trial. Any physical demonstratives must be made available for inspection no later than 7 p.m the night before their intended use at trial. The parties will provide any objections to such physical demonstratives by 8 p.m. The parties will meet and confer on such objections by 9 p.m. on the same day. The parties will provide a joint email to the Court on any remaining disputes by 10:00 p.m.

3. <u>Discovery Responses</u>: The parties agree that written answers to interrogatories, requests for admission, or stipulations in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them, to the extent that the discovery response is otherwise not excluded.

4. <u>Disclosure of Trial Witnesses</u>: The parties will identify by email to the opposing parties the witnesses they intend to call and the order by which they expect to call the witnesses by 7:30 p.m. two calendar days before the witnesses will be called to testify. The identification of the witnesses shall include both live witnesses and witnesses whose testimony is provided by deposition.

5. <u>Deposition Designations:</u> Unless otherwise agreed between the parties, the party offering deposition testimony (other than for impeachment purposes) shall identify the deposition testimony to be offered from previously exchanged designations by 7:00 p.m. at least two calendar days prior to the testimony being offered into the record. The party receiving the designations shall inform the opposing party of any counter-designations and objections by 8:00 p.m. the same day, and the parties will meet and confer by 9 p.m. that same day. Any unresolved objections must be emailed to the Court's law clerks, along with a copy of the relevant portions of the deposition transcript, by 10:00 p.m. two nights before the deposition will be played, to permit the Parties to address any such

objections with the Court the next morning (i.e., the day before the testimony is to be played). To the extent practicable, objections and exchanges between counsel will not be played or read to the jury, unless necessary for the context of the witness's answer. All designations and counter-designations will be read or played together in the order in which the testimony occurred in the deposition unless another order is agreed to by the parties or ordered by the Court. The party presenting the witness by deposition shall be responsible for preparing the video clip to be played for the jury, and the party shall provide the edited video clip to the opposing party as soon as practicable but no later than 8:00 p.m. the night before the deposition is to be played.

6. <u>How Designations Are Treated for Trial Time:</u> Only the deposition testimony designated by each party will be subtracted from that party's trial time. The other party's responsive designations shall be deducted from that party's trial time (i.e., affirmative designations will be deducted from the designating party's trial time and counter-designations will be subtracted from the counter-designating party's trial time). Each party is responsible for providing a timed report of the deposition designations prior to the designations being played at trial.

7. <u>Trial Exhibits:</u> Each party will provide a list of trial exhibits to be used in connection with direct examination by 8:30 p.m. the night before their intended use. Trial exhibits used for cross-examination or for a party's examination of a witness that the party calls adversely need not be disclosed.

8. <u>Demonstratives:</u> "Demonstratives" are exhibits specifically created for the purpose of the trial and for illustrative purposes, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial (such as by writing on a white board or flip chart); or (2) the enlargement, highlighting, ballooning, underlining, or the like, of preadmitted exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

9. <u>Disclosure of Demonstratives for Opening Statements</u>: Absent further agreement of the parties, the parties will exchange Demonstratives for use in opening statements by 4 p.m. on the day before openings. The parties will provide any objections to the Demonstratives by 6 p.m. on the same day. The parties will meet and confer on any objections to the Demonstratives by 7 p.m. on the same day. The parties will provide a joint email to the Court on any remaining disputes by 8 p.m.

10. <u>Disclosure of Demonstratives for Use in Direct Examinations</u>: Absent further agreement of the parties, the parties will provide Demonstratives for use in direct examinations of their own witnesses by 7 p.m. the night before their intended use, with an agreement that any changes to the demonstratives made after the exchange will be only in font, layout, format, etc., to correct typographical errors and not edits of substance, unless made in response to and for the purpose of resolving an objection. If any substantive changes are made to the demonstrative after the exchange, notice shall be provided to the opposing party promptly. The parties will provide any objections to such Demonstratives by 8 p.m. The parties will meet and confer by 9 p.m. The parties will provide a joint email to the Court on any remaining disputes by 10 p.m.

11. <u>Disclosure of Demonstratives for Closing Arguments:</u>

**Lionra's Proposal**: The parties shall exchange any newly created Demonstratives for use in closing argument at a time to be discussed on the third day of trial.

**Cisco's Proposal**: Absent further agreement of the parties, the parties need not exchange demonstratives used for closing statements.

12. <u>Presence of Corporate Representative During Sealed Portions of Trial:</u> The Parties agree that, as a general rule, each party's corporate representative may remain in the courtroom during sealed portions of the trial, subject to the right of either party to make a specific request that the corporate representative of either or both parties exit the courtroom for the discussion of particular matters. The parties agree to use their best efforts to notify one another the night before they anticipate

11

making any such request, the basis for which may be known or anticipated by the disclosures that precede each day of trial.

13.     <u>Notice of Intention to Rest</u>: By 6:30 pm the night before it intends to rest its case, the resting party shall give the other party notice of its intention to rest. This notice is intended so that the parties have an opportunity to comply with the other provisions of this Order.

## VI.     CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact and law that remain to be litigated at trial. To the extent any issue of law discussed below is deemed to be an issue of fact, it is expressly designated as such, and vice versa. The parties do not waive any of their pending or anticipated motions, and each party incorporates by reference the contested issues raised in its respective pending motions. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

1.     Whether Cisco directly infringes claim 27 of the '323 Patent.

2.     Whether Cisco indirectly infringes claim 27 of the '323 Patent.

3.     Whether claim 27 of the '323 Patent is invalid under 35 U.S.C. §§ 102 and 103.

4.     Whether Lionra materially breached the RPX Agreement by filing this suit (subject to the Court's determination whether Cisco has timely asserted its counterclaim).

5.     Whether Cisco is entitled to damages for Lionra's breach of contract.[3]

6.     If the Asserted Claim is found to be not invalid and infringed, the amount of damages, if any, to which Lionra is entitled.

---

[3] Lionra objects to Cisco's claim for damages related to its proposed counterclaim for breach of the RPX Agreement, as Cisco has not made any disclosures regarding its purported damages related to such breach, or entitlement to any other remedy.

7. Whether Lionra is entitled to its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285.

8. Whether Cisco is entitled to its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285.

## VII. LIST OF WITNESSES AND DEPOSITION DESIGNATIONS

1. Lionra's trial witness list is attached as Exhibit A.

2. Cisco's trial witness list is attached as Exhibit B.

## VIII. EXHIBIT LISTS

1. The parties' joint exhibit list is attached as Exhibit C.

2. Lionra's exhibit list is attached as Exhibit D.

3. Cisco's exhibit list is attached as Exhibit E.

4. A list of codes used the parties' objections to each other's exhibits is attached as Exhibit F.

## IX. DEPOSITION DESIGNATIONS[4]

1. Lionra's deposition designations, along with respective rebuttal designations and objections, are attached as Exhibit G.

2. Cisco's deposition designations, along with respective rebuttal designations and objections, are attached as Exhibit H.

---

[4] The parties will continue to revise deposition designations in light of the Court's rulings on pre-trial motions.

## X.   LIST OF PENDING MOTIONS

### A.   Lionra's Pending Motions

1. Plaintiff's Motion for Partial Summary Judgment to Enforce Sotera Stipulations (IPR Estoppel) (Dkt. 258, Feb. 20, 2024) (**Note:** This motion need not be decided as it relates to Cisco if the Court adopts, without modification, the Report and Recommendation regarding the license defense issued at Dkt. 479.)

2. Plaintiff Lionra Technologies Ltd.'s Motion for Summary Judgment of No Invalidity Under 35 U.S.C. § 101 (Dkt. 262, Feb. 20, 2024) (**Note:** This motion need not be decided as it relates to Cisco if the Court adopts, without modification, the Report and Recommendation regarding the license defense issued at Dkt. 479.)

3. Plaintiff Lionra Technologies Ltd.'s Motion to Strike Portions of Dr. Tajana Rosing's Expert Reports (Dkt. 280, March 4, 2024)

4. Plaintiff Lionra Technologies Ltd.'s Motion to Strike Portions of Dr. Kevin C. Almeroth's Expert Reports (Dkt. 281, March 4, 2024) (**Note:** This motion need not be decided as it relates to Cisco if the Court adopts, without modification, the Report and Recommendation regarding the license defense issued at Dkt. 479.)

5. Plaintiff's Motion to Strike Certain Testimony by Cisco Technical Expert Dr. Kevin Jeffay (Dkt. 284, March 4, 2024) (**Note:** This motion need not be decided as it relates to Cisco if the Court adopts, without modification, the Report and Recommendation regarding the license defense issued at Dkt. 479.)

6. Plaintiff's Motion to Strike Testimony by Defendants' Damages Experts Ambreen Salters, Nisha Mody, and Laura Stamm (Dkt. 285, March 4, 2024) (**Note:** This motion need not be decided as it relates to Cisco if the Court adopts, without

modification, the Report and Recommendation regarding the license defense issued at Dkt. 479.)

7. Plaintiff's Motion to Strike Certain Testimony by Palo Alto Technical Expert Dr. Bill Lin (Dkt. 287, March 4, 2024) (**Note:** This motion need not be decided as it relates to Cisco if the Court adopts, without modification, the Report and Recommendation regarding the license defense issued at Dkt. 479.)

8. Plaintiff Lionra Technologies Ltd.'s Omnibus Motions *in Limine* (Dkt. 465, April 16, 2024)

### B. Cisco's Pending Motions

9. Defendant Cisco Systems, Inc.'s Opposed Motion to Stay Pending Resolution of *Inter Partes* Review for All Asserted Claims (Dkt. 239, Feb. 2, 2024)

10. Defendant Cisco Systems, Inc.'s Motion for Summary Judgment of Non-Infringement and No Indirect Infringement for U.S. Patent No. 7,921,323 (Dkt. 263, Feb 20, 2024)

11. Defendant Cisco Systems, Inc.'s Motion for Partial Summary Judgment as to Cisco's License Defense and Noninfringement with Respect to U.S. Patent Nos. 7,685,436 and 8,566,612 (Dkt. 264, Feb. 20, 2024) (**Note:** This motion is the subject of Report and Recommendation at Dkt. 479, which has not yet been adopted by the Court, and to which Lionra intends to object.)

12. Defendant Cisco Systems, Inc.'s Opposed Motion for Leave to Amend Answer to Add Breach of Contract Counterclaim (Dkt. 274, Feb. 29, 2024)

13. Defendant Cisco Systems, Inc.'s *Daubert* Motion and Motion to Strike the Opinions of Lionra's Expert Dr. Eric Cole (Dkt. 288, March 4, 2024)

14. Defendant Cisco Systems, Inc.'s *Daubert* Motion and Motion to Strike the Opinions of Lionra's Damages Expert Jim W. Bergman (Dkt. 289, March 4, 2024)

15. Defendant Cisco Systems, Inc.'s *Daubert* Motion and Motion to Strike the Opinions of Lionra's Expert Dr. Hugh Smith (Dkt. 290, March 4, 2024)

16. Defendant Cisco Systems, Inc.'s Motions *in Limine* (Dkt. 468, April 16, 2024)

17. Defendants Fortinet Inc., Cisco Systems, Inc. and Palo Alto Networks, Inc.'s Unopposed Motion for Hearing on Defendants' Motions for Stay (Dkt. 420, March 28, 2024)

18. Joint Motion for Trial Order (Dkt. 469, April 18, 2024)

## XI.  LENGTH OF TRIAL

The parties request 11 hours per side for direct, cross, and rebuttal examination. The parties further request 30 minutes per side for voir dire sessions, 30 minutes per side for opening statements, and 45 minutes per side for closing arguments. (**Note:** Should the Court sustain Lionra's forthcoming objections to the Report and Recommendation at Dkt. 479, and/or otherwise modify the Report and Recommendation, the parties reserve the right to request additional trial time to try the issues related to the '436 and '612 patents.)

## XII.  CERTIFICATIONS

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein:

  A. is in existence;

  B. is numbered; and

  C. has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff(s):  /s/ *Glen E. Summers*

Attorneys for Defendant(s): /s/ *Brian A. Rosenthal with permission by Glen E. Summers*

(Note: An attorney of record may sign and certify this order on behalf of opposing counsel "with permission.")

(Note: Where additional parties are joined or intervene pursuant to Rules 14, 19 and 24 of the Federal Rules of Civil Procedure, the style of the case and the various sections of the pre-trial order should be modified to reflect the additional parties and information pertaining to them.)

Dated: April 29, 2024

| | |
|---|---|
| Respectfully submitted: | Respectfully submitted: |
| /s/ *Glen E. Summers* | **/s/ Brian A. Rosenthal** |
| Brett E. Cooper (NY Bar No. 4011011) | Brian A. Rosenthal (lead attorney) |
| LEAD ATTORNEY | brosenthal@gibsondunn.com |
| Seth Hasenour (TX Bar No. 24059910) | Karl Kowallis |
| Jonathan Yim (TX Bar No. 24066317) | kkowallis@gibsondunn.com |
| Drew B. Hollander (NY Bar No. 5370896) | Vivian Lu |
| **BC LAW GROUP, P.C.** | vlu@gibsondunn.com |
| 200 Madison Avenue, 24th Floor | **GIBSON, DUNN & CRUTCHER LLP** |
| New York, NY 10016 | 200 Park Avenue |
| Telephone: (212) 951-0100 | New York, NY 10166-0193 |
| bcooper@bc-lawgroup.com | Telephone: 212.351.6300 |
| shasenour@bc-lawgroup.com | Facsimile: 212.351.4035 |
| jyim@bc-lawgroup.com | |
| dhollander@bc-lawgroup.com | Christine Ranney |
| | cranney@gibsondunn.com |
| Andrea L. Fair (TX Bar No. 24078488) | **GIBSON, DUNN & CRUTCHER LLP** |
| Garrett Parish (TX Bar No. 24125824) | 1801 California St. |
| **WARD, SMITH & HILL, PLLC** | Denver, CO 80202-2642 |
| 1507 Bill Owens Parkway | **Telephone:** 303.298.5700 |
| Longview, TX 75604 | **Facsimile:** 303.298.5907 |
| Telephone: (903) 757-6400 | |
| andrea@wsfirm.com | Albert Suarez IV |
| gparish@wsfirm.com | asuarez@gibsondunn.com |
| | Texas State Bar No. 24113094 |
| Glen E. Summers (CO Bar No. 30635) | Ashbey Morgan |
| **BARTLIT BECK LLP** | anmorgan@gibsondunn.com |
| 1801 Wewatta Street, Suite 1200 | Texas State Bar No. 24106339 |
| Denver, CO 80202 | Audrey Yang |
| Telephone: (303) 592-3100 | ayang@gibsondunn.com |
| glen.summers@bartlitbeck.com | Texas State Bar No. 24118593 |
| | Julia Tabat |
| **Mark Levine (IL Bar No. 6276086)** | jtabat@gibsondunn.com |
| Luke Beasley (IL Bar No. 6334359) | Texas State Bar No. 24139414 |
| **BARTLIT BECK LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
| 54 West Hubbard Street, Suite 300 | 2001 Ross Avenue, Suite 2100 |
| Chicago, IL 60654 | Dallas, TX 75201-6912 |
| Telephone: (312) 494-4400 | Telephone: 214.698.3360 |
| mark.levine@bartlitbeck.com | Facsimile: 214.571.2907 |
| luke.beasley@bartlitbeck.com | |
| | Jennifer Rho |
| Amy J. Wildermuth (IL Bar No. 6256999) | jrho@gibsondunn.com |
| 17811 Comstock Road | **GIBSON, DUNN & CRUTCHER LLP** |

18

Wayzata, MN 55391
Telephone: (801) 913-4068
amy.wildermuth@gmail.com

**Attorneys for Plaintiff
Lionra Technologies Limited**

333 S Grand Ave
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6103

Melissa R. Smith
melissa@gillamsmithlaw.com
Texas State Bar No. 26301351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

**Attorneys for Defendant Cisco Systems, Inc.**

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that a copy of the foregoing document was filed via the Court's CM/ECF system on April 29, 2024, which will send a notification of such filing to all counsel of record.

/s/ *Glen E. Summers*
Glen E. Summers