**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0322-JRG-RSP |
| | § | (LEAD CASE) |
| FORTINET, INC., | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Cisco's Motion for Summary Judgment of Non-Infringement and No Indirect Infringement for U.S. Patent No. 7,921,323 (Dkt. No. 263).

After consideration, the Court recommends the motions should be **DENIED** as provided below.

**I.      APPLICABLE LAW**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving

party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc*., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at \*1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     ANALYSIS

Claim 27[1] of the '323 Patent provides:

> A communications infrastructure, comprising two or more separate signal processing circuits, each one of said two or more signal processing circuits including multiple ASIC devices that each itself includes a packet router, said packet router of each one of said ASIC devices of each given one of said respective two or more signal processing circuits being coupled through respective first and second common interfaces and an intervening high speed serial optical link to a respective packet router of each of the ASIC devices of each other of said two or more signal processing circuits with no other processing device intervening between the high speed optical link and said ASIC devices of each of said two or more signal processing circuits.

Cisco contends Lionra has failed to demonstrate the accused devices meet the "common interfaces," "serial optical link," or "no other processing device intervening…" limitations.

### A.   "COMMON INTERFACES"

First, Cisco contends that the "first and second common interfaces" need be disposed on first and second signal processing circuits. (*Id*. at 7.) Cisco contends "respective" here relates back to the "respective two or more signal processing circuits" described earlier in the claim. (*Id*.) Cisco argues this understanding is required by the further limitation of "an intervening high speed serial optical link," that Cisco contends is intervening between the first and second interfaces. (*Id*.) Cisco argues its understanding is further supported by Lionra's choice to drop claim 31 during briefing as it provides "transferring at least one data packet … through said first and second common interfaces," which Cisco contends is the method version of the contested requirement of claim 27. (Reply at 3-4.)

Second, Cisco contends the accused devices do not have any *common* interfaces as each interface

---

[1] While Cisco's motion focused on claim 27, it also addressed claim 31. (*See* Mot.) However, during briefing Lionra dropped its assertion of claim 31. (*See* Reply at 1.) As such, the Court addresses only claim 27.

is dedicated to a dedicated set of ports for an ASIC and no port interfaces are common to multiple ASICs. (Mot. at 7-8.)

Finally, Cisco contends if the accused first and second common interfaces are composed on the same switch, as under Lionra's infringement theory, they cannot couple the ASICs of two separate signal processing circuits through an intervening high speed serial optical link. (*Id*. at 9.) In particular, Cisco argues the internal connections among the ASICs accused as the "first common interface" have no part in external communications to other signal processing circuits. (*Id*. at 9-11.)

Lionra contests Cisco's arguments. First, Lionra argues the "respective" language cited by Cisco does not require that the first and second interfaces be on different signal processing circuits. (Opp. at 5.) Rather, Lionra contends "the first and second common interfaces" belong to the "coupling" limitation such that the interfaces belong to no particular signal processing circuit. (*Id*.)

Lionra argues its infringement theory that the first and second interfaces support coupling of a direct and an indirect path between ASICs respectively is supported by the plain language of the claim and the specification. (*Id*.) Lionra provides a figure from the patent that its expert annotated to demonstrate its theory:



'323 Patent, Fig. 15 (annotated).

In particular, Lionra identifies the "duplex communication links" (1520 above) as interfaces. (*Id.* at 9.) Lionra contends the specification provides that such connections are interfaces. (*Id.*) Lionra contends the specification describes interfaces for connection ASICs in the same "signal processing circuit" and different "signal processing circuits." (*Id.* at 9-10 (citing the '323 Patent at 21:1-33).) Lionra contends the specification likewise supports indirect routing between ASICs. (*Id.* (citing the '323 Patent at 15:49-59).) In this way, Lionra contends there is a first and second interface.

Lionra further contests that the "intervening high speed serial optical link" needs to intervene between the first and second interfaces. (*Id.* at 7.) Rather, Lionra contends the plain language supports that the "high speed serial optical link" "intervenes" the coupling of "said packet routers." (*Id.*)

Lastly, Lionra argues it has shown the identified interfaces are common. (*Id.* at 11-12.) Lionra contends the alleged interfaces are common since they "share the same characteristics, *i.e.,* they are 'belonging to or affecting the whole' of the 'packet router of each ASIC'" and they need not be shared by all of the ASICs. (*Id.*)

The Court finds there are genuine questions of material fact here. First, the Court finds the term

4

"respective" does not require the first and second common interfaces belong to separate circuits. Cisco's argument that "intervening" as to "serial optical link" presupposes both the first and second common interfaces are part of the same route, and cannot be provided on distinct routes. Likewise, Cisco's reference to claim 31 undermines, rather than supports, its argument as claim 31 has materially different claim elements. Second, whether the identified interfaces are "common" is a battle of the experts. Both sides have presented evidence to support their disparate understandings of the identified interfaces, Cisco arguing they are not shared by all ASICs while Lionra argues they are common to packet router of each ASIC. It is up to the jury to make this fact determination. Finally, as provided above, the Court does not find Lionra's direct and indirect routing theory is unsupportable under the plain language of the claims.

### B.  "SERIAL OPTICAL LINK"

Cisco also alleges that the accused switches do not share a "serial optical link." (Mot. at 12-13.) Cisco contends the claim language requires a single serial optical link used to connect multiple ASICs on a first circuit to multiple ASICs on a second circuit but the accused device uses multiple point-to-point links with separate interfaces. (*Id*.)

Lionra responds that a single link is not required by the claims and rather the language "**an** intervening high speed serial optical link" should be construed to mean "one or more intervening high speed serial optical links." (Opp. at 12-13 (citing *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1355 (Fed. Cir. 2000)).)

The Court agrees with Lionra. Claim 27 does not claim a *shared* "serial optical link" rather it claims "**an** … serial optical link." While Figure 15 depicts a single line as *the* serial optical link for the system, the Court will not read such a limitation in from the specification on this record.

### C.  "NO OTHER PROCESSING DEVICE INTERVENING"

Last, Cisco argues that the negative limitation "with no other processing device intervening…" is not met. (Mot at 14-16.) Rather, Cisco argues a line card is disposed between the "supervisor cards" containing the ASICs that perform the packet routing functions. (*Id*.) Cisco contends the evidence demonstrates the line cards contain ASICs performing processing such as adaptation, translation,

buffering, and quality of service functions. (*Id*.) Further, Cisco contends Lionra has only argued the line cards do not perform packet routing functions without addressing other processing functions. (*Id*. at 15-16.)

Lionra contests Cisco's assertion that the line cards perform such functions. (Opp. at 13-14.) Rather, Lionra argues 30(b)(6) testimony provides the line cards perform "a kind of adaptation function … kind of like a multiplexer function or translation function … i[t] doesn't make intelligent decisions." (*Id*. at 14.) Further, Lionra contends the ASIC functions that Cisco references only relate to one set of models. (*Id*.)

The Court finds Lionra has created a genuine question of material fact. Lionra has identified testimony that the line card at issue "doesn't make intelligent decisions." On this basis, the Court finds a reasonable jury could determine the Line card is not an intervening processing device.

## III.    CONCLUSION

As provided above, the Court recommends finding there is a significant question of material fact at issue under each of Cisco's non-infringement arguments. Thus, the Court recommends that the Cisco's Motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 2nd day of May, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE