# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>FORTINET, INC. | Case No. 2:22-cv-00322-JRG-RSP<br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>CISCO SYSTEMS, INC. | Case No. 2:22-cv-00305-JRG-RSP<br>(Member Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>PALO ALTO NETWORKS, INC. | Case No. 2:22-cv-00334-JRG-RSP<br>(Member Case) |

**OBJECTIONS OF DEFENDANT CISCO SYSTEMS, INC. TO RECOMMENDED RULING ON PLAINTIFF LIONRA TECHNOLOGIES LTD.'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C. § 101 [DKT. 262]**

## TABLE OF CONTENTS

                                                                                **Page**

I.     The Asserted Patents Are Directed To The Abstract Idea Of Processing Data Using Generic Computer Equipment Components ............................................................2

          A.     The Asserted Claims Of The '612 Patent Are Directed To Abstract Ideas ............4

          B.     The Asserted Claims Of The '436 Patent Are Likewise Directed To Abstract Concepts At Alice Step One................................................................11

II.    Conclusion .................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014) ........................................................3

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001) .........................9

*Bancorp. Servs., L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d
    1266 (Fed. Cir. 2012) ..............................................................................................................8

*Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341
    (Fed. Cir. 2016) .....................................................................................................................12

*Brumfield v. IBG LLC*, 97 F.4th 854 (Fed. Cir. 2024) ..................................................................12

*CardioNet v. InfoBionic, Inc.*, 955 F.3d 1358 (Fed. Cir. 2020) ....................................................10

*ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019) ................................. 3, 7

*Cisco Sys., Inc. v. Uniloc 2017 LLC*, 813 F. App'x 495 (Fed. Cir. 2020) ......................................7

*Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359 (Fed. Cir. 2020) .......................6

*Electric Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016) .................................10

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317 (Fed. Cir.
    2020) ................................................................................................................................ 3, 10

*First-Class Monitoring, LLC v. United Parcel Serv. of Am., Inc.*, 389 F. Supp. 3d
    456 (E.D. Tex. 2019) ..............................................................................................................8

*Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315 (Fed. Cir. 2017) .................................12

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012) ..................................5

*Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299 (Fed. Cir. 2020) .....................................7

*People.ai, Inc. v. Clari Inc.*, No. 2022-1364, 2023 WL 2820794 (Fed. Cir. Apr. 7,
    2023) .......................................................................................................................................6

*Q Techs., Inc. v. Walmart, Inc.*, No. 6:21-CV-00779-ADA, 2024 WL 1146150
    (W.D. Tex. Mar. 6, 2024) .....................................................................................................12

*Semantic Search Techs. LLC v. Aldo U.S., Inc.*, 425 F. Supp. 3d 758 (E.D. Tex.
    2019) .......................................................................................................................................3

*Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161 (Fed. Cir. 2019) ......................................................5

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295 (Fed. Cir. 2019) ............................................... 7

*Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138 (Fed. Cir. 2016) ............................. 3, 5

*Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355 (Fed. Cir. 2023) ................................. 7

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017) ............................................................................................................................. 11

*Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342 (Fed. Cir. 2021) ............................ 9

*Weisner v. Google LLC*, 51 F.4th 1073 (Fed. Cir. 2022) ............................................................. 5

**STATUTES, RULES, AND REGULATIONS**

35 U.S.C. § 101 ............................................................................................. 2, 3, 4, 5, 10

35 U.S.C. § 102 ............................................................................................................... 4

35 U.S.C. § 103 ............................................................................................................... 4

Fed. R. Civ. P. 72(b) ....................................................................................................... 2

iii

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| Recommendation | Report and Recommendation filed April 24, 2024 (Dkt. 480) |
| '436 patent | U.S. Patent No. 7,685,436 |
| '612 patent | U.S. Patent No. 8,566,612 |
| Asserted Patents | '436 patent and '612 patent |
| Asserted Claims | Claims 1, 2, 13, and 22 of the '436 patent; Claims 1, 2, 12, and 13 of the '612 patent |

Defendant Cisco Systems, Inc. respectfully objects pursuant to Fed. R. Civ. P. 72(b) to the Report and Recommendation filed April 24, 2024 (Dkt. 480), which recommended granting the motion of Plaintiff Lionra Technologies Ltd. for summary judgment that claims 1, 2, 13, and 22 of the '436 patent, and claims 1, 2, 12, and 13 of the '612 patent, claim patent-eligible subject matter under 35 U.S.C. § 101. *See* Dkt. 262 [Lionra Mot.] at 1, 2.

I.  **The Asserted Patents Are Directed To The Abstract Idea Of Processing Data Using Generic Computer Equipment Components**

As explained in Defendants' opposition to Lionra's motion, claims 1, 2, 12, and 13 of the '612 patent are directed to the abstract idea of processing data—functions that have been, and can be, executed by humans outside the context of computers. *E.g.*, Dkt. 298 [Defendants' Opp.] at 5.

Each of the claimed components and associated functions for the "security processor" recite only generic processing functions for sending, receiving, processing, and classifying data, which Lionra does not dispute: (1) sending and receiving information; (2) decrypting received information or encrypting outgoing information; (3) classifying that information; and (4) determining whether that information contains certain things on a list. *Id.* at 6; Dkt. 321 at 3 ("[I]t is far from remarkable that a single "processor" may possess all the claimed functionality delineated in the Asserted Claims.").

Lionra's interpretation of the Court's constructions of relevant terms in the Asserted Patents only confirms that Lionra alleges the specific language of the claims is directed to the functional processing of data. *E.g.*, Dkt. 262 at 6 (arguing the Asserted Claims "disclose specific components of the security processor that have been construed to provide specific functionality"), 9 (similar); *see also* Dkt. 162 [Claim Construction Order] at 29-49. For example, the constructions for "packet engine," "cryptographic core," and "intrusion detection system" permit that those components be "hardware, ***or a combination of hardware and software***, that is configured ***to***

*perform*" the respective "operations" or "processing" represented in the claim language.  *Id.* at 39 (construing "packet engine"), 42 (construing "cryptographic core"), 46 (construing "intrusion detection system").[1]

Lionra's motion was based only on step one of *Alice Corp. Pty. Ltd. v. CLS Bank International*, which considers "whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea.  573 U.S. 208, 218 (2014).  In granting that motion, the Recommendation focused on Lionra's representation that "the claims as a whole" are directed to "technical improvements to the secure processing of data packets," crediting Lionra's attorney argument that the claims recite "the particular arrangement and architecture of functional components within the security processor."  Recommendation at 5 (quoting Dkt. 292 at 5). Specifically, the Recommendation identifies Lionra's argument that the claims "arrang[e] known components in a novel manner."  *Id.* at 6-7.  That conclusion, however, runs counter to the Court's claim construction and the law.

Determining whether claims are "directed to" an abstract idea at *Alice* step one begins with the claim language itself.  *See Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1325 (Fed. Cir. 2020) ("While the specification may be helpful in illuminating what a claim is directed to ... the specification must always yield to the claim language when identifying the true focus of a claim." (quotation marks omitted)); *see also Semantic Search Techs. LLC v. Aldo U.S., Inc.*, 425 F. Supp. 3d 758, 774-776 (E.D. Tex. 2019) (applying same).  "The § 101 inquiry must focus on the language of the Asserted Claims themselves, … and the specification cannot be used to import details from the specification if those details are not claimed."  *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) (quoting *Synopsys, Inc. v. Mentor Graphics*

---

[1] All emphasis in this brief is added, unless otherwise noted.

3

*Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016)).

### A.  The Asserted Claims Of The '612 Patent Are Directed To Abstract Ideas

The Recommendation treats claim 1 of the '612 patent as representative of the Asserted Claims:

> 1. A security processor to process incoming packets and outgoing packets, the security processor comprising:
>
> a switching system to send the outgoing packets and receive the incoming packets;
>
> a packet engine, coupled to the switching system, to handle classification processing for the incoming packets received by the packet engine from the switching system and the outgoing packets sent by the packet engine to the switching system, wherein the packet engine is one of a plurality of packet engines and substantially all of the incoming and outgoing packets to the security processor transit one of the plurality of packet engines;
>
> a cryptographic core, coupled to the packet engine and receiving the incoming packets from the switching system via the packet engine and communicating the outgoing packets to the switching system via the packet engine, to provide encryption and decryption processing for packets received from and sent to the packet engine, wherein the packet engine is interposed between the switching system and the cryptographic core;
>
> a signature database; and
>
> an intrusion detection system coupled between the cryptographic core and the packet engine and responsive to at least one packet matching a signature stored in the signature database.

'612 patent at cl.1; Recommendation at 4.

The claimed "security processor" of the '612 patent is directed to organizing data, which is an abstract idea at *Alice* step one.  And the claim only uses generic computing components that Lionra did not purport to invent and has not purported to improve.  The Recommendation erred in ruling otherwise, for at least three reasons.

*First*, the Recommendation improperly conflated the law of novelty and obviousness, under 35 U.S.C. §§ 102-103, with the requirements for patent-eligibility under § 101.  The Recommendation tellingly summarized that the "inventive concept of the claimed security processor does involve arranging known components in a ***novel*** manner."  Recommendation at 7.

4

Without citation, the Recommendation continued that "***novel*** combinations and arrangements of known components are patentable when not obvious." *Id.* That was legal error; the Federal Circuit has repeatedly held that claims may be novel and non-obvious, and yet not patent-eligible. *See, e.g.*, *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161 (Fed. Cir. 2019) ("Merely reciting an abstract idea by itself in a claim—even if the idea is novel and non-obvious—is not enough to save it from ineligibility."); *see also Synopsys*, 839 F.3d at 1151 (explaining that the search for an inventive concept under § 101 is distinct from demonstrating novelty under § 102). That the Recommendation rested on a conclusion that the claims recite "arranging ***known components***" for processing data, whether "novel" or not, is precisely what the eligibility analysis is meant to protect against. *See Alice*, 573 U.S. at 223 ("[I]f a patent's recitation of a computer amounts to a mere instruction to 'implemen[t]' an abstract idea 'on ... a computer,'…that addition cannot impart patent eligibility. This conclusion accords with the pre-emption concern that undergirds our § 101 jurisprudence." (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 84 (2012)) (alteration in original).

***Second***, the Recommendation erred by accepting Lionra's argument that the claimed processing amounts to a legally relevant "improvement" in the context of computing technology. The claims of the '612 patent recite no such improvement. Rather, the Asserted Claims are directed to the mere transfer and processing of information through execution of conventional steps using known components, in no way different from organized human activity in the context of a computer. *See Weisner v. Google LLC*, 51 F.4th 1073, 1083 (Fed. Cir. 2022) ("Automation or digitization of a conventional method of organizing human activity ... does not bring the claims out of the realm of abstractness.").

Lionra's arguments do not identify any "improvement" to computing technology, but are

instead generic attorney argument. Recommendation at 5-6. For example, Lionra's credited argument that the claimed invention "combine[s] firewall, networking, and security functionalities efficiently into one system" does not deny the claims' abstract focus on processing information, and fails to identify any technological "improvement[]" in the claims' use of well-known components that Lionra did not invent. Recommendation at 6.

At most, Lionra's (and the Recommendation's) statements identify alleged ***differences*** between the arrangement of components in the claims and what was in the prior art, which is not the relevant inquiry at *Alice* step one. These arguments do not distinguish the claimed steps from generic activities that can be performed by humans. Simply identifying differences in user experience is not an improvement to computer functionality that avoids abstractness. *See Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020) ("[I]mproving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality."); *see also People.ai, Inc. v. Clari Inc.*, No. 2022-1364, 2023 WL 2820794, at *6-7 (Fed. Cir. Apr. 7, 2023) (holding claims abstract when "directed to the abstract idea of data processing by restricting certain data from further analysis based on various sets of generic rules," which were "steps long undertaken by a salesperson or corporate mailroom sorting correspondence and setting aside certain correspondence for further processing and filing").[2]

Instead, any alleged "improvement" to computational techniques that takes a claimed invention beyond the realm of an abstract idea, like those Lionra alleges, must "us[e] a specific technique" "to solve a technological problem arising in computer networks." *SRI Int'l, Inc. v.*

---

[2] As noted in Defendants' briefing, the prosecution history of the Asserted Patents is similarly silent as to any "improvement" to computing capabilities embodied in the claims. *E.g.*, Dkt. 298 at 6-7.

*Cisco Sys., Inc.*, 930 F.3d 1295, 1303 (Fed. Cir. 2019); *see also Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1309 (Fed. Cir. 2020).

Although the specification generally ***identifies*** "technological problems" (Dkt. 262 at 8), the Recommendation does not address those, because the claims lack any "specific technique" that would ***solve*** the problems, much less through a technological improvement. *See Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1364 (Fed. Cir. 2023) (rejecting patent owner's eligibility arguments for eligibility where "arguments [were] not tethered to the asserted claims, which do not require [alleged improvements of] 'nanosecond comparisons' or aggregating 'huge numbers of polls and members'"); *Cisco Sys., Inc. v. Uniloc 2017 LLC*, 813 F. App'x 495, 498 (Fed. Cir. 2020) (finding computer functionality claims directed to an abstract idea where "[t]he claim [did] not specify any particular metric or method for [claimed] ranking. The entirety of the claim is simply the abstract idea and nothing more.").

It also does not matter whether the claimed functions are "more complex than anything that might be executable by humans." Recommendation at 6 (characterizing Lionra's argument, Dkt. 292 at 11-12). "[A] human could not communicate over a computer network without the use of a computer, yet" the Federal Circuit has repeatedly "held that claims directed to enabling 'communication over a network' were focused on an abstract idea." *Trinity Info Media*, 72 F.4th at 1364; *see also ChargePoint*, 920 F.3d at 770 (finding claims directed to "the abstract idea of communication over a network to interact with network-attached devices" when "the claim language did not require" the computational details).[3]

---

[3] The Recommendation rightly did not adopt Lionra's argument that the claims' supposed "improvement" is alleged "efficiency" or "improved communication speed," which would not save the claims in any event. As indicated in Defendants' opposition to Lionra's motion (Dkt. 298 at 6), while a computer can perform this process faster than a human, "the fact that a computer can perform such operations more rapidly and efficiently [does not] make an abstract idea any less

7

***Third,*** the Recommendation's conclusion that the claimed "security processor" "involve[s] arranging known components in a novel manner" is contrary to the Court's claim construction and Lionra's own admissions. The Court's construction requires that the relevant components in the claimed "security processor" be "hardware, or a combination of hardware and software, that is configured to perform" the various functions. *Supra* at pp. 2-3. The Recommendation and Lionra, however, fail to address how the "combination of hardware and software" would amount to a "novel arrangement" or provide technological "improvements." Recommendation at 7.

Critically, Lionra explicitly represented that the Asserted Claims do not require a specific hardware configuration:

> Lionra has never argued that the '436 and '612 Patents require a specific configuration of hardware components because the patents do not require multiple and distinct hardware components. . . . Importantly, the Court noted that the terms "'coupled' and 'interposed' do not necessarily refer to physical relationships but rather can be understood as also encompassing processing relationships and communication relationships" among the various components identified in the Asserted Claims.

Dkt. 321 at 1-2. Thus, Lionra argued that the claimed "security processor" can be software running on a single, general purpose computer. Dkt. 321 at 3.

Lionra also argued that the Asserted Patents "expressly contemplate that the network intrusion detection functionality is not limited to hardware." Dkt. 145 at 20 (citing Dkt. 262-2 ('436 patent) at 3:43–51, 12:2–5, 12:25–32, 12:66–13:5, 18:41–57 & 19:5–52).[4] With respect to the claimed "packet engine" and "intrusion detection system," Lionra has argued that "the Court

---

abstract or any more patent-eligible." *First-Class Monitoring, LLC v. United Parcel Serv. of Am., Inc.*, 389 F. Supp. 3d 456, 462 (E.D. Tex. 2019); *see also Bancorp. Servs., L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1279 (Fed. Cir. 2012).

[4] Because the '436 and 612 Patents share a specification, citations are only to the '436 Patent, unless noted otherwise.

8

also noted that 'the specification contains no disclosure that a "tap" as necessarily being a physical component'" and that the claim phrase "intrusion detection system" does not "limit the term … to being a distinct physical structure.'" Dkt. 321 at 2 n.1.[5] Therefore, the Recommendation was wrong to attempt to limit the claim to a specific arrangement of **hardware** in an effort to direct the claims to a non-abstract concept at *Alice* step one.

As for "software," the Recommendation states, without cited support, that "[e]ven logical, rather than physical, arrangements may support novelty." Recommendation at 7. The Recommendation does not explain what those "logical" arrangements are, likely because Lionra's briefing did not identify any such arrangement that would produce any non-abstract technological "improvement" in the operation or output of the claimed system. *Supra* at pp. 5-7. Lionra's failure means that, under Lionra's interpretation, these claims are the types of software steps implemented on conventional hardware that courts routinely hold are directed to abstract ideas. *See, e.g.*, *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1350 (Fed. Cir. 2021) (holding claims directed to abstract idea when "computers are merely used in a conventional way, rather than a technological improvement to computer functionality itself"); *CardioNet v.*

---

[5] The fundamental problem that Lionra cannot overcome is that the claims must be treated the same way both for infringement and validity. *See, e.g., Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses. . . . A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement. . . ."). Here, Lionra successfully argued to the Court that there is no requirement of a "physical" arrangement in the claims, and that the claims can be satisfied entirely by "logical" arrangements, i.e., the simple sequencing in which a handful of well-known software routines are performed. Lionra explicitly made this point in opposing Fortinet's summary judgment motion. *See, e.g.,* Dkt. 310 at 1 ("In its Claim Construction Order, the Court explained that '"coupled"' and "interposed" do not necessarily refer to <u>physical relationships</u> but rather can be understood as also encompassing processing relationships and communication relationships.'") (emphasis in original), 8 ("The Court has already considered and rejected any such 'physical coupling' requirement in the claims.").

*InfoBionic, Inc.*, 955 F.3d 1358, 1368 (Fed. Cir. 2020) (explaining claims are abstract when "directed to a result or effect that itself is an abstract idea"); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed. Cir. 2016) ("[T]he essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101.").

Moreover, Lionra itself argued against treating the claims as covering a "logical arrangement." As the Recommendation acknowledges, Lionra argued that at least the function of the claimed "packet engine" "relates to the means of information conveyance[,] not just the conveyance." Recommendation at 6. The claims cannot be directed to both a "logical arrangement" of the components (i.e., a sequence of operation) and at the same time define the "means" or way that the claimed components operate—and neither Lionra nor the Recommendation suggests otherwise. Similarly, in its claim construction briefing, Lionra argued that at least the claimed "packet engine" functionality was not a specific arrangement, but "may perform a multitude of operations," Dkt. 145 at 17, and that the "'cryptographic core' may perform a number of operations," as well, Dkt. 148 at 8. The fact that these components (whether physical or logical) are "connected" or "arranged" is insufficient to render them non-abstract. *See Ericsson*, 955 F.3d at 1326 ("Although written in technical jargon, a close analysis of the claims reveals that they require nothing more than this abstract idea.").[6]

---

[6] Lionra's motion for summary judgment was limited only to arguing what the Asserted Claims are "directed to" under *Alice* step one. Dkt. 262 at 1. Lionra did not move for summary judgment regarding Alice step two. That is not surprising, as the claims do not purport to invent any new device or technological component, but simply use preexisting components performing routine, conventional, and non-inventive functions to carry out the abstract idea of processing data. *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) (affirming judgment that claims directed to abstract idea contained no "inventive concept" when "[t]he claim use[d] a conventional ordering of steps—first processing the data, then routing it, controlling it, and monitoring its reception—with conventional technology to achieve its desired result"); *see also* Dkt. 298 at 4, 9-10.

At bottom, the Recommendation erroneously ignores the specific claim language and Lionra's shifting-sands approach about what the claims of the Asserted Patents are "directed to." When the claims are properly considered, it is plain that they are directed to the abstract idea of processing data, and the Recommendation erred in ruling otherwise. The Court should deny Lionra's summary judgment motion.

### B. The Asserted Claims Of The '436 Patent Are Likewise Directed To Abstract Concepts At *Alice* Step One

The Asserted Claims of the '436 patent are largely similar to those of the '612 patent and are therefore directed to the same abstract ideas for the same reasons identified above. Indeed, the Recommendation provides no additional analysis differentiating the claims of the Asserted Patents.

In any event, as the Recommendation notes, the relevant claims of the '436 patent differ from those of the '612 patent only by requiring that "incoming packets and outgoing packets are provided with a tag upon ingress to one of the plurality of packet engines and the tag determines an egress path within the security processor upon exit from a corresponding cryptographic core." Recommendation at 8 (quoting '436 patent at cl. 1). This additional claim limitation does not change the character of what the Asserted Claims of the '436 patent are directed to under the *Alice* step one analysis, nor does the Recommendation identify any way that it does.

Lionra argued that the "tagging" of data packets amounts to "*additional* functionality to the claimed 'security processor.'" Recommendation at 8; Dkt. 321 at 5 (citing '436 patent at 20:14-20 (emphasis in original)). The claims and specification are both silent as to *any* benefit or improvement to the claimed processor as a result of this "tagging" step, but instead make clear it is an aspect for "indexing" information—a feature that has repeatedly been held abstract at *Alice* step one. Dkt. 370 at 3; *see Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1327 (Fed.

11

Cir. 2017) (finding claim for "tags" was abstract as the "type of activity, i.e., organizing and accessing records through the creation of an index-searchable database, [that] includes longstanding conduct that existed well before the advent of computers and the Internet"); *Brumfield v. IBG LLC*, 97 F.4th 854, 868 (Fed. Cir. 2024) (affirming decision finding abstract idea where "the focus is not on improving computers," but the "mere automation of manual processes using generic computers," which does not constitute such an improvement); *see also Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348-1349 (Fed. Cir. 2016) (holding claims are directed to abstract concept at *Alice* step one because "filtering content is an abstract idea because it is a longstanding, well-known method of organizing human behavior"). The specification recites only that tagging "may be used to determine" the "ingress" or "egress" of the information; it does not purport to set forth any improved technological means for carrying out "tagging." '436 patent at 20:17-20. Plaintiff's expert, Dr. Cole, also admitted that tagging was generally known. Dkt. 298-1 [Cole Depo. Tr. (Rough)] at 211:6-23. The use of "tagging" to identify content, using known technology, is merely abstraction. *E.g.*, *Q Techs., Inc. v. Walmart, Inc.*, No. 6:21-CV-00779-ADA, 2024 WL 1146150, at *4 (W.D. Tex. Mar. 6, 2024) (holding claims directed to abstract idea of "sharing content using a unique identifier" when reciting functional steps that "are 'mental processes' that can be performed by humans with pencil and paper").

As with the '612 patent, the Asserted Claims of the '436 patent provide for generic processing functionality by generic, well-known components and fail to identify any "improvement" that would otherwise amount to a non-abstract recitation of computational benefit. They are therefore likewise directed to an abstract idea—the processing of data—at *Alice* step one.

12

## II. Conclusion

For the reasons above, Cisco respectfully objects to the Recommendation and request that the Court deny Lionra's motion for summary judgment of patent-eligibility at *Alice* step one.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 7, 2024 | */s/ Brian A. Rosenthal* |

Brian A. Rosenthal (lead attorney)
brosenthal@gibsondunn.com
Vivian Lu
vlu@gibsondunn.com
Karl Kowallis
kkowallis@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.6300
Facsimile: 212.351.4035

Christine Ranney
cranney@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1801 California St.
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5707

Jennifer Rho
jrho@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 S. Grand Ave.
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6103

Albert Suarez IV
asuarez@gibsondunn.com
Texas State Bar No. 24113094
Audrey Yang
ayang@gibsondunn.com
Texas State Bar No. 24118593
Ashbey Morgan
anmorgan@gibsondunn.com
Texas State Bar No. 24106339
Julia Tabat
jtabat@gibsondunn.com
Texas State Bar No. 24139414
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912

Telephone: 214.698.3360
Facsimile: 214.571.2907

Melissa R. Smith
melissa@gillamsmithlaw.com
Texas State Bar No. 26301351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

*Attorneys for Defendant Cisco Systems, Inc.*

15

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on May 7, 2024.

*/s/ Brian A. Rosenthal*
Brian A. Rosenthal