IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br>    *Plaintiff*,<br>v.<br>FORTINET, INC.,<br>    *Defendant*. | § § § § § § § § § | Case No. 2:22-cv-00322-JRG-RSP<br>(LEAD CASE) |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on Monday May 6, 2024, and addressed motions *in limine* filed by Plaintiff Lionra[1], (Dkt. No. 465), Defendant Palo Alto Networks, (Dkt. No. 466), Defendant Cisco (Dkt. No. 468), and Joint MILs (Dkt. No. 467). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A. Lionra's Motions *in Limine* (Dkt. No. 465)**

1. <u>Plaintiff's MIL No. 1</u>: Evidence, Testimony, or Argument Regarding Other Litigation, Patent Assertions by Atlantic IP or Any Company Related to Gerald Padian.

This motion *in limine* is **GRANTED** as to companies and other litigation related to Mr. Padian, but does not bar questions to Mr. Padian regarding his ownership in Lionra through Croi II and his family trust. If Plaintiff offers evidence concerning litigation licenses by Lionra, it may open the door to contextual evidence concerning the related litigation.

---

[1] As the pretrial conference as to Fortinet was continued, this order shall only have effect as between Lionra and Cisco and Palo Alto Networks.

2. Plaintiff's MIL No. 2: Evidence, Testimony, or Argument Regarding Pre-suit Notice.

This motion *in limine* is **GRANTED** to the extent Defendants may not suggest Plaintiff was legally obligated to provide pre-suit notice, but does not bar Defendants' ability to show that the lawsuit was their first notice of infringement.

3. Plaintiff's MIL No. 3: Evidence, Testimony, or Argument Regarding Technical Details of Defendants' Patents, Including How They Relate to the Accused Products.

This motion *in limine* is **GRANTED** except to the extent Defendants may note they have patents in this technology space (not that they cover the accused products). They shall not discuss the technical details of their patents or the titles of the patents.

4. Plaintiff's MIL No. 4: Evidence, Testimony, or Argument Regarding Prosecution History.

This motion *in limine* is **GRANTED-IN-PART** as to use of the prosecution history for claim construction or claim scope argument, but otherwise is **DENIED**.  Defendants may refer to the history if it contains statements by the applicant that recognize relevant features as not novel. Plaintiff may make contemporaneous objections if it believes Defendants have exceeded the proper relevance of this evidence.

5. Plaintiff's MIL No. 5: Evidence, Testimony, or Argument About Purported Testing on Encryption Efficiency.

This motion *in limine* is **DENIED AS MOOT** pending the adoption of the Report and Recommendation at Dkt. No. 479.  If not adopted, Plaintiff may reurge the motion.

B. **PAN's Motions *in Limine* (Dkt. Nos. 466)**

1. PAN's MIL No. 1: Preclude testimony, evidence, and argument relating to discovery responses from the Fortinet case.

This motion *in limine* is **GRANTED** as to the written discovery responses provided by Fortinet but it does not exclude other testimony from the experts regarding the Fortinet products (within the scope of their reports).

### C. Cisco's Motions *in Limine* (Dkt. No. 468)

1. Cisco's MIL No. 1: No reliance on the representative Products Stipulation (Dkt. 183) with respect to the '436 and '612 Patents.

This motion *in limine* is **DENIED AS MOOT** pending the adoption of the Report and Recommendation at Dkt. No. 479. If not adopted, Cisco may reurge the motion.

2. Cisco's MIL No. 2: No Reliance On Source Code For Software That Has Not Been Accused Of Infringement Or That Is Incompatible With The Accused Products.

This motion *in limine* is **DENIED AS MOOT** pending the adoption of the Report and Recommendation at Dkt. No. 479.  If not adopted, Cisco may reurge the motion.

3. Cisco's MIL No. 3: No Testimony, Argument, or Suggestion Regarding the Software Revenue or Total Amount of Revenue Cisco Generates from the Accused Products.

This motion *in limine* is **GRANTED** as to the $431 Million dollar figure and gross revenue numbers but Plaintiff's expert is not otherwise prohibited from testifying in accordance with his report. Unless Cisco challenges the percentage margins calculated by Plaintiff's expert, Plaintiff may not introduce the gross sales numbers used to calculate the margin.

4. Cisco's MIL No. 4: No Testimony, Argument, or Suggestion regarding the Sufficiency of Cisco's Production of Revenue Data Associated with Sales of Interconnects, Including Any Argument That CISCO_LIONRA_00330102 is Missing Data or Otherwise Incomplete.

This motion *in limine* is **DENIED** because it appears to relate to limitations of the data rather than sufficiency of discovery responses. However, to the extent Lionra might suggest

3

Cisco's production or discovery conduct is improper, this is barred by the Court's standing *limine* order No. 1.

**SIGNED this 7th day of May, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE