# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0322-JRG-RSP |
| | § | (LEAD CASE) |
| FORTINET, INC., | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Palo Alto Networks, Inc.'s Motion for Summary Judgment of Non-Infringement of the Asserted Patents (Dkt. No. 256).

After consideration, the Court recommends the motion should be **DENIED** as provided below.

## I.    APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving

party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc*., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.    ANALYSIS

Palo Alto Networks ("PAN") argues that Lionra cannot show infringement of the '436 Patent or '612 Patent because the alleged packet engine does not operate on all incoming packets as claimed, and the accused products are not configured to perform decryption when sold.

In response, in addition to substantive arguments, Lionra argues that PAN's first point does not impact the second theory of infringement. In sur-reply Lionra also argues that the Court should not entertain PAN's motion as it would be an "advisory opinion." (Sur-Reply at 1.)  However, unless Lionra has withdrawn its first infringement theory, PAN's motion is targeted at a live issue and the Court's ruling on it would not be an advisory opinion.

### A.  PACKET ENGINE

PAN argues that packets passed from the accused switching system are passed to a NICAFE FPGA which discards packets based on predetermined criteria and only sends the undiscarded packets on to the accused packet engines. (Mot. at 8.) PAN argues that the limitation that "substantially all of the incoming and outgoing packets to the security processor transit one of the plurality of packet engines" is not met when packets received by the switching system are dropped at an intervening component before reaching the packet engine. (*Id*. at 9-12.)

Lionra contests that "not all packets sent to the firewall make it through the firewall." (Opp. at 3.) Lionra contends "all packets sent to the firewall may make it through the firewall" because "[t]he NICAFE may not always drop packets, for example if there are no undersized packets." (*Id*.) Lionra bases this on the deposition of PAN's technical expert and contests PAN's assertion as untested. (*Id*. at 6.) From

2

this, Lionra argues there is a question of fact as to whether substantially all packets are received by the packet engines. (*Id*.)

Lionra also contends that infringement is found on the occasion packets are not dropped. (*Id*.) Lionra contends this "reasonable capability of satisfying the claim limitation[]" is sufficient. (*Id*. at 6-7 (citing *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 828 F. App'x 707, 714 (Fed. Cir. 2020)).)

The Court finds that there is a genuine question of material fact as to the effect of the NICAFE FPGA on packets and whether "substantially all" are passed through. First, it is unclear how the NICAFE FPGA functions based on the record provided to the Court. While PAN relies on both its expert and a knowledgeable declarant to argue that it drops packets, the Court is not well positioned to ascertain the truth of the matter. Particularly not where Lionra's expert has testified otherwise, (Dkt. No. 291-5 at ¶8), and Lionra has raised questions regarding the basis of PAN's expert's position. As such, the question of what the NICAFE FPGA does, is an open fact question for the jury to decide supporting **DENIAL** of PAN's motion.

## B.  CONFIGURED TO DECRYPT

PAN further argues it is entitled to summary judgment of no direct infringement as the accused products are not configured to perform decryption as sold. (Mot. at 12.) PAN notes the Asserted Claim requires a "cryptographic core … to provide encryption and decryption processing for packets" and "cryptographic core" was construed as "hardware, or a combination of hardware and software, that is configured to perform cryptographic processing." (*Id*.) Thus, PAN argues to be infringed, the Accused Products must be configured to perform decryption. (*Id*.)

PAN contends when sold, the traffic decryption functionality is not enabled and thus not configured. (*Id*. at 14.) PAN points to a fact witness declaration and PAN-OS Administrator's Guide as showing that the user must enable decryption after the accused devices are sold. (*Id*. at 14-15.)

Lionra contests PAN's application of the "configured to" language. (Opp. at 7-11.) Rather, Lionra argues that the accused devices have all the requisite structures to decrypt and thus are "configured to" decrypt. (*Id*. at 7-9.) Lionra contends PAN's argument is that the decryption functionality must be

"enabled" but this is inconsistent with case law. (*Id*. at 9-10.) In particular, Lionra cites *Apple Inc. v. Wi-LAN inc.*, 25 F.4th 960 (Fed. Cir. 2022) and *Fantasy Sports Props., Inc. v. Sportslin.com, Inc.* 287 F.3d 1108 (Fed. Cir. 2002). (*Id*.)

PAN replies that Lionra is attempting to construe "configured to" to be merely "capable of" despite this Court consistently finding otherwise. (Reply at 7-9.)

In sur-reply, Lionra reiterates that its position is that enablement of a software functionality is not required to meet a "configured to" limitation even outside any notion of capability. (Sur-reply at 5-9.)

The Court finds the Federal Circuit's decision in *Fantasy Sports* illustrative here. In that case, a claim directed to a "computer for playing football" with "means for scoring … bonus points" for unusual scoring plays was at issue. *Fantasy Sports Properties, Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002). The Circuit explained the "means for scoring" limitation was a software limitation that required "the software underlying a computer program … must be written in such a way as to *enable* the computer to carry out the functions…" *Id*. (emphasis added.) And that "the user is only activating means that are *already present in the underlying software*." *Id*. (emphasis in original.) Thus, arguing the accused device was a "modifiable software tool" was not persuasive, particularly when the product was advertised as designed for playing football. *Id*. at 1118-19.

While "configured to" is narrower than mere capability, Lionra has at the very least, created a genuine issue of material fact as to whether that is shown here. It appears that PAN's products are designed to perform decryption but that they may not upon initial set up. PAN has not demonstrated that there is no fact question regarding whether a structural change is needed for the accused product to decrypt. In other words, it is an open issue whether PAN's "user[s are] only activating means that are already present in the underlying software" or if they are doing something more.

### III.    CONCLUSION

The Court recommends that the Defendants' Motion (Dkt. No. 256) be **DENIED** as provided above.

4

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by **noon on May 17, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

  **SIGNED this 13th day of May, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE