IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-cv-0322-JRG-RSP |
| | § | (Lead Case) |
| FORTINET, INC., | § | |
| | § | |
| *Defendant*. | § | |

### REPORT AND RECOMMENDATION

Before the Court is Defendant Palo Alto Networks, Inc.'s ("PAN") Motion for Summary Judgment of Release of Claims Based on VMware Agreement. (Dkt. No. 513.) After consideration, the motion should be **DENIED** as provided below.

### I. BACKGROUND

During the pendency of this litigation, Lionra settled separate actions brought against VMWare in the Western District of Texas. (*See* Dkt. No. 512-1.) Those litigations did not involve the alleged infringement of any of the Asserted Patents. (Opp. at 2.) However, the settlement agreement provided that both of the Asserted Patents were "Licensed Patents." (Mot. at 2.)

Central to PAN's motion is Section 3.1, "Lionra Release to VMware," which provides that: "Lionra hereby unconditionally releases … VMware and its Affiliates, distributors and customers from any and all actions … related in any way to the Lawsuit, including without limitation any claim of infringement of Licensed Patents by any products, that happened prior to the Effective Date." ((Dkt. No. 512-1 at 2.)

### II. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine

1

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

**III.   ANALYSIS**

PAN contends the claims in this case were released because they relate to claims of infringement of "Licensed Patents" by a Broadcom customer, PAN. (Mot. at 1.) First, PAN contends it includes several Broadcom components in the Accused Products making PAN a Broadcom customer. (*Id*. at 3.) PAN contends Broadcom is included in the agreement's definition of VMware. (*Id*. at 6.) With this, PAN contends it is a VMware customer that is considered in the release. (*Id*.) Next, PAN argues the release is broad, covering "any and all"

2

claims that "any products" infringe the "Licensed Patents" including the Asserted Patents. (*Id*. at 6-7.)

Lionra responds that PAN is not a VMware customer and its claims here are not covered by the settlement because they are not "related in any way to the Lawsuit." (Opp. at 1-4.) Lionra focuses on the fact that the settled cases did not include an assertion of the Asserted Patents. (*Id*. at 2.) Lionra argues the "including without limitation any claim of infringement of Licensed Patents by any products" depends from the "related in any way to the Lawsuit" language and thus is cabined by it. (*Id*. at 3.) Lionra further argues that the release provision applies only to VMware customers and not customers of Affiliates. (*Id*. at 3-4) Lionra argues Broadcom is an affiliate of VMware under the agreement's definition of Affiliate and thus the language does not cover PAN as a customer of Broadcom. (*Id*.)

Fundamentally, the present issue is a dispute as to the breadth of "including without limitation any claim of infringement of Licensed Patents" in light of "related in any way to the Lawsuit." The Court finds that the first language cannot reach beyond the scope of the latter. First, the Court agrees that grammatically, "including without limitation any claim of infringement" only extends as far as "related in any way to the Lawsuit," since otherwise "including" would be given no meaning. Second, the Court finds that "related in any way to the Lawsuit" does not extend to the assertion of patents not raised in "the Lawsuit" against products not accused in "the Lawsuit." As PAN has made no showing that the claims asserted in this case have any relation to the Lawsuit, the Court cannot find Lionra has released the claims asserted in this case.[1]

---

[1] The court does not find that Lionra's contentions that PAN is not a VMware customer convincing. The settlement agreement expressly defines "VMware" to include Broadcom. (Dkt. No. 512-1 at 1.)

### IV. CONCLUSION

The Court recommends that the PAN's Motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 31st day of May, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE