IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., § § *Plaintiff*, § § v. § § FORTINET, INC., § § *Defendant*. § § § | Civil Action No. 2:22-cv-0322-JRG-RSP (Lead Case) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Fortinet, Inc.'s Motion for Partial Summary Judgment Regarding License, or in the Alternative, Non-Infringement. (Dkt. No. 261.) The Court entered a Report and Recommendation recommending the motion be granted. (Dkt. No. 479.) The parties requested clarification of the Report and Recommendation and were granted supplemental briefing on the issue. (Dkt. No. 498.)

After consideration of briefing on the motion, including the supplemental briefing, the Court recommends **GRANTING** Fortinet's original motion and **DENYING** Fortinet's additional requested relief.

### I.     APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not

1

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## II.  ANALYSIS

Fortinet requests clarification whether the finding that the accused products are "Combined Licensed Products and Services" under one theory of infringement extends to all of Lionra's infringement theories. (*See* Dkt. No. 529)

The heart of the dispute[1] is whether Lionra's allegation triggers the extension of the RPX license to the Accused Products in a way that cannot be taken back. Fortinet argues that finding the products are "Combined Licensed Products" means they are licensed under all infringement theories, not just the theory that triggered such a finding. (Dkt. 529 at 5-8.) Fortinet contends "[a] product … becomes licensed … as soon as Lionra alleges that it includes an Intel/AMD processor that satisfies a material claim element of 'any Patent.'" (*Id*. at 6.) Fortinet contends once triggered, this provision defines a product and Lionra cannot change this by a different

---

[1] Lionra also asks the Court to deny the additional request by Fortinet in its supplemental briefing and restrict Fortinet to only the relief that it requested in its initial summary judgment motion. (Dkt. No. 538 at 3-4.) As this dispute is one of contract interpretation, which is a matter of law not for the jury, the Court finds that this is not grounds to deny Fortinet's request for additional relief.

infringement allegation. (*Id*. at 7.) Fortinet contends this aligns with the Court's practice, citing *Oyster Optics, LLC v. Coriant Am. Inc.*, 2:16-cv-01302-JRG, Dkt. 864, 17 (E.D. Tex. Dec. 4, 2018) where this Court held a party "must be held to the consequence[s]" of its infringement allegations. (Dkt. 529 at 8.)

Lionra responds that the Accused Products are only "Combined Licensed Products" under the RPX license so long as Lionra alleges an Intel/AMD processor meets a limitation. (Dkt. No. 538 at 4-5.) Lionra contends that it has withdrawn this allegation and thus the Accused Products are no longer "Combined Licensed Products." (*Id*. at 5-6.) Lionra argues that the language of the license is present tense and thus only applies when Lionra is actively alleging an Intel/AMD processor meets a limitation. (*Id*.) Lionra further contends Fortinet's reliance on *Oyster Optics* is misplaced. (*Id*. at 7-9.) First, Lionra notes the allegations at issue in that case had been made in a prior lawsuit and never withdrawn. (*Id*.) Second, Lionra argues *Oyster Optics* does not stand for the notion that a plaintiff is bound by its prior infringement contentions. (*Id*. (citing *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 221CV00034JRGRSP, 2021 WL 8441751, at *3 (E.D. Tex. Dec. 10, 2021)).)

The Court agrees with Lionra's interpretation of the RPX License. The accused Fortinet products are only "Combined Licensed Products," as the Court previously found, while it "is alleged by Licensor or its Affiliates[,] one or more material elements or steps of a claim in any Patent" is satisfied by Intel/AMD processors. The language and purpose of the RPX License makes clear this provision is not meant to be, once triggered, permanent. Rather, as Lionra notes, the language is present tense, applying only so long as such allegations are made. This aligns with the clear purpose of the RPX License which is to license the Licensees, Intel and AMD, and their products. When those products are not implicated it would be illogical for the license to

3

offer protection.

Lionra is also correct as to *Oyster Optics*. That case does not stand for the notion that infringement contentions are irrevocable or that the application of a license cannot be affected by a change in the theory of infringement. Instead, the provision at issue was a "for further clarity" section providing "this definition of Licensed Products also does not prevent Oyster from exercising its patent rights in instances where its infringement allegations do include or refer to a Licensed Product, unless the only reasonable and intended use of the component comprising the Licensed Product is to practice the claim and the component substantially embodies the patented invention by embodying its essential features." *Oyster Optics, LLC v. Coriant Am. Inc.*, 2:16-cv-01302-JRG, Dkt. 864, 9 (E.D. Tex. Dec. 4, 2018). The allegations that Oyster was held to the consequences of was its allegations that a "Licensed Product" "substantially embodie[d] the patented invention by embodying its essential features." *See id*. at 12-17. In other words, the allegation that Oyster was being held to established a fact: whether a component substantially embodied the patented invention. Indeed, the Court previously clarified, "the Court in *Oyster Optics*, held that previous infringement contentions could be used as evidence when interpreting a licensing agreement." *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 221CV00034JRGRSP, 2021 WL 8441751, at *3 (E.D. Tex. Dec. 10, 2021).

As Lionra has withdrawn its infringement theory that the Accused Products infringe based on the incorporation of Intel/AMD processors, the Accused Products are no longer "Combined Licensed Products."

### III.  CONCLUSION

The Court recommends that Fortinet's additional requested relief be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by

4

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of June, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE