**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:22-cv-0322-JRG-RSP |
| v. | § | (Lead Case) |
| | § | |
| FORTINET, INC., | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Fortinet, Inc.'s Motion for Reconsideration of Report and Recommendation **(Dkt. No. 554).** Fortinet asks the Court to reverse a prior Report and Recommendation (Dkt. No. 542), which had recommended denying Defendant Fortinet, Inc.'s Motion for Partial Summary Judgment Regarding License, or in the Alternative, Non-Infringement be granted. The Court declines Fortinet's request to reverse the earlier recommendation.

Fortinet argues the Court never had the opportunity to address the impact of the use of "perpetual" and "irrevocable" regarding the definition of "Patent License" and elsewhere. Fortinet argues that such language overrides Lionra's present tense argument that the Court found persuasive.

Lionra counters that Fortinet should have and could have raised this argument previously and as such the motion to reconsider is procedurally improper. Substantively, Lionra argues that while the "Patent License" may itself be irrevocable, the definition of "Licensed Product and Service" does not include such language. Lionra contends that because it is only the overall "Patent License" that is irrevocable, not the particular definition at issue, it is improper to conclude that whether a product qualifies as a Licensed Product cannot change based on the

allegations of the lawsuit.

The Court agrees with Lionra. The definition of "Patent License" applies only when that language is invoked. While a customer's product becomes a "Licensed Product and Service" when a licensee's product is "alleged by Licensor" to satisfy an element, the agreement includes no language that might suggest that such an allegation is irrevocable. The Court finds it is not. As such, IT IS RECOMMENDED that the Motion for Reconsideration (Dkt. No. 554) be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 24th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

2