IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 2:22-cv-00322-JRG-RSP |
| § | (LEAD CASE) |
| FORTINET, INC., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM ORDER**

Before the Court is Lionra's Motion to Strike Portions of Dr. Kevin C. Almeroth's expert Reports (Dkt. No. 281). After consideration, the Court **DENIES** the motion as provided below.[1]

### I.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

---

[1] Fortinet withdrew the complained of opinions regarding NetScreen. Thus, the Court **DENIES** Lionra's requested relief as moot. As to the complained of *Alice* Step 1 testimony, the Court has addressed the parties' §101 arguments at Dkt. No. 480. As such this requested relief is also **DENIED** as moot.

1

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

II. ANALYSIS

    A. NON-INFRINGING OPINIONS

Lionra contends Dr. Almeroth's non-infringement opinions contradict the Court's claim

construction order and the claims themselves. In particular, Lionra complains of Dr. Almeroth's opinions that address there being no physical coupling between claimed components. Lionra contends the Court's claim construction order provides that physical coupling is not required. Lionra supports this by pointing to Fig. 3 of the patents as well as the claim language referencing the flow of packets.

Fortinet responds that the Court's claim construction actually provides the term "coupled" does "not necessarily refer to physical relationships but rather can be understood as also encompassing processing relationships and communication relationships." Fortinet argues infringement can be shown by physical coupling or a logical coupling so it is entirely appropriate for Dr. Almeroth to opine that Fortinet does not infringe under a physically coupled theory.

The Court agrees with Fortinet. Showing the claimed components are physically coupled is one means of showing the coupled limitation is met, as such, to the extent it is relevant, Dr. Almeroth is permitted to opine that the accused products do not physically couple the claimed elements.

### B.  CISCO CATALYST 6500

Lionra also requests that the Court strike much of Dr. Almeroth's opinion that Cisco Catalyst 6500 invalidates the asserted patents. Lionra contends several of the documents Dr. Almeroth relies upon significantly post-date the priority date, some by greater than 10 years. Lionra contends that is improper.

Fortinet contends that Dr. Almeroth's opinions are not exclusively supported by the post-dating documents. Rather, Fortinet argues Dr. Alemroth relies on competent testimony confirmed by these post-dated documents describing the asserted prior art system as it was before the priority date.

The Court agrees with Fortinet. Lionra has conflated sufficiency with admissibility. *See*

*United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-cv-00319-JRG-RSP, 2022 U.S. Dist. LEXIS 78442, at *14 (E.D. Tex. Apr. 29, 2022). Dr. Almeroth's opinions as to what features Cisco Catalyst 6500 had, are supported by the testimony of Cisco employees. While Dr. Almeroth points to documents that post-date the priority date to confirm this testimony, Lionra's concern goes to the sufficiency of Dr. Almeroth's evidentiary support for invalidity not the admissibility of his opinions.

### III.     CONCLUSION

The Court **DENIES** Lionra's motion to strike as provided above.

**SIGNED this 4th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE