IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-00322-JRG-RSP |
| | § | (LEAD CASE) |
| FORTINET, INC., | § § | |
| *Defendant*. | § § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion to Strike Ms. Salters' Supplemental Report (Dkt. No. 575) and Fortinet's Motion to Strike the Second Supplemental Report of Mr. Bergman (Dkt. No. 576). After consideration, the Court **GRANTS** the motions as provided below.

### I. BACKGROUND

Both parties served supplemental damages expert reports and now both parties oppose those supplemental reports. Fortinet's supplemental report seeks to address the settlement agreement entered into by Lionra with co-defendant Cisco late in this case. Lionra's supplemental report seeks to remove some of the non-infringing alternatives Mr. Bergman initially relied upon and increases Mr. Bergman's damages calculation by about 5%.

### II. APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

1

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme

Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.   ANALYSIS

Both supplemental reports were submitted after the close of expert discovery without leave of the Court. Such a late submission may be accepted when there is good cause for the late submission.

First, the Court examines the reason for delay. The Court finds Fortinet was reasonably diligent but that Lionra was not. Ms. Salter's original report could not have included the Cisco Settlement agreement as it was not entered into until well after the close of expert discovery. In contrast, Lionra seeks to reduce confusion that existed in Mr. Bergman's original report when it was served without an explanation for why it delayed so long.

Second, the Court examines importance. Fortinet argues the importance of introducing the Cisco Settlement Agreement is to evidence the impact on the hypothetical negotiation of the RPX License. The Court previously found the RPX License impacted several of Lionra's infringement theories. Lionra argues the importance of Mr. Bergman's supplemental report is to reduce jury confusion from his inclusion of accused devices in his non-infringing alternative analysis. The Court finds both parties have shown some but not a significant amount of importance in these reports. While Fortinet is correct that understanding the full contours of the hypothetical negotiation are important, the Cisco Settlement agreement only helps to explain one consideration of the hypothetical negotiation. Likewise, while clarity is important, Lionra preserves its non-infringing alternative argument either way.

Third, the Court finds both parties would be prejudiced by allowing these supplemental

reports. The introduction of the Cisco Settlement Agreement threatens to introduce unfairly prejudicial material regarding the litigation of this case as well as settlement discussions generally protected from discovery. Additionally, the last minute nature of the settlement leaves insufficient time for Lionra to test those opinions through depositions and otherwise. Lionra's supplemental report is likewise prejudicial. Such a late change that increases the damages demand materially impacts Fortinet's trial preparations.

Weighing the factors together, the Court finds neither party has good cause for its late report. While Fortinet has demonstrated reasonable diligence there is little importance to outweigh the prejudice presented. Likewise, Lionra has demonstrated no diligence upon which it can show importance outweighs prejudice.

## IV.    CONCLUSION

The Court **GRANTS** both motions to strike as provided above.

**SIGNED this 9th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE