**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LIONRA TECHNOLOGIES LTD.,

v.

FORTINET, INC.,

Case No.  2:22-cv-00322-JRG-RSP

(Lead Case)

**JURY TRIAL DEMANDED**

**PLAINTIFF'S RESPONSE TO OBJECTIONS TO RECOMMENDED RULING
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT (DKT. 598)**

Plaintiff Lionra Technologies Ltd. ("Lionra") respectfully submits this response to Defendant Fortinet, Inc.'s ("Fortinet") objections to the July 24, 2024 Report and Recommendation denying Fortinet, Inc.'s Motion for Summary Judgment of Non-Infringement (Dkt. No. 579, the "Recommendation").  Dkt. No. 598 (the "Objections").  Fortinet's Objections recycle the arguments from the summary judgment briefing, but requests that the Court reach a contrary result.  That is not a basis for overruling the Recommendation.  Fortinet's objections fail for the reasons argued in Lionra's briefs (Dkt. Nos. 294, 367) and that are ultimately reflected in the Recommendation. The Court should overrule Fortinet's Objections and adopt the Recommendation in its entirety.

First, Fortinet claims that the Recommendation somehow addresses the wrong claim limitation.  Objections at 3.  Yet, the Recommendation makes clear it is analyzing Fortinet's construction of the "coupled between" limitation.  Recommendation at 4.

 Fortinet also re-argues that the prosecution history somehow compels a different result— an issue that was also already argued in the briefing.  *See, e.g.*, Dkt. No. 327 at 4-5; Dkt. No. 367 at 3 n.1.

Finally, Fortinet maintains that the Recommendation "compares an accused product (i.e., the alleged packet flow in Fortinet's accused products) with Figure 3."  Objections at 4.  It is unclear what Fortinet is referring to—Fortinet does not quote or otherwise cite to any portions of the Recommendation for its argument.  The Recommendation considers Figure 3 and its corresponding disclosures in assessing the bounds of the relevant claim limitation.  There is nothing improper about the Recommendation's analysis and Fortinet's Objections should be overruled.

1

Dated: August 21, 2024

Respectfully submitted,

By: /s/ Brett Cooper
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

Andrea L. Fair (TX Bar No. 24078488)
Garrett Parish (TX Bar No. 24125824)
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
andrea@wsfirm.com
gparish@wsfirm.com

Glen E. Summers (CO Bar No. 30635)
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
glen.summers@bartlitbeck.com

Mark Levine (IL Bar No. 6276086)
Luke Beasley (IL Bar No. 6334359)
**BARTLIT BECK LLP**
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
mark.levine@bartlitbeck.com
luke.beasley@bartlitbeck.com

***Attorneys for Plaintiff Lionra Technologies Limited***

2

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

*/s/ Brett Cooper*
Brett Cooper