IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FORTINET, INC.<br><br>　　　　　　Defendant. | Case No. 2:22-cv-00322-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

### FORTINET, INC.'S MOTION TO CONTINUE TRIAL DATE

Defendant Fortinet, Inc. ("Fortinet") hereby files this motion to continue the September 6 trial, in view of the pre-existing scheduling conflicts the week of September 9 for Fortinet's only technical expert (Dr. Kevin Almeroth) and for Fortinet's corporate representative (Jaime Romero), who Fortinet intends to call as its first witness in its case-in-chief.

Background.  On August 23, 2024, the Court notified the parties that this case is re-set for the September 6, 2024 trial setting.  The Court granted a previous motion for continuance based on an expert scheduling conflict, when Fortinet filed a motion to continue the July 8 setting due to a conflict for Dr. Almeroth with a pre-existing trial (which case did go to trial on those dates). Dkt. No. 551.  Fortinet was prepared to go to trial at the most recent setting (for August 16) and took a trial deposition of one its fact witnesses (Lin Huang), who was unavailable during that setting.

Dr. Almeroth's Conflict with the September 6 Trial Date.  Dr. Almeroth is Fortinet's only technical expert.  He will testify for Fortinet both on non-infringement and invalidity.  He is also a testifying expert in *International Business Machines Corp. v. Zynga, Inc.*, C.A. No. 1:22-cv-00590-GBW, which is a patent case set for trial in Delaware before Judge Gregory Williams,

starting on September 9, 2024, and running through September 13, 2024. *See* Almeroth Decl. at ¶ 5. That trial date has been set for over a year, since February 23, 2023. *International Business Machines Corp. v. Zynga, Inc.*, C.A. No. 1:22-cv-00590-GBW, Amended Scheduling Order, Dkt. No. 89 at ¶ 22 (D. Del.); Almeroth Decl. at ¶ 7.[1] In the September 9 Delaware trial, Dr. Almeroth will testify as a rebuttal expert on the issue of non-infringement (and other related issues) on behalf of the Defendant, Zynga. Dr. Almeroth is expected to testify starting either on September 11 or September 12. *Id.* at ¶ 6. Given that Dr. Almeroth is Zynga's rebuttal expert, he will be in attendance from the start of the trial on September 9, and the precise time he will be taking the stand is unknown at this point.

Jamie Romero's Conflict. The Fortinet fact witnesses who will serve as Fortinet's corporate representative, Jaime Romero, also has a scheduling conflict for the September 6 setting. On July 12, 2024 (at which time the trial was set for August 16, 2024), Mr. Romero booked a family vacation from September 7 through September 14. Romero Decl. at ¶ 5. On the trip, Mr. Romero will attend the first half marathon that his daughter (a freshman at Montana State University) will run, and then will travel on to New York City to meet other family members, where they will celebrate both his birthday and his father's upcoming 90th birthday. *Id.* at ¶ 6.

Argument. Fortinet submits that Dr. Almeroth is essential to Fortinet's defense in this matter, and that his absence from trial would unduly and irreparably prejudice Fortinet. As Fortinet represented in it motion to continue the July 8 trial date in view of a similar conflict of Dr.

---

[1] Based on this scheduling conflict, Fortinet's motion regarding the July 8 trial date indicated Dr. Almeroth's then-upcoming conflict-free period ended on September 6. Dkt. No. 551 at 2 ("Fortinet has confirmed that Dr. Almeroth does not have any pre-existing conflicts from July 22, 2024 through September 6, 2024.").

Almeroth, his status as a rebuttal expert on the issue of infringement means that his testimony (unlike many fact witnesses) cannot be fairly preserved and presented via a trial deposition taken in advance of trial. This is because the substance of his testimony will depend in many ways on the precise infringement testimony presented by Lionra (in other words, Dr. Almeroth's testimony will depend on the particular selection of evidence and theories from the hundreds of pages of available material in Lionra's expert report on infringement). Moreover, Dr. Almeroth is also a rebuttal expert in his Delaware trial, and will be present to observe the plaintiff's case-in-chief during that trial as well (which likely will occur at the same time as the infringement testimony in this case), after which he will present his rebuttal opinions in that case.

In an effort to ameliorate this prejudice when the case was set for July 8, Fortinet proposed to Lionra that both sides present their infringement experts by video deposition taken before trial. Specifically, Fortinet proposed that (i) Lionra's infringement expert's trial deposition would be taken one day, with the parties conducting cross-examination, re-direct(s) and re-cross(es) as part of that trial deposition, and then (ii) Dr. Almeroth's trial deposition would be the next day using the same logistics. That way, the parties' infringement expert testimony would be given in the same sequence as if the experts were testifying at trial (with Lionra's infringement expert being deposed first, followed by Fortinet's rebuttal expert on non-infringement). This would also level the playing field with respect to the presentation of experts via pre-recorded video. Lionra refused, and then the Court granted Fortinet's motion to continue. Dkt. No. 563. In the meet-and-confer on this motion, Fortinet made the same offer, and Lionra again refused. Given that Dr. Almeroth's pre-existing conflict here (as with the July 8 setting) is unavoidable and was not the result of any blameworthy action by Fortinet or Dr. Almeroth, Fortinet submits that it would be unduly

prejudicial for only its expert to be presented by video, when it is purely the result of the happenstance that he had a pre-existing trial scheduled.

Moreover, the prejudice from having to present Dr. Almeroth by video would be exacerbated by also presenting Mr. Romero by trial deposition, and not having a fact witness at counsel's table. Consistent with its representations in the July 8 motion, Fortinet previously preserved the testimony of its primary technical fact witness, Lin Huang, in order to avoid moving to the Court continue the August 16 setting. Mr. Huang, however, was not rebutting previous trial testimony (unlike Dr. Almeroth) and he will not be Fortinet's corporate representative (unlike Mr. Romero).

<u>Conclusion</u>. Fortinet respectfully requests that the September 6 trial setting be continued. Alternatively, should the Court decline to continue the September 6 trial setting, Fortinet requests that the Court (i) direct Lionra to present its infringement expert entirely via pre-recorded trial deposition, to be recorded at a time before trial that also permits for a responsive trial deposition to be taken of Dr. Almeroth before trial, and (ii) grant Fortinet leave to take a trial deposition of Mr. Romero, using the same protocol used for Mr. Huang.

The parties have conferred, and Lionra opposes Fortinet's request.

A proposed Order is attached hereto.

Dated: August 27, 2024

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet

4

        mcgaudet@duanemorris.com
        David C. Dotson
        dcdotson@duanemorris.com
        John R. Gibson
        jrgibson@duanemorris.com
        Alice E. Snedeker
        aesnedeker@duanemorris.com
        Daniel Mitchell
        dmitchell@duanemorris.com
        **DUANE MORRIS LLP**
        1075 Peachtree Street, N.E., Suite 1700
        Atlanta, Georgia 30309-3929
        Telephone: 404.253.6900
        Facsimile: 404.253.6901

        Brianna M. Vinci
        bvinci@duanemorris.com
        **DUANE MORRIS LLP**
        30 S. 17th Street
        Philadelphia, PA 19103
        Telephone: 215.979.1198
        Facsimile: 215.754.4983

        *Counsel for Defendant Fortinet, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the Parties met and conferred to discuss the substantive issues addressed in this Motion pursuant to Local Rule CV-7(h).  Plaintiff opposes this request.

                */s/ Melissa R. Smith*

DM2\20042703.2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 27, 2024.

*/s/ Melissa R. Smith*